UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| MAJED KHALIL, | ) | |
| | ) | Case No. 21-cv-10248-LLS |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| FOX CORPORATION, FOX NEWS | ) | |
| NETWORK LLC. LOU DOBBS, and | ) | |
| SIDNEY POWELL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

## **DEFENDANT SIDNEY POWELL'S REPLY MEMORADUM IN SUPPORT OF HER MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION ............................................................................. 1

ARGUMENT ................................................................................... 3

    I.THIS COURT LACKS PERSONAL JURISDICTION OVER MS. POWELL ....... 3

    II.PLAINTIFF HAS FAILED TO CLEAR THE HURDLE FOR OBTAINING JURISDICTIONAL DISCOVERY .......................................... 7

    III.THE OPPOSITION FAILS TO REFUTE THAT THE COMPLAINT SHOULD BE DISMISSED UNDER NEW YORK'S ANTI-SLAPP LAW........................... 9

    IV.PLAINTIFF'S WISHLIST OF SEVERANCE AND TRANSFER CANNOT BE GRANTED ................................................................. 13

      A.  There is No Basis to Sever and Transfer ............................................. 13

CONCLUSION.................................................................................. 16

## <u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*Abbott v. Harris Publ'ns, Inc.*, No. 97 Civ.,
   7648 (JSM), 2000 WL 913953 (S.D.N.Y. July 7, 2000) ........................................................ 9

*American BankNote Corp. v Daniele*,
   45 A.D.3d 338 ..................................................................................................................... 8

*Assaf v. Port Auth. Of N.Y.*,
   2021 U.S. Dist. LEXIS 110807 at * 14-15 (S.D.N.Y. June 14, 2021)..................................... 13

*Assets Recovery 23, LLC v. Gasper*,
   2017 U.S. Dist. LEXIS 117224 at *8 (E.D.N.Y. 2017) ........................................................... 13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................................................................. 12

*Best Van Lines, Inc. v Walker*,
   490 F3d 239 ..................................................................................................................... 2, 5

*Carroll v. Trump*,
   2022 U.S. Dist. Lexis 43512 (S.D.N.Y March 11, 2022) ....................................................... 12

*Coleman v. Grand*,
   523 F.Supp.3d 244 (E.D.N.Y. 2021)..................................................................................... 10

*Deskovic v. City of Peekskill*,
   673 F. Supp. 2d 154 (S.D.N.Y. 2009).................................................................................... 13

*Erausquin v. Notz, Stucki Mgmt. (Berm.)*,
   806 F. Supp. 2d 712 (S.D.N.Y. 2011) ................................................................................... 14

*Goldfarb v. Channel One Russ.*,
   442 F. Supp. 3d 649 (S.D.N.Y. 2020).................................................................................... 8

*Jota v. Texaco, Inc.*,
   157 F.3d 153 (2d Cir. 1998)................................................................................................... 14

*Krisko v. Marvel Ent., LLC*,
   473 F. Supp. 3d 288 (S.D.N.Y. 2020)............................................................................. 13, 15

*Lindberg v. Dow Jones & Co., Inc.*,
   No. 20 Civ. 8231 (LAK), 2021 WL 3605621 (S.D.N.Y. Aug. 11, 2021)................................ 9

*M. Shanken Communs., Inc. v Variant Events, LLC*,
   2010 US Dist LEXIS 108923, at 15 (SDNY 2010) ................................................................ 6

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
   599 F3.d 102 (2d Cir. 2010).................................................................................................. 14

*N.Y. Times Co., v. Sullivan*,
   376 U.S.................................................................................................................................. 10

*Royalty Network v Dishant.com*,
   638 F. Supp. 2d 410 .............................................................................................................. 8

*Ruderstal v. Harris*,
   2020 WL 5836517 (S.D.N.Y. Sept. 30, 2020) ...................................................................... 14

*Rushaid v Pictet & Cie*,
   28 NY3d 316 ................................................................................................................... 2, 4

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,
   450 F.3d 100 (2d Cir. 2006).................................................................................................. 8

*Spar, Inc. v. Information Resources, Inc.*,
   956 F.2d 392 (2d Cir. 1992) ........................................................................ 14, 15
*SPCA of Upstate*,
   *N.Y., Inc.*, 18 NY3d 400 ........................................................................ 2, 5, 7
*Sweigert v. Goodman*,
   No. 18 Civ. 8653 (VEC) (SDA), 2021 WL 1578097 (S.D.N.Y. Apr. 22, 2021) ...................... 9
*Symmetra Pty Ltd. v Human Facets, LLC*,
   2013 U.S. Dist. LEXIS 83428, 2013 WL 2896876 .............................................. 2
*Talbot v Johnson Newspaper Corp.*,
   71 NY2d 827 (1988) ................................................................................ 5
*Trachtenberg v Failedmessiah.com*,
   43 F Supp. 3d 198 (EDNY 2014) .................................................................. 4
*Wave Studio, LLC v. General Hotel Mgmt.*,
   2017 U.S. Dist. LEXIS 34797 at * 27 (S.D.N.Y. March 10, 2017) ............................... 13
*Wohlbach v. Ziady*,
   2018 U.S. Dist. LEXIS 126190 at *11 (S.D.N.Y. July 27, 2018) ............................... 15

Statutes

*Civ. Rights Law* 76-a (2) ........................................................................... 10
*N.Y. Civ. Rights Law § 76-a(1)(d)* ................................................................. 9
§76-a (1) (a) (1) ................................................................................... 11

Rules

CPLR 302(a)(1) ............................................................................... passim
CPLR 302[a][1] ..................................................................................... 5
Fed. Rule Civ. P. 21, (ii) ......................................................................... 13
Federal Rules of Civil Procedure 12 and 56 ........................................................ 12
Rule 21 ........................................................................................... 13

## INTRODUCTION

This defamation lawsuit arises out of statements defendant Sidney Powell made remotely during a single broadcast of the *Lou Dobbs Tonight* show on December 10, 2020 [ECF 1-1 ¶¶ 89-95].   Plaintiff Majed Khalil alleges the statements defamed him because they tied him to Smartmatic, an election technology and software company accused of assisting former Venezuelan president Hugo Chavez of unfairly winning elections.  *Id*.   This Court has no personal jurisdiction over Ms. Powell because Ms. Powell's alleged activities (1) did not occur in New York and (2) were in no manner specifically and purposefully directed and targeted toward the residents of New York.  Moreover, Ms. Powell's comments on the Dobbs broadcast were protected political speech – not a commercial business-related activity.

There is no allegation in Khalil's Complaint, nor could there be, that Ms. Powell's statements were made in New York or specifically directed toward New Yorkers. Indeed, in his Complaint, Khalil concedes that the *Lou Dobbs Tonight* program reached millions of viewers across the country.  *Id.* ¶¶ 10-11, 24. Nor does or could plaintiff refute Ms. Powell's declaration confirming she is a Texas lawyer who resides in Texas, owns no real property in New York, and conducts no business here.  [ECF 29].

Critically, the issues of personal jurisdiction over Ms. Powell arising from the substantially similar jurisdictional facts were decided in favor of dismissal of Ms. Powell several weeks ago, in the related *Smartmatic* case (New York County Index No.151136/2021). On March 8, the Hon. David B. Cohen, J.S.C. granted Ms. Powell's motion to dismiss (the "Smartmatic Decision"). *See* Exhibit A. Citing long-standing and well-established New York law, Justice Cohen concluded that New York did not have personal jurisdiction over Ms. Powell. The *Smartmatic* court observed the

settled rule that New York courts assess personal jurisdiction differently in defamation cases than in other types of litigation.

Long-arm jurisdiction in defamation actions is governed by CPLR 302(a)(1), which provides that a court may exercise personal jurisdiction over a non-domiciliary who "transacts any business within the state" so long as the claim arises from the transactions. *See Rushaid v Pictet & Cie*, 28 NY3d 316, 323 2016. "New York Courts construe 'transacts any business within the state' more narrowly in defamation cases than they do in the context of other sorts of litigation." *SPCA of Upstate N.Y., Inc.*, 18 NY3d 400, 405; *Best Van Lines, Inc. v Walker*, 490 F3d 239, 248 2d Cir 2007.  The Court of Appeals has held that "care must be taken to make certain that non-domiciliaries are not haled into court in a manner that potentially chills free speech." *SPCA of Upstate N.Y., Inc.*, 18 NY3d at 406. Thus, a plaintiff seeking to invoke jurisdiction under this provision must show that the out-of-state defendant engaged in purposeful activities in New York that would justify bringing it before New York courts and that there is a "substantial relationship" between the in-state activities and the defamation. *Id.* at 404. Additionally, "jurisdiction over a claim for defamation will lie [under CPLR 302(a)(1)] only if the plaintiff shows that: (1) the defamatory utterance was purposefully directed at New York, as opposed to reaching New York fortuitously; and (2) the defendant transacted other business in New York that was directly connected to the claim asserted." *Symmetra Pty Ltd. v Human Facets, LLC*, 2013 U.S. Dist. LEXIS 83428, 2013 WL 2896876 at *9 S.D.N.Y. 2013. Justice Cohen went on to refute every point plaintiff argues in support of alleged jurisdiction.  Hiss analysis and decision is equally applicable to the present case.  Therefore, the court should grant Ms. Powell's motion  to dismiss the Complaint against her.  This Court has no  basis to exercise long-arm jurisdiction over Ms. Powell. Accordingly, all Plaintiff's remaining arguments  are  moot.

**ARGUMENT**

**I.     THIS COURT LACKS PERSONAL JURISDICTION OVER MS. POWELL**

Plaintiff's opposition obscures the single-most crucial issue pertaining to Ms. Powell's instant motion to dismiss - it fails entirely to contravene Ms. Powell's demonstration that she lacked necessary contacts with New York to permit this court to exercise personal jurisdiction over her.   Plaintiff's defamation claim against Powell arises out of a single, December 10, 2020 interview given by Ms. Powell on the FOX channel's Lou Dobbs Tonight show. It is uncontroverted that FOX broadcasts this program nationally, as opposed to just locally in New York, and that the show is not specifically geared toward a New York audience. It is also uncontroverted that Ms. Powell did not make the allegedly defamatory remarks while in the FOX studios in Manhattan; instead, made them from a hotel room outside of New York. Khalil's silence to these salient points is deafening.  It speaks volumes about Ms. Powell's lack of any meaningful contact to the State of New York and the absence of any purposeful conduct by Ms. Powell specifically directed toward the residents of this State.

Accordingly, Ms. Powell's Reply redirects this Court's attention to the salient issue. Unless and until the court rules on the threshold procedural issue of whether Ms. Powell is subject to this court's long-arm jurisdiction, the numerous arguments plaintiff makes  over the first 41 pages are immaterial and inconsequential.  That plaintiff fails to address the issue at all until page 42 suggests that plaintiff himself is unconvinced that personal jurisdiction over Ms. Powell exists. Put simply, his brief avoids the issue rather than confront it. In fact, according to plaintiff, the "factors" he relies upon only "tend" (Opposition, page 43) to support an exercise of jurisdiction over Ms. Powell rather than allow it or demand it. Should the court rule that Ms. Powell is not subject to jurisdiction in New York, as it already has done in the related *Smartmatic* lawsuit,

dismissal of the Complaint, rather than consideration of the mass of the plaintiff's Opposition brief, is required.

Ms. Powell's alleged comments were made neither in New York nor directed to residents in New York. Rather, they were directed toward anyone and everyone, wherever they were in the United States and indeed, around the world.  The minimal and attenuated connection that her alleged activities may have to New York is insufficient to support a finding that she "transacted business in New York" within the meaning of New York's long-arm statute.  Consequently, haling her into Court here would violate her Constitutional right to Due Process.  It is that simple, notwithstanding plaintiff's attempt to convolute the issue by advancing his substantive claims before ever addressing this crucial threshold issue.

As aptly noted by Justice Cohen in his March 8, 2022 Order and Decision pertaining to the *Smartmatic* case (New York County Index No. 151136/2021, ECF Docket No.: 861), CPLR 302(a)(1) governs long-arm jurisdiction in defamation actions.  It provides that a court may exercise personal jurisdiction over a non-domiciliary who "transacts any business within the state" **so long as the claim arises from the transactions** (emphasis added, citing *Rushaid v Pictet & Cie*, 28 NY3d 316, 323 [2016]).  Our courts construe the term "transacts any business within the state'" more narrowly and circumspectly in defamation cases than in other contexts.  Indeed, and as Justice Cohen acknowledged, "jurisdiction over a claim for defamation will lie under CPLR 302(a)(1) only if the plaintiff shows that:

(1) **the defamatory utterance was purposefully directed at New York**, as opposed to reaching New York fortuitously; **and**

(2) the defendant **transacted other business in New York that was directly connected to the claim asserted." ** (Emphasis added, and citing, inter alia, *Trachtenberg v Failedmessiah.com*, 43

F Supp. 3d 198, 202 (EDNY 2014) [noting that New York courts have only found "transaction of business  in New York" in satisfaction of CPLR 302(a)(1) "when the (defamatory) content in question was based on research physically conducted in New York"], *Talbot v Johnson Newspaper Corp.*, 71 NY2d 827, 829 (1988)[no jurisdiction over individual who participated, from California, in phone interview on a New York-based program], *Best Van Lines, Inc*., 490 F3d at 249 (jurisdiction pursuant to CPLR 302[a][1] may exist in cases where the defendants' out-of-state conduct involved defamatory statements projected into New York **and targeting New Yorkers**).

These two requirements are separate and discrete, and both must be satisfied for long arm jurisdiction to be exercised, so that non-domiciliaries such as Ms. Powell will not be haled into a New York Court in a manner that potentially chills free speech, in violation of their Constitutional Rights.  (*SPCA of Upstate N.Y., Inc. Am. Working Collie Ass'n* , 18 N.Y.3d 400, 406 (2012)

In light of the heavy burden of establishing personal long-arm jurisdiction in a defamation case, and noting that FOX News broadcasts its programs across the country, Justice Cohen in the *Smartmatic* case flatly rejected plaintiff's claim that Powell's allegedly defamatory utterance could be deemed to be targeted specifically at New York State to New Yorkers.

Next, regarding Ms. Powell's alleged solicitation of contributions from, and sales of merchandise to, New Yorkers on her website, which can be accessed by anyone, anywhere in the world, Justice Cohen noted that by engaging in this type of transaction as well, Ms. Powell was not in any manner purposefully targeting New Yorkers, and that in any event, plaintiffs do not even allege that Ms. Powell defamed Smartmatic on the DTR website. Rather, they allege Ms. Powell used her appearances on the FOX network, during which she defamed plaintiff, to promote the DTR website.  Thus, according to Justice Cohen, since the plaintiff's claims of defamation

necessarily did not arise out of her internet activities, she could not be subject to long-arm jurisdiction in New York because of those activities.

Justice Cohen further noted in accordance with well-settled law that in any event, for solicitation in New York by a non-domiciliary to constitute a "transaction of business" for the purposes of CPLR 302(a)(1), it must be accompanied by business transactions **occurring in New York, or by sufficient permanence and continuity in New York,** and that Powell's activities lacked each of these crucial elements necessary to support long-arm jurisdiction.[1]

Furthermore, with regard to plaintiff's final argument in support of long arm jurisdiction, i.e., that Powell intentionally took advantage of New York's unique resources to disseminate her allegedly defamatory statements, Justice Cohen appropriately concluded in his *Smartmatic* decision, based upon controlling caselaw, that she actually did no such thing. Rather, Justice Cohen duly noted that Powell's appearances on Fox News were not specifically related to New York's unique resources in the entertainment industry since they did not occur while she was in the State of New York. Indeed, he remarked that Ms. Powell's statements about the plaintiff could have been broadcast on any network, anywhere at all. In other words, she could have made the same remarks in any one of numerous other venues and the fact that they were broadcast from New York did not somehow make them more impactful, compelling, or persuasive.

In short, plaintiff's Opposition re-asserts the same arguments in support of long-arm jurisdiction that Justice Cohen soundly rejected in *Smartmatic*. As Justice Cohen wisely concluded, New York's long-arm statute permits the court to stretch its arms only so far, and its reach is directly correlated to a defendant's contacts with and within the State. Here, the facts concerning Ms. Powell's connections to New York state reflect that they are tenuous at best, that they are not

---

[11] Citing *M. Shanken Communs., Inc. v Variant Events, LLC*, 2010 US Dist LEXIS 108923, at 15 (SDNY 2010).

targeted directly and specifically at New Yorkers, that they are not sufficiently permanent and continuing and that hence, they do not constitute the transaction of business sufficient to permit the court to Constitutionally stretch its arms long enough to embrace Ms. Powell at her home or office in Texas, at a hotel in Washington, DC, or for that matter, anywhere else outside of the State of New York. The burden is on plaintiff to demonstrate *prima facie* personal jurisdiction over Ms. Powell. He fails that burden. None of the "factors" relied upon in his brief, even cumulated, supports this court's exercise of long-arm jurisdiction over Ms. Powell. The court should therefore in all respects grant her motion to dismiss the Complaint on the ground that the court lacks personal jurisdiction over her.

## II.   PLAINTIFF HAS FAILED TO CLEAR THE HURDLE FOR OBTAINING JURISDICTIONAL DISCOVERY

As demonstrated above, and as Justice Cohen properly concluded, Ms. Powell has no substantial connection to the State of New York. Stated differently, plaintiff has made absolutely no showing that Ms. Powell, incontrovertibly an out-of-state defendant, engaged in purposeful activities in New York, directed toward the state and its citizens, and further, that there is a "substantial relationship", or even an arguable nexus between her alleged in-state activities and the alleged defamation. This reality makes dismissal both warranted and necessary. *See SPCA of Upstate New York, Inc. v. American Working Collie Ass'n*, 18 N.Y.3d 400 (2012) (where there was no showing of substantial purposeful activities in New York, or a substantial relationship between those activities and the defendant's alleged defamatory statements, the defendants' connection to New York was "too tangential to support the exercise of personal jurisdiction over defendants.").

Having failed to make a sufficient demonstration that there may be some "starting point" upon which sufficient indicia of personal jurisdiction may exist, jurisdictional discovery is impermissible. Indeed, the court has the discretion to grant jurisdictional discovery *only* where a

plaintiff, in the first instance, makes a "sufficient start" by demonstrating that there is some basis

for long-arm jurisdiction over the defendant. *Royalty Network v Dishant.com*, 638 F. Supp. 2d 410,

425 S.D.N.Y. 2009; *American BankNote Corp. v Daniele,* 45 A.D.3d 338, 340 [N.Y. Ct. App. 1st

Dep't 2007. No such start has been made here.

While plaintiff openly speculates that Ms. Powell "orchestrated her appearances on Fox"

or was paid for her appearances." (Opp. Brief at 40.)  Even if true (which they are not), this type

of activity would not satisfy the "sufficient start" threshold for allowing jurisdictional discovery

because the fact remains that neither her allegedly defamatory statements – nor her appearance on

the Dobbs show - were purposefully directed to the State of New York.

And as for Powell's alleged fundraising activities, no discovery is warranted there, either.

They are not relevant to the jurisdictional inquiry. As  Justice Cohen pointed out in his *Smartmati*c

decision, plaintiff's claims do not arise from any such solicitation. Rathe( they arise solely and

exclusively from her single, remote appearance on the Lou Dobbs Tonight show. *See* Exhibit A at

50; *see also Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC,* 450 F.3d 100, 103 (2d Cir.

2006) (there are two requirements for personal jurisdiction under § 302(a)(1): the defendant must

have transacted business within the state, and the claim asserted **must arise from that business**

**activity**).[2]

Finally, plaintiff's claim that Justice Cohen only denied jurisdictional discovery because

Smartmatic had a separate action pending in the District of Columbia is speculative and unfounded.

---

[2] Plaintiff cites *Goldfarb v. Channel One Russ.* 442 F. Supp. 3d 649 (S.D.N.Y. 2020) for the proposition that jurisdictional discovery is appropriate. *See* Opp. Mem. at 40-41. But *Goldfarb* is critically distinguishable. Here, Ms. Powell's only alleged contacts with New York are her appearances – remotely – on the Fox news channel, and alleged fundraising. In *Goldfarb,* on the other hand, the defendant challenging personal jurisdiction not only transacted business in New York through distribution contracts with New York cable and satellite television operators and hotels targeting New York residents, it also was alleged to have both a television studio and correspondent physically in New York. *Id.* at 664. Even those allegations were not enough to establish personal jurisdiction, but they did persuade the court to exercise its discretion to permit jurisdictional discovery. *Id.* Ms. Powell herein has no such concrete and permanent contacts in New York.

Nothing in his decision suggests anything other than his denial of jurisdictional discovery was based exclusively upon the shortcomings of Smartmatic's pleadings: "Since, as discussed in detail in the previous section, plaintiffs fail to establish any indicia of Powell's transaction of business in this state, they are not entitled to jurisdictional discovery from her."  As plaintiff has similarly failed in the instant action to establish any indicia of Powell's transaction of business in this state sufficient to implicate CPLR 302(a)(1), he is not entitled to jurisdictional discovery from Powell, and the court should deny that prong of his motion.

### III.   THE OPPOSITION FAILS TO REFUTE THAT THE COMPLAINT SHOULD BE DISMISSED UNDER NEW YORK'S ANTI-SLAPP LAW

Even assuming there were a sufficient basis for this Court to exercise personal jurisdiction over Ms. Powell, the Complaint insofar as it is asserted against her must nevertheless be dismissed because it violates New York's Anti-SLAPP laws that are intended to protect freedom of speech concerning matters of public interest. *Pl. Mem.* at 9-13.  The term "public interest" is "construed broadly, and shall mean any subject other than a purely private matter." *N.Y. Civ. Rights Law § 76-a(1)(d); see Lindberg v. Dow Jones & Co., Inc.*, No. 20 Civ. 8231 (LAK), 2021 WL 3605621, at *7 (S.D.N.Y. Aug. 11, 2021); *Sweigert v. Goodman*, No. 18 Civ. 8653 (VEC) (SDA), 2021 WL 1578097, at *2 (S.D.N.Y. Apr. 22, 2021). Accordingly, matters of "public concern" include "matter[s] of political, social, or other concern to the community," even those that do not "affect the general population." *Abbott v. Harris Publ'ns, Inc.*, No. 97 Civ. 7648 (JSM), 2000 WL 913953, at *7 (S.D.N.Y. July 7, 2000). "In light of the extremely broad interpretation [of what qualifies as public interest] by New York courts," cases where "the subject matter was not a matter of legitimate public concern are extremely rare." *Lindber*g, 2021 WL 3605621, at *8.

Given the plaintiff's very first allegation in his Complaint that "Defendants undertook a concerted, fraudulent effort to overturn the demonstrable and irrefutable fact that Donald Trump

had lost the [2020] election" (Complaint at ¶ 1), it is beyond cavil that this matter involves an issue of the utmost public concern. Accordingly, in accordance with the Anti-SLAPP statute, it was incumbent upon plaintiff to allege that Ms. Powell acted with malice when making the challenged statements i.e., with knowledge of, or reckless disregard for, the statements' falsity. *Civ. Rights Law* 76-a (2). See also *N.Y. Times Co., v. Sullivan*, 376 U.S. at 280. Mem. at 11-12.  The Complaint lacks this critical allegation.

Furthermore, it is well settled that actual malice for purposes of New York's Anti-SLAPP statutes involves the defendant's **subjective mental state.**  In other words, **what Ms. Powell personally believed at the time she made the allegedly defamatory statements and whether she subjectively doubted their accuracy**.  *See, e.g.*, *Coleman v. Grand*, 523 F.Supp.3d 244 (E.D.N.Y. 2021).

Plaintiff fails to even address, let alone rebut, the substance of Ms. Powell's argument in her opening brief that at the time of her interview with Lou Dobbs, she believed her statements were true.  Instead, Plaintiff cites to *other* allegations in his Complaint (¶¶ 45, 46, 49, 65 and 82), which plaintiff claims reference "reliable, public and, in some instances official statements and reports debunking any claim of systemic fraud in the Election." Opp. Mem. at 30. However, nothing in those paragraphs alleges that Ms. Powell herself was aware of the referenced statements or reports—much less that she believed them. In fact, three of the claims asserted in Complaint ¶¶ 45, 46 and 49, are under the heading **"**Dominion sends **Fox** the Facts Further Disproving the Falsehoods but **Fox** and **Dobbs** Stick with their Lies**".** (Emphasis added).[3]

---

[3] There is also no merit to Plaintiff's claim that "the very same basic statements as alleged herein have already been held to constitute actual malice by the courts" in the Dominion and Smartmatic actions. Opp. Mem. at 32. First, there has been no such finding.  Second, as plaintiff should know, it is not the *statements* that constitute malice. Rather, it **is the subjective knowledge of the speaker about the truth of the statements that determines whether malice exists**. Further, whether malice was found to exist in other litigation is irrelevant to the question now before the court – has plaintiff adequately **alleged** that Ms. Powell acted with malice. He has not.

The absence of any plausible allegation that Ms. Powell was actually and subjectively aware of the alleged falsity of the challenged statements dooms Plaintiff's complaint under New York's Anti-SLAPP laws.  Perhaps in recognition of this, plaintiff makes a last-ditch effort to avoid dismissal by arguing that the New York Anti-SLAPP statute should not even apply to Plaintiff's defamation claims. Opp. Mem. at 35.  This effort, however, also fails.

Justice Cohen in his *Smartmatic* decision has already found similar defamation claims to be subject to the state's Anti-SLAPP laws.  Specifically, he ruled "This Court finds that this 'action involve[es] public petition and participation' as defined in CRL §76-a (1) (a) (1) since it arises from communications made in 'a public forum' - television- and, contrary to plaintiffs' contention, is related to 'an issue of public interest' - the 2020 presidential election." (*Smartmatic* Decision, at 35.)

The Court should reject plaintiff's assertion that Justice Cohen's ruling in *Smartmatic* is inapposite because "there had been no prior reference to plaintiff" in any prior reporting or litigation about the 2020 election. (Opp. Mem. at 35-36). Plaintiff fails to explain in any manner why the alleged lack of "prior reference" to plaintiff is of any relevance or consequence.  Any feigned distinction between Khalil's claim and the Smartmatic situation is immaterial and inconsequential – and do not except this matter from dismissal.

Finally, plaintiff argues that New York's Anti-SLAPP laws are inapplicable because of the laws' requirement that, to avoid dismissal a plaintiff must show that his claim has "a substantial basis in law," a requirement that plaintiff argues imposes a higher burden than that required at the pleading stage under federal procedural law. (Opp. Mem. at 38, n. 35). However, plaintiff's own supplemental authority shows his argument is wrong.

In *Carroll v. Trump*, 2022 U.S. Dist. Lexis 43512 (S.D.N.Y March 11, 2022), defendant Trump moved to amend his answer to add a new affirmative defense alleging that the plaintiff's defamation claim was barred by New York's Anti-SLAPP laws. The Southern District of New York rejected the amendment, but not because "all procedural aspects of the anti-SLAPP statute … conflicted with Federal Rules of Civil Procedure 12 and 56," as plaintiff erroneously claims. On the contrary, the court considered the complaint's allegations under the standards of the Anti-SLAPP law and then rejected the proposed amendment as futile because the court found that the complaint satisfied the Anti-SLAPP law's pleading standards: "If all of [the facts alleged in the complaint are] true, then this action would not have been 'commenced or continued without a substantial basis in fact and law.' Put another way, assuming that the facts are as plaintiff claims them to be, nothing in the Anti-SLAPP law would defeat her complaint." *Carroll* at 9.

Further, it is important to recognize that Ms. Powell's Motion is not asking the court to apply a pleading standard different than that mandated by the Federal Rules. On the contrary, Ms. Powell argues that plaintiff has failed to meet the pleading standard articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007): a viable claim must allege "enough facts to state a claim to relief that is plausible on its face." Ms. Powell's position is that Plaintiff does not meet this standard because Plaintiff has failed to demonstrate that his Complaint properly alleges that Ms. Powell acted with malice when making the challenged statement. Pl. Mem. at 9. Absent a sufficient allegation of malice, Plaintiff's complaint cannot withstand a motion to dismiss under New York's Anti-SLAPP laws. This conclusion is based on the same pleading standard imposed under federal law.

## IV.    PLAINTIFF's WISHLIST OF SEVERANCE AND TRANSFER  CANNOT BE GRANTED

### A.  There is No Basis to Sever and Transfer

Plaintiff argues without support that this Court can and should (i) sever his claims against Ms. Powell under Fed. Rule Civ. P. 21, (ii) transfer his claim against Ms. Powell to the United States District Court for the District to Columbia; (iii) require Ms. Powell to consent to jurisdiction in the District of Columbia.  and on top of that , (iv) waive any statute of limitations defense as a condition of dismissal here in New York. (Opp. Brief at 50-56). Again, plaintiff offers no valid basis for the court to do any such thing. Nor should the Court.

First, plaintiff has never sought to transfer this action from New York to the District of Columbia but rather, as an apparent afterthought raises the notion of transfer for the first time in the final pages of his Opposition Brief, and without asserting some type of cross-motion for the requested relief. This procedural defect alone precludes the court from entertaining plaintiff's request for a transfer of venue.[4]

Second, as Plaintiff's own citations make clear, Fed. Rule 21 severance is "a procedural device to be employed only in exceptional circumstances." *Wave Studio, LLC v. General Hotel Mgmt.,* 2017 U.S. Dist. LEXIS 34797 at * 27 (S.D.N.Y. March 10, 2017), (quoting *Deskovic v. City of Peekskill,* 673 F. Supp. 2d 154, 160 (S.D.N.Y. 2009). There is no such exceptional circumstance here. Nor does plaintiff show one. The Rule's title, "Misjoinder and Nonjoinder of Parties," and its text, "[m]isjoinder of parties is not a ground for dismissing an action," make clear

---

[4]  Plaintiff did not "float the idea of a transfer" until the final pages of his "opposition to [Ms. Powell's] motion to dismiss for lack of jurisdiction. *Assaf v. Port Auth. Of N.Y.,* 2021 U.S. Dist. LEXIS 110807 at * 14-15 (S.D.N.Y. June 14, 2021) (quoting *Krisko v. Marvel Ent., LLC,* 473 F. Supp. 3d 288, 301 (S.D.N.Y. 2020). As the court noted in *Assaf,* Local Rule 7.1(a) requires that all motions contain a notice of motion, a memorandum of law and any supporting affidavits and exhibits. *Id.* For this reason alone Plaintiff's "request" can and should be denied. *See Assets Recovery 23, LLC v. Gasper,* 2017 U.S. Dist. LEXIS 117224 at *8 (E.D.N.Y. 2017).

that it is designed to deal with specific party joinder problems. *See generally* 4 *Moore's Federal Practice*, § 21.02 (Matthew Bender 3d Ed.). It is typically employed to cure misjoinder or nonjoinder of parties and to promote the economical resolution of claims and judicial efficiency. *Erausquin v. Notz, Stucki Mgmt. (Berm.),* 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011). There are no joinder problems here.

Equally significant and telling is plaintiff's own failure to cite to any authority for the remarkable proposition that this Court can transfer Plaintiff's claims against Ms. Powell to another court conditioned on Ms. Powell waiving Constitutional (personal jurisdiction) and procedural (statute of limitations defenses) rights *even if this Court lacks jurisdiction over Ms. Powell*. **(**See Opp. Brief at 55-56). This Court should do nothing but dismiss the claims against Ms. Powell for lack of personal jurisdiction.

Plaintiff's reference to *Ruderstal v. Harris,* 2020 WL 5836517 (S.D.N.Y. Sept. 30, 2020) and *Jota v. Texaco, Inc.,* 157 F.3d 153 (2d Cir. 1998), misstates that those decisions support that "courts have expressly conditioned the dismissal of claims for lack of personal jurisdiction or for lack of *forum non conveniens,* on such a waiver by the Plaintiff." (Opp. Brief at 56). Neither  of those cases involved a motion to dismiss for lack of personal jurisdiction. Instead, both involved defendants who had moved to dismiss or transfer based on *forum non conveniens. See Joda,* 157 F.3d at 159; *Ruderstal*, 2020 WL 5836517.

Moreover, plaintiff has not shown why a transfer should be effected.  "[T]he party requesting transfer carries the 'burden of making out a strong case for transfer,'" *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,* 599 F3.d 102, 114 (2d Cir. 2010). "[A] district court should consider whether a transfer would be in the interest of justice." *Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392, 394 (2d Cir. 1992).  *Spar* made clear that a transfer is **not** in the interest of

justice where it "would reward plaintiffs for their lack of diligence in choosing a proper forum." *Id.* As other courts in this District have made clear, § 1406(a) transfer is designed to protect plaintiffs who were diligent in their initial choice of forum from dismissal of their action "as a result of venue quirks of which **responsible** plaintiffs would not necessarily have known." *Wohlbach v. Ziady,* 2018 U.S. Dist. LEXIS 126190 at *11 (S.D.N.Y. July 27, 2018) (denying transfer and quoting *Spar*) (emphasis in original); *see also, e.g., Assaf* at *15-16 (denying transfer); *Krisko v. Marvel Entm't, LLC,* 473 F. Supp. 3d 288 (S.D.N.Y. 2020) (denying transfer where plaintiff's attorneys were not diligent in pursuing claim and failed to file a motion for transfer).

Here, plaintiff has not even addressed the issue of whether he was diligent and responsible in filing and pursuing his action in this District. The reason for this is obvious: he was not. Plaintiff did not bother to properly assess and allege facts which would provide personal jurisdiction over Ms. Powell for his claims against her. Rather, he did little else but mimic if not plagiarize allegations of the *Smartmatic* Complaint against Ms. Powell, which Justice Coen dismissed, including copying the jurisdictional allegations nearly verbatim. This reflects neither diligence nor responsibility. Plaintiff also failed to read or analyze Ms. Powell's motion to dismiss filed there - or it made no difference to him - because his suit was filed purely for harassment and to increase the burden, expense, and overall toll on Ms. Powell.

Finally, plaintiff was aware that Smartmatic, in response to Ms. Powell's then-pending motion to dismiss in that case, had itself filed a "precautionary" lawsuit in the District of Columbia in early November 2021, for the express purpose of trying to avoid the potential statute of limitations issue. That unprecedented and improper "precautionary" lawsuit was filed weeks before Plaintiff filed his complaint in this District. If plaintiff had truly been diligent and responsible, he  would have filed where there was undoubtedly personal jurisdiction over Ms. Powell. He did not, and he should

not now be rewarded for his dilatory, derelict and harassing action. For these reasons, the Court should deny that prong of plaintiff's motion which seeks to have this matter severed as against Ms. Powell and transferred to the District of Columbia.

## CONCLUSION

For all these reasons, Defendant Sidney Powell respectfully requests that the Complaint be dismissed and that she be awarded reasonable attorney's fees and costs under the New York Anti-SLAPP law.

Dated: April 19, 2022

Respectfully submitted,
Kennedys CMK LLP

Michael J. Tricarico (MT5332)
*Attorneys for Defendant*
Sidney Powell
570 Lexington Avenue – 8th Floor
New York, New York 10022
(212) 252-0004

16