ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAJED KHALIL,

                      Plaintiff,

    - against -

FOX CORPORATION, FOX NEWS NETWORK LLC,
LOU DOBBS, and SIDNEY POWELL,

                      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/16/22

21 Civ. 10248 (LLS)

OPINION & ORDER

Defendant Sidney Powell moves pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) to dismiss plaintiff's claims against her for defamation.

For substantially the reasons set forth in Justice Cohen's New York Supreme Court decision (the "Smartmatic decision") and expounded upon below, defendant's motion is granted.

## DISCUSSION

Plaintiff's defamation claims against defendant Powell arise out of statements Powell made while appearing remotely on a broadcast of the *Lou Dobbs Tonight* show that aired on Fox News on December 10, 2020. Compl. ¶¶ 88-95. In her statements, Powell discussed alleged voting irregularities and fraud arising from the use of electronic voting platforms marketed and operated by Dominion Voting Systems ("Dominion") and Smartmatic Corporation ("Smartmatic"). Id. at ¶¶ 1, 4, 18, 20, 47-44, 86-109, 139-151. Plaintiff alleges that Powell disparaged plaintiff by falsely connecting him to Dominion and Smartmatic, as well as to their programs and machines, and by falsely alleging his involvement

-1-

in a scheme to rig the 2020 election. Id.

Defendant Powell argues that the claims against her must be dismissed for lack of personal jurisdiction since she is a Texas resident who does not transact business in New York, whose allegedly defamatory conduct did not occur in New York, and whose statements were in no manner specifically and purposefully directed or targeted toward residents of New York. See Df. Reply Br. at 1-2.

In March of 2022, the issue of personal jurisdiction over Ms. Powell arising from substantially similar substantive and jurisdictional facts was decided in favor of her dismissal in a related Smartmatic case brought in the New York Supreme Court. See Smartmatic USA Corp. v. Fox Corp., No. 151136/2021, 2022 WL 685407 at 47-53 (N.Y. Sup. Ct. Mar. 08, 2022).

In that case, New York Supreme Court Justice Cohen, applying New York's long-arm statute, N.Y. C.P.L.R. § 302(a)(1),[1] as required in defamation cases, determined that Powell only had minimal and attenuated New York contacts that did not give rise to plaintiff's claims of defamation. Specifically, Justice Cohen found that there were no allegations that Powell came to New York personally to appear at the Fox News studios, no

---

[1] Under N.Y. C.P.L.R. § 302(a)(1), jurisdiction over a claim for defamation will lie only if plaintiff shows that: "(1) the defamatory utterance was purposefully directed at New York, as opposed to reaching New York fortuitously; and (2) the defendant transacted other business in New York that was directly connected to the claim asserted." Symmetra Pty Ltd. v. Hum. Facets, LLC, No. 12 CIV. 8857 SAS, 2013 WL 2896876, at *9 (S.D.N.Y. June 13, 2013).

allegations that her utterance was specifically targeted at New York residents (given that Fox News is broadcasted across the country and plaintiffs did not reside in New York), and that despite allegations that Powell solicited online financial contributions from New York residents, the solicitations did not constitute a sufficient transaction of business in New York and did not give rise to plaintiffs' defamation claims. See Smartmatic USA Corp., 2022 WL 685407 at 47-53. Additionally, plaintiffs' allegation that there was jurisdiction over Powell because she participated in a conspiracy with the New York-based Fox News defendants also failed, since the conspiracy theory of jurisdiction is not available under Section 302(a)(1), which is for business transactions, not torts. Id. at 51 (citing Suber v. VVP Servs., LLC, No. 20-CV-08177 (AJN), 2021 WL 4429237, at *6 (S.D.N.Y. Sept. 27, 2021)). On that basis, Justice Cohen dismissed the claims against Powell for lack of personal jurisdiction.

Here, plaintiff Khalil alleges no additional jurisdictional facts to support a disparate result in this case.

Plaintiff, a Venezuelan businessman, states that the Court has personal jurisdiction over Powell pursuant to CPLR § 302 for five reasons:

> (i) Powell made the defamatory and disparaging statements at issue in the Complaint knowing and intending for them to be broadcast (verbal) and published (written/posted) from New York, New York by a New York-based organization; (ii) Powell authorized and approved the broadcasting and publication of her statements to be made from New York through a New York-

based news organization; (iii) Powell coordinated with New York based reporters and employees of Fox News regarding the disinformation campaign and her statements before appearing on the Fox News programs at issue in the Complaint; (iv) Powell used the disinformation campaign she operated through and with Fox and Dobbs to solicit money from individuals and corporations – including those located in New York, New York – for contributions to her so-called "legal defense" fund and Super PAC; and (v) Powell intentionally took advantage of New York's unique resources, including serving as the headquarters and publication center for Fox News, to disseminate the disinformation campaign and profit from the disinformation campaign. The Court also has personal jurisdiction over Powell pursuant to CPLR § 302 as a coconspirator with Fox and Dobbs, both of whom committed tortious acts in New York.

Compl. ¶ 16.

Those conclusory allegations were rejected as grounds for personal jurisdiction in the Smartmatic decision, and this Court sees no reason to depart from the conclusion reached there. Under New York law, as thoroughly detailed and analyzed by Justice Cohen, those allegations do not support a finding that Powell's conduct intentionally targeted New Yorkers or that her transaction of business in New York (only the solicitation of contributions for her legal defense fund) is sufficiently permanent and continuous in the state to confer jurisdiction. See O'Brien v. Hackensack Univ. Med. Ctr., 305 A.D.2d 199, 201, 760 N.Y.S.2d 425, 427 (2003) ("[M]ere solicitation of business within the state does not constitute the transaction of business within the state, unless the solicitation in New York is supplemented by business transactions occurring in the state, or the solicitation is accompanied by a fair measure of the defendant's permanence and continuity in New York which establishes a New York presence.") (internal citations omitted).

Since none of the allegations satisfy plaintiff's burden of demonstrating *prima facie* personal jurisdiction over defendant Powell, and plaintiff has not made a threshold showing of jurisdiction which would entitle him to jurisdictional discovery, the claims against defendant Powell must be dismissed.

## CONCLUSION

Defendant's motion is granted, and the claims against her are dismissed without prejudice.

So Ordered.

Dated:   New York, New York
         August 16, 2022

                                    *Louis L. Stanton*
                                    Louis L. Stanton
                                    U.S.D.J.