## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MAJED KHALIL,

                        Plaintiff,

        v.

FOX CORPORATION, *et al.*

                        Defendants.

**HON. LOUIS L. STANTON**

**CASE NO. 1:21-CV-10248-LLS**

Defendant Lou Dobbs ("Dobbs"), by and through his counsel of record, submits this Answer and responds to the corresponding numbered allegations contained in Plaintiff Majed Khalil's December 2, 2021 Complaint, ECF No. 1-1 ("Complaint") as follows.

### INTRODUCTION[1]

1.      Dobbs categorically denies that he made false statements of or concerning the Plaintiff.  Dobbs further states that his coverage of the 2020 Presidential Election constituted coverage of and opinion commentary on an incredibly newsworthy topic that is fully protected by the First Amendment.  The allegations contained in Paragraph 1 and the accompanying footnote are argument and legal conclusions to which no response is required.  To the extent the remaining allegations contained in Paragraph 1 and the accompanying footnote purport to quote and/or summarize video-recorded programs, emails, documents, social media posts, or written texts, those videotapes, emails, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes,

---

[1] The Complaint includes headings that are argument and for which no response is required. To the extent a response is required, Dobbs denies them.

emails, documents, social media posts, and/or written texts, such allegations are denied.  To the extent any further response is required, Dobbs denies the remaining allegations contained in Paragraph 1 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 1 and therefore denies them, except Dobbs states that Congress certified Joe Biden as the winner of the 2020 election for President of the United States.

2.      Dobbs categorically denies that he made defamatory statements of or concerning the Plaintiff or engaged in disinformation or propaganda.  Dobbs further states that his coverage of the 2020 Presidential Election constituted coverage of and opinion commentary on an incredibly newsworthy topic that is fully protected by the First Amendment.  To the extent the allegations contained in Paragraph 2 and the accompanying footnote purport to quote and/or summarize video-recorded programs, emails, documents, social media posts, or written texts, those videotapes, emails, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, emails, documents, social media posts, and/or written texts, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 2 and the accompanying footnote as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 2 and the accompanying footnote and therefore denies them.

3.      Dobbs admits that he hosted Sidney Powell on multiple occasions on *Lou Dobbs Tonight* and further states that his coverage of these issues was fully protected by the First Amendment to the U.S. Constitution.  To the extent the allegations contained in Paragraph 3 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize this video-recorded

program, such allegations are denied. Dobbs denies the remaining allegations contained in Paragraph 3 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 3 and therefore denies them.

4. Dobbs denies the allegations contained in Paragraph 4 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 4 and therefore denies them. To the extent the allegations contained in Paragraph 4 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.

5. Dobbs denies the allegations contained in Paragraph 5 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 5 and therefore denies them. To the extent the allegations contained in Paragraph 5 purport to quote and/or summarize video-recorded programs, documents, social media posts, or written text, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required. To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied.

6. Dobbs denies that he made false statements of or concerning the Plaintiff or recklessly disregarded the truth. To the contrary, Dobbs engaged in coverage of and opinion commentary concerning an issue of profound national importance, as is his right under the First Amendment. To the extent the allegations contained in Paragraph 6 purport to quote and/or summarize video-recorded programs, documents, social media posts, or written text, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required. To the extent these allegations seek to characterize those videotapes,

documents, social media posts, and/or written texts, such allegations are denied.  Dobbs denies the allegations contained in Paragraph 6 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 6 and therefore denies them.

7.     Dobbs denies the allegations contained in Paragraph 7 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 7 and therefore denies them.

8(a).   The allegations contained in Paragraph 8(a) are argument to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 8(a) as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 8(a) and therefore denies them.[2]

**PARTIES**

8(b).   To the extent the allegations contained in Paragraph 8(b) purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 8(b) and therefore denies them.

9.     Dobbs lacks knowledge and/or information of the allegations contained in Paragraph 9 and therefore denies them.

10.     The allegations in Paragraph 10 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies that "defamatory falsehoods" were

---

[2]   The Complaint contains two paragraphs marked with the number 8.  *See* ECF No. 1-1 at 5-6. So that the responses in this answer correspond to the allegations in the Complaint, Dobbs has numbered this paragraph as 8(a), which corresponds to Khalil's Paragraph 8 on page 5 of the Complaint, and the following paragraph as 8(b), which corresponds to Khalil's Paragraph 8 on page 6 of the Complaint.

ever broadcast from his show.  Dobbs further denies the remaining allegations contained in Paragraph 10 and the accompanying footnotes as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 10 and the accompanying footnotes and therefore denies them.

11.     Dobbs states that he engages in opinion commentary on his show that is fully protected by the First Amendment.  The allegations contained in Paragraph 11 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 11 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 11 and therefore denies them.  Dobbs admits that he remained under contract with Fox News after February 5, 2021.  Dobbs further states that he is a veteran, award-winning political commentator, best-selling author and formerly the host of *Lou Dobbs Tonight*, and that *Lou Dobbs Tonight* was formerly cablecast from New York, New York.  Dobbs also states that, during the relevant time, *Lou Dobbs Tonight* was an opinion-commentary program that aired on Fox Business.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 11 and the accompanying footnotes therefore denies them.

12.     Dobbs admits the allegations contained in the first sentence of Paragraph 12, which reinforces that Dobbs' coverage of and commentary on the 2020 Presidential Election was protected by the First Amendment.  Dobbs also admits that Sidney Powell appeared on episodes of *Lou Dobbs Tonight* in the immediate aftermath of the 2020 U.S. Presidential election.  To the extent the allegations in Paragraph 12 relate to third parties' characterization of Sidney Powell, Dobbs lacks knowledge and/or information of these allegations and therefore denies them.  To the extent the allegations contained in Paragraph 12 and the accompanying footnotes purport to quote

and/or summarize video-recorded programs and/or documents, those videotapes and documents speak for themselves, and no response is required.   To the extent these allegations seek to characterize those video-recorded programs and documents, such allegations are denied.   Dobbs denies the remaining allegations contained in Paragraph 12 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 12 and therefore denies them.

13.     The first sentence of Paragraph 13 is a summary statement for which no response is required.   Dobbs denies the remaining allegations contained in Paragraph 13.

## JURISDICTION AND VENUE

14.     The allegations contained in Paragraph 14 contain legal conclusions to which no response is required.   To the extent a response is required, Dobbs denies the allegations contained in Paragraph 14 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 14 and therefore denies them.   Dobbs denies the remaining allegations contained in Paragraph 14 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 14 and therefore denies them.

15.     Dobbs denies the allegations of defamatory and disparaging statements and a disinformation campaign.   The allegations contained in Paragraph 15 contain legal conclusions to which no response is required.   To the extent a response is required, Dobbs denies the allegations contained in Paragraph 15 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 15 and therefore denies them.   Dobbs admits that the episodes in dispute were broadcast from New York.   By way of further response, Dobbs does not dispute that the Court has personal jurisdiction over him in this matter.

16.     Dobbs denies the allegations of a disinformation campaign.  Dobbs further denies that he coordinated with Sidney Powell regarding a disinformation campaign and that he committed tortious acts.  The allegations contained in Paragraph 16 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 16 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 16 and therefore denies them.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 16 and therefore denies them.

17.     The allegations in Paragraph 17 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies those allegations.  By way of further response, for purposes of this matter, Dobbs does not dispute that venue is proper in this Court.  Dobbs denies the remaining allegations contained in Paragraph 17.

## FACTUAL ALLEGATIONS

18.     Dobbs lacks knowledge and/or information of the allegations contained in Paragraph 18 and therefore denies them.

19.     Dobbs lacks knowledge and/or information of the allegations contained in Paragraph 19 and therefore denies them.

20.     Dobbs lacks knowledge and/or information of the allegations contained in Paragraph 20 and therefore denies them.

21.     Dobbs lacks knowledge and/or information of the allegations contained in Paragraph 21 and therefore denies them.

22.     Dobbs lacks knowledge and/or information of the allegations contained in Paragraph 22 and therefore denies them.

23.    To the extent the allegations contained in Paragraph 23 and the accompanying footnotes purport to quote and/or summarize reports, documents, poll results, or written text, those reports, documents, poll results, and/or written text speak for themselves, and no response is required.  To the extent these allegations seek to characterize those reports, documents, poll results, or written text, such allegations are denied.

24.    Dobbs admits that Fox News distributes certain content through digital media to include the Fox News Mobile App, Twitter, Facebook, and Instagram.  To the extent the allegations contained in Paragraph 24 and the accompanying footnotes purport to quote and/or summarize reports, documents, poll results, or written text, those reports, documents, poll results, and/or written text speak for themselves, and no response is required.  To the extent these allegations seek to characterize those reports, documents, poll results, or written text, such allegations are denied.

25.    To the extent the allegations in Paragraph 25 and the accompanying footnotes purport to summarize reports, documents, or written text, those reports, documents, and/or written text speak for themselves, and no response is required.  To the extent these allegations seek to characterize those reports, documents, and/or written texts, such allegations are denied.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 25 and therefore denies them.

26.    To the extent the allegations contained in Paragraph 26 and the accompanying footnotes purport to quote and/or summarize documents or written text, those documents and/or written text speak for themselves, and no response is required.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 26 and therefore denies them.

27.     To the extent the allegations in Paragraph 27 and the accompanying footnotes purport to summarize and/or quote written texts or articles, those written texts and/or articles speak for themselves, and no response is required.  To the extent these allegations seek to characterize those written texts or articles, such allegations are denied.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 27 therefore denies them.

28.     To the extent the allegations contained in Paragraph 28 and the accompanying footnotes purport to quote and/or summarize documents or written text, those documents and/or written texts speak for themselves, and no response is required.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 28 and the accompanying footnotes and therefore denies them.

29.     To the extent the allegations contained in Paragraph 29 and the accompanying footnotes purport to quote and/or summarize a transcript or report, that transcript or report speaks for itself, and no response is required.  To the extent these allegations seek to characterize that transcript or report, such allegations are denied.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 29 and therefore denies them.

30.     Dobbs denies the allegations contained in Paragraph 30 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 30 and therefore denies them.

31.     To the extent the allegations contained in Paragraph 31 and the accompanying footnotes purport to quote and/or summarize a video-recorded program and report, the videotape and report speak for themselves, and no response is required.  To the extent these allegations seek to characterize that video-recorded program and report, such allegations are denied.  Dobbs lacks

knowledge and/or information of the remaining allegations contained in Paragraph 31 and therefore denies them.

32.   To the extent the allegations contained in Paragraph 32 purport to quote and/or summarize video-recorded programs and reports, the videotapes and reports speak for themselves, and no response is required.  To the extent these allegations seek to characterize those video-recorded programs and reports, such allegations are denied.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 32 and therefore denies them.

33.   To the extent the allegations contained in Paragraph 33 and the accompanying footnotes purport to quote and/or summarize a written document or video-recorded program, those written documents or videotapes speak for themselves, and no response is required.  To the extent these allegations seek to characterize those written documents or video-recorded programs, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 33 and the accompanying footnotes as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 33 and the accompanying footnotes and therefore denies them.

34.   Dobbs denies the allegations contained in Paragraph 34 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 34 and therefore denies them.

35.   To the extent the allegations contained in Paragraph 35 and the accompanying footnote purport to quote and/or summarize documents or written text, those documents and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents or written texts, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 35 as they pertain to him, and otherwise lacks

knowledge and/or information of the allegations contained in Paragraph 35 and therefore denies them.

36.     To the extent the allegations contained in Paragraph 36 purports to quote and/or summarize documents, written text, or video-recorded programs, those documents, written texts, and/or video-recorded programs speak for themselves, and no response is required.

37.     To the extent the allegations contained in Paragraph 37 purport to quote and/or summarize video-recorded programs, the videotapes speak for themselves, and no response is required.  To the extent these allegations seek to characterize video-recorded programs, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 37 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 37 and therefore denies them.

38.     To the extent the allegations contained in Paragraph 38 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  Dobbs lacks knowledge and/or information of the allegations contained in Paragraph 38 and therefore denies them.

39.     Dobbs denies the allegations contained in Paragraph 39 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 39 and therefore denies them.

40.     The allegations contained in Paragraph 40 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 40 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 40 and therefore denies them.

41.     Dobbs states that the first sentence of Paragraph 41 contains argument and legal conclusions to which no response is required.   To the extent the allegations contained in Paragraph 41 and the accompanying footnotes purport to summarize written documents or video-recorded programs, the documents and videotapes speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents and video-recorded programs, such allegations are denied.  Dobbs denies those allegations as they pertain to him and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 41 and therefore denies them.

42.     To the extent the allegations contained in Paragraph 42 and the accompanying footnote purport to summarize written documents or a website, the documents and website speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents and website, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 42 and the accompanying footnote as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 42 and the accompanying footnote and therefore denies them.

43.     Dobbs admits that Sidney Powell appeared on the episodes of *Lou Dobbs Tonight* that aired on November 8, 2020 and November 12, 2020.  Dobbs further states that he engaged in protected opinion commentary during the November 8 and November 12, 2020 episodes of *Lou Dobbs Tonight*, which is his right under the U.S. Constitution and New York law.  To the extent the allegations contained in Paragraph 43 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent the allegations seek to characterize a video-recorded program, those allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 43 as they pertain to him, and otherwise lacks

knowledge and/or information of the remaining allegations contained in Paragraph 43 and therefore denies them.

44.     Dobbs denies that he disregarded facts, made false statements or misrepresentations, or deliberately omitted information.  The allegations contained in Paragraph 44 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 44 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 44 and therefore denies them.  To the extent the remaining allegations contained in Paragraph 44 and the accompanying footnote purport to summarize video-recorded programs, the videotapes speak for themselves, and no response is required.  To the extent these allegations seek to characterize video-recorded programs, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 44 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 44 and therefore denies them.

45.     To the extent the allegations contained in Paragraph 45 and the accompanying footnote purport to summarize a written document, that document speaks for itself, and no response is required.  To the extent these allegations seek to characterize that document, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 45 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 45 and therefore denies them.

46.     To the extent the allegations contained in Paragraph 46 and the accompanying footnotes purport to summarize written documents, those documents speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents, such

allegations are denied.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 46 and therefore denies them.

47.    Dobbs states that members of his team received a "SETTING THE RECORD STRAIGHT" email on or about November 12-13, 2020.  To the extent the allegations contained in Paragraph 47 and the accompanying footnote purport to summarize written documents and emails, those documents and emails speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents and emails, such allegations are denied.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 47 and therefore denies them.

48.    To the extent the allegations contained in Paragraph 48 and the accompanying footnote purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.

49.    To the extent the allegations contained in Paragraph 49 and the accompanying footnote purport to summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.

50.    Dobbs states that he engaged in protected opinion commentary during the November 12, 2020 episode of *Lou Dobbs Tonight*, which is his right under the U.S. Constitution and New York law.  Dobbs denies the allegations contained in Paragraph 50, except Dobbs admits that Rudy Giuliani appeared on the November 12, 2020 episode of *Lou Dobbs Tonight*.  To the extent the allegations contained in Paragraph 50 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these

allegations seek to characterize the video-recorded program, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 50 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 50 and therefore denies them.

51.     Dobbs states that he engaged in opinion commentary in the shows and tweets at issue, which is his right under the U.S. Constitution and New York law.  To the extent the allegation contained in Paragraph 51 purports to quote and/or summarize a social media post, the social media post speaks for itself, and no response is required.  To the extent these allegations seek to characterize the social media post, such allegations are denied.

52.     To the extent the allegations contained in Paragraph 52 and the accompanying footnotes purport to summarize emails and written documents, those emails and documents speak for themselves, and no response is required.  To the extent these allegations seek to characterize those emails and documents, such allegations are denied.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 52 and therefore denies them.

53.     Dobbs states that Sidney Powell appeared on *Lou Dobbs Tonight* in the aftermath of the 2020 U.S. Presidential Election.  To the extent the allegations contained in Paragraph 53 and the accompanying footnote purport to summarize written documents or video-recorded programs, those documents and videotapes speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents and videotapes, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 53 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 53 and therefore denies them.

54.     To the extent the allegation contained in Paragraph 54 purports to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent the allegation seeks to characterize the video-recorded program, such allegations are denied. Dobbs denies the remaining allegations contained in Paragraph 54 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 54 and therefore denies them.

55.     To the extent the allegations contained in Paragraph 55 and the accompanying footnote purport to quote and/or summarize a social media post, the social media post speaks for itself, and no response is required. To the extent the allegation seeks to characterize the social media post, such allegation is denied. Dobbs states that publication is a legal concept in a defamation case. Therefore, to the extent the allegations contained in Paragraph 55 contain legal conclusions, no response is required. To the extent a further response is required, Dobbs denies the remaining allegations contained in Paragraph 55 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 55 and therefore denies them.

56.     The allegations contained in Paragraph 56 contain legal conclusions to which no response is required. To the extent a response is required, Dobbs denies the allegations contained in Paragraph 56 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 56 and therefore denies them. To the extent the allegations contained in Paragraph 56 purport to summarize video-recorded programs, articles, social media posts, or written text, those video-recorded programs, articles, social media posts, and/or written texts speak for themselves, and no response is required. To the extent these allegations seek to characterize those videotapes, articles, social media posts, or written texts, such allegations are

denied.  Dobbs lacks knowledge and/or information of the remaining allegations in Paragraph 56 and therefore denies them.

57.     To the extent the allegations contained in Paragraph 57 and the accompanying footnotes purport to quote and/or summarize public records and video-recorded programs, the public records and videotapes speak for themselves, and no response is required.  To the extent the allegations seek to characterize the public records and videotapes, such allegations are denied. Dobbs denies the remaining allegations contained in Paragraph 57 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 57 and therefore denies them.

58.     Dobbs lacks knowledge and/or information of the allegations contained in Paragraph 58 and therefore denies them.

59.     Dobbs states that members of his team received a "SETTING THE RECORD STRAIGHT" email on or about November 16-17, 2020.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 59 and therefore denies them.

60.     To the extent the allegations contained in Paragraph 60 and the accompanying footnotes purport to summarize written documents and emails, those documents and emails speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents and emails, such allegations are denied.

61.     Dobbs admits that Sidney Powell appeared on the episode of *Lou Dobbs Tonight* that aired on November 16, 2020.  Dobbs further states that he engaged in protected opinion commentary during the November 16, 2020 episode of *Lou Dobbs Tonight*, which is his right under the U.S. Constitution and New York law.  The allegations contained in Paragraph 61 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs

denies the allegations contained in Paragraph 61 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 61 and therefore denies them.  To the extent the allegations contained in Paragraph 61 and the accompanying footnotes purport to quote and/or summarize video-recorded programs, documents, social media posts, or written text, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied. Dobbs denies the remaining allegations contained in Paragraph 61 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 61 and therefore denies them.

62.     Dobbs admits that, on November 17, 2020, Smartmatic responded to an email from a Fox News Employee.  To the extent the allegations contained in Paragraph 62 and the accompanying footnotes purport to summarize written documents or emails, those documents and emails speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents and emails, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 62 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 62 and therefore denies them.

63.     Dobbs admits that Rudy Giuliani appeared on the episode of *Lou Dobbs Tonight* that aired on November 18, 2020.  Dobbs further states that he engaged in protected opinion commentary during the November 18, 2020 episode of *Lou Dobbs Tonight*, which is his right under the U.S. Constitution and New York law.  To the extent the allegations contained in Paragraph 63 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize that

video-recorded program, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 63 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 63 and therefore denies them.

64.     Dobbs denies that he "endorsed" Sidney Powell's alleged "statements that Smartmatic and Dominion had stolen the election" and that he engaged in a "disinformation campaign."  Dobbs admits that Sidney Powell appeared on the episode of *Lou Dobbs Tonight* that aired on November 19, 2020 and that during that episode he played clips of Rudy Giuliani and Sidney Powell at a press conference that took place earlier that day and where Rudy Giuliani and Sidney Powell laid out the President's strategy for challenging the election results.  Dobbs further states that he engaged in protected opinion commentary during the November 19, 2020 episode of *Lou Dobbs Tonight*, which is his right under the U.S. Constitution and New York law. To the extent the allegations contained in Paragraph 64 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize that video-recorded program, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 64 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 64 and therefore denies them.

65.     To the extent the allegations contained in Paragraph 65 and the accompanying footnotes purport to summarize written documents, those documents speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 65 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 65 and therefore denies them.

66.     Dobbs admits that Sidney Powell appeared on the episode of *Lou Dobbs Tonight* that aired on November 19, 2020.  Dobbs further states that he engaged in protected opinion commentary during the November 19, 2020 episode of *Lou Dobbs Tonight*, which is his right under the U.S. Constitution and New York law.  To the extent the allegations contained in Paragraph 66 and the accompanying footnote purport to quote and/or summarize a video-recorded program or social-media posts, the videotape and posts speak for themselves, and no response is required.  To the extent these allegations seek to characterize that video-recorded program or posts, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 66 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 66 and therefore denies them.

67.     The allegations contained in Paragraph 67 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 67 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 67 and therefore denies them.  To the extent the allegations contained in Paragraph 67 and the accompanying footnotes purport to summarize and/or quote a written document, that document speaks for itself, and no response is required.  To the extent these allegations seek to characterize that document, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 67 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 67 and therefore denies them.

68.     Dobbs states that a response to a request for retraction is a relevant legal concept in a defamation case.  Therefore, the allegations contained in Paragraph 68 contain legal conclusions

to which no response is required.  To the extent a response is required, Dobbs lacks knowledge and/or information of the allegations contained in Paragraph 68 and therefore denies them.

69.     To the extent the allegations contained in Paragraph 69 and the accompanying footnote purport to summarize a written document, that document speaks for itself, and no response is required.  To the extent these allegations seek to characterize that document, such allegations are denied.

70.     Dobbs admits that he appeared on the episode of *Watters' World* that aired on November 21, 2020.  Dobbs further states that he engaged in protected opinion commentary during the November 21, 2020 episode of *Watters' World*, which is his right under the U.S. Constitution and New York law.  To the extent the allegations contained in Paragraph 70 and the accompanying footnote purport to quote and/or summarize video-recorded programs, the videotapes speak for themselves, and no response is required.  To the extent these allegations seek to characterize those video-recorded programs, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 70 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 70 and therefore denies them.

71.     To the extent the allegations contained in Paragraph 71 and the accompanying footnote purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize that video-recorded program, such allegations are denied.

72.     To the extent the allegations contained in Paragraph 72 and the accompanying footnote purport to summarize a written document, article, or website, that document, article, or website speaks for itself, and no response is required.  To the extent these allegations seek to

characterize that document, article, or website such allegations are denied.  Dobbs lacks knowledge and/or information of the allegations contained in Paragraph 72 and therefore denies them.

73.    To the extent the allegations contained in Paragraph 73 and the accompanying footnote purport to summarize a written document or statement, that document or statement speaks for itself, and no response is required.  To the extent these allegations seek to characterize that document or statement, such allegations are denied.

74.    Dobbs states that members of his team received an email from Dominion on or about November 24, 2020.  To the extent the allegations contained in Paragraph 74 and the accompanying footnote purport to summarize written documents, statements, and emails, those documents, statements, and emails speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents, statements, and emails, such allegations are denied.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 74 and therefore denies them.

75.    Dobbs admits that Sidney Powell appeared on the episode of *Lou Dobbs Tonight* that aired on November 24, 2020 and that Rudy Giuliani appeared on the episode of *Lou Dobbs Tonight* that aired on November 25, 2020.  Dobbs states that he engaged in protected opinion commentary during the November 24 and 25, 2020 episodes of *Lou Dobbs Tonight*, which is his right under the U.S. Constitution and New York law.  To the extent the allegations contained in Paragraph 75 and the accompanying footnote purport to quote and/or summarize video-recorded programs, documents, social media posts, or written texts, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied.  Dobbs denies the remaining allegations contained in

Paragraph 75 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 75 and therefore denies them.

76.     Dobbs states that members of his team received an email from Dominion on or about November 26, 2020.  To the extent the allegations contained in Paragraph 76 and the accompanying footnote purport to summarize written documents, statements, and emails, those documents, statements, and emails speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents, statements, and emails, such allegations are denied.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 76 and therefore denies them.

77.     Dobbs denies the allegation of a disinformation campaign.  Dobbs admits that an episode of *Lou Dobbs Tonight* aired on November 26, 2020.  Dobbs states that he engaged in protected opinion commentary during the November 26, 2020 episode of *Lou Dobbs Tonight*, which is his right under the U.S. Constitution and New York law.  To the extent the allegations contained in Paragraph 77 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize that video-recorded program, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 77 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 77 and therefore denies them.

78.     Dobbs denies the allegations contained in Paragraph 78 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 78 and therefore denies them.

79.     Dobbs states that members of his team received an email from Dominion on or about November 29-30, 2020.  To the extent the allegations contained in Paragraph 79 and the accompanying footnote purport to summarize written documents, statements, and emails, those documents, statements, and emails speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents, statements, and emails, such allegations are denied.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 79 and therefore denies them.

80.     To the extent the allegations contained in Paragraph 80 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize that video-recorded program, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 80 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 80 and therefore denies them.

81.     Dobbs admits that an episode of *Lou Dobbs Tonight* aired on November 30, 2020. Dobbs states that he engaged in protected opinion commentary during the November 30, 2020 episode of *Lou Dobbs Tonight*, which is his right under the U.S. Constitution and New York law. To the extent the allegations contained in Paragraph 81 and the accompanying footnote purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize that video-recorded program, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 81 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 81 and therefore denies them.

82.     To the extent the allegations contained in Paragraph 82 and the accompanying footnote purport to quote and/or summarize a written document or statement, the written document and statement speak for themselves, and no response is required.  To the extent these allegations seek to characterize the written document or statement, such allegations are denied.

83.     To the extent the allegations contained in Paragraph 83 and the accompanying footnote purport to summarize written documents, statements, and emails, those documents, statements, and emails speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents, statements, and emails, such allegations are denied.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 83 and therefore denies them.

84.     Dobbs denies the allegations contained in Paragraph 84 and the accompanying footnote as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 84 and the accompanying footnote and therefore denies them.

85.     Dobbs denies that he "push[ed] a fraud narrative."  To the extent the allegations contained in Paragraph 85 and the accompanying footnotes purport to quote and/or summarize video-recorded programs, the videotapes speak for themselves, and no response is required.  To the extent these allegations seek to characterize video-recorded programs, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 85 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 85 and therefore denies them.

86.     Dobbs admits that Sidney Powell appeared on the episode of *Lou Dobbs Tonight* that aired on December 10, 2020.  Dobbs states that he engaged in protected opinion commentary

25

during the December 10, 2020 episode of *Lou Dobbs Tonight*, which is his right under the U.S. Constitution and New York law.  To the extent the allegations contained in Paragraph 86 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize that video-recorded program, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 86 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 86 and therefore denies them.

87.     The allegations contained in Paragraph 87 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 87 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 87 and therefore denies them.  To the extent the allegations contained in Paragraph 87 and the accompanying footnote purport to summarize a written document, that document speaks for itself, and no response is required.  To the extent these allegations seek to characterize that document, such allegations are denied.

88.     Dobbs admits that the @LouDobbs Twitter account tweeted at approximately 4:56 p.m. on December 10, 2020.  To the extent the allegations contained in Paragraph 88 purport to quote and/or summarize video-recorded programs, documents, social media posts, or written text, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 88 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 88 and therefore denies them.

89.     To the extent the allegations contained in Paragraph 89 and the accompanying footnote purport to quote and/or summarize documents, social media posts, or written text, those documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents, social media posts, and/or written texts, such allegations are denied.

90.     To the extent the allegations contained in Paragraph 90 purport to quote and/or summarize documents, social media posts, or written text, those documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents, social media posts, and/or written texts, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 90 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 90 and therefore denies them.

91.     To the extent the allegations contained in Paragraph 91 purport to quote and/or summarize documents, social media posts, or written text, those documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents, social media posts, and/or written texts, such allegations are denied.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 91 concerning Mr. Khalil and therefore denies them.

92.     The allegations contained in Paragraph 92 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 92 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 92 and therefore denies them.  To the extent the allegations contained in Paragraph 92 and the accompanying footnote purport to quote and/or summarize

documents, social media posts, or written text, those documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents, social media posts, and/or written texts, such allegations are denied. Dobbs denies the remaining allegations contained in Paragraph 92 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 92 and therefore denies them.

93.     Dobbs denies that he "promoted [] false accusations."  To the extent the allegations contained in Paragraph 93 purport to quote and/or summarize video-recorded programs, documents, social media posts, or written text, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 93 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 93 and therefore denies them.

94.     Dobbs admits that Sidney Powell appeared on the episode of *Lou Dobbs Tonight* that aired on December 10, 2020.  Dobbs states that he engaged in protected opinion commentary during the December 10, 2020 episode of *Lou Dobbs Tonight*, which is his right under the U.S. Constitution and New York law. To the extent the allegations contained in Paragraph 94 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 94 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 94 and therefore denies them.

95.     Dobbs states that he engaged in protected opinion commentary during the December 10, 2020 episode of *Lou Dobbs Tonight*, which is his right under the U.S. Constitution and New York law.  To the extent the allegations contained in Paragraph 95 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 95 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 95 and therefore denies them.

96.     To the extent the allegations contained in Paragraph 96 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 96 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 96 and therefore denies them.

97.     To the extent the allegations contained in Paragraph 97 and the accompanying footnote purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 97 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 97 and therefore denies them.

98.     Dobbs states that he engaged in protected opinion commentary during the December 10, 2020 episode of *Lou Dobbs Tonight*, which is his right under the U.S. Constitution and New York law.  To the extent the allegations contained in Paragraph 98 purport to quote and/or

summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize this video-recorded program, such allegations are denied. Dobbs denies the remaining allegations contained in Paragraph 98 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 98 and therefore denies them.

99. Dobbs states that he engaged in protected opinion commentary during the December 10, 2020 episode of *Lou Dobbs Tonight*, which is his right under the U.S. Constitution and New York law. To the extent the allegations contained in Paragraph 99 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize this video-recorded program, such allegations are denied. Dobbs denies the remaining allegations contained in Paragraph 99 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 99 and therefore denies them.

100. Dobbs states that he engaged in protected opinion commentary during the December 10, 2020 episode of Lou Dobbs Tonight, which is his right under the U.S. Constitution and New York law. To the extent the allegations contained in Paragraph 100 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.

101. Dobbs states that he engaged in protected opinion commentary during the December 10, 2020 episode of *Lou Dobbs Tonight*, which is his right under the U.S. Constitution and New York law. To the extent the allegations contained in Paragraph 101 and the accompanying footnote purport to quote and/or summarize a video-recorded program, the

videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 101 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 101 and therefore denies them.

102.    To the extent the allegations contained in Paragraph 102 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize the video-recorded program, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 102 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 102 and therefore denies them.

103.    To the extent the allegations contained in Paragraph 103 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent the allegations contained in Paragraph 103 seek to characterize this video-recorded program, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 103 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 103 and therefore denies them.

104.    Dobbs states that he engaged in protected opinion commentary during the December 10, 2020 episode of Lou Dobbs Tonight, which is his right under the U.S. Constitution and New York law.  Dobbs denies the allegations contained in Paragraph 104 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 104 and therefore denies them.

105.     Dobbs states that he engaged in protected opinion commentary during the December 10, 2020 episode of *Lou Dobbs Tonight*, which is his right under the U.S. Constitution and New York law.  Dobbs denies that "[t]he central premise of [his] December 10, 2020 segment with Powell was false."  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 105 and therefore denies them.

106.     The allegations contained in Paragraph 106 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 106 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 106 and therefore denies them.

107.     To the extent the allegations contained in Paragraph 107 purport to summarize video-recorded programs, articles, social media posts, or written text, those video-recorded programs, articles, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, articles, social media posts, or written texts, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 107 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 107 and therefore denies them.

108.     The allegations contained in Paragraph 108 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 108 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 108 and therefore denies them.

109.     Dobbs states that he did not contact Plaintiff prior to him filing this lawsuit.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 109 and therefore denies them.

110.     The allegations contained in Paragraph 110 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 110 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 110 and therefore denies them.  To the extent the allegations contained in Paragraph 110 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 110 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 110 and therefore denies them.

111.     The allegations contained in Paragraph 111 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 111 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 111 and therefore denies them.  To the extent the allegations contained in Paragraph 111 and the accompanying footnote purport to summarize a written document, that document speaks for itself, and no response is required.  To the extent these allegations seek to characterize that document, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 111 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 111 and therefore denies them.

112.     Dobbs states that he engaged in protected opinion commentary during the January 4, 2021 episode of Lou Dobbs Tonight, which is his right under the U.S. Constitution and New York law.  To the extent the allegations contained in Paragraph 112 and the accompanying footnote

purport to quote and/or summarize a video-recorded program and/or social media posts, those videotapes and/or social media posts speak for themselves, and no response is required. To the extent these allegations seek to characterize those video-recorded programs or social media posts, such allegations are denied. Dobbs denies the remaining allegations contained in Paragraph 112 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 112 and therefore denies them.

113.   Dobbs denies the allegations contained in Paragraph 113 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 113 and therefore denies them.

114.   Dobbs lacks knowledge and/or information of the allegations contained in Paragraph 114 and the accompanying footnotes and therefore denies them.

115.   To the extent the allegations contained in Paragraph 115 and the accompanying footnote purport to quote and/or summarize video-recorded programs or written documents, those videotapes and written documents speak for themselves, and no response is required. To the extent these allegations seek to characterize those video-recorded programs and written documents, such allegations are denied. Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 115 and therefore denies them.

116.   To the extent the allegations contained in Paragraph 116 purport to quote and/or summarize social media posts, those social media posts speak for themselves, and no response is required. To the extent these allegations seek to characterize those social media posts, such allegations are denied. Dobbs lacks knowledge and/or information as to the remaining allegations contained in Paragraph 116 and therefore denies them.

117.    Dobbs denies the allegations contained in Paragraph 117 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 117 and therefore denies them.

118.    Dobbs denies the allegations contained in Paragraph 118 and the accompanying footnote as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 118 and the accompanying footnote and therefore denies them.

119.    Dobbs denies the allegations contained in Paragraph 119 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 119 and therefore denies them.

120.    To the extent the allegations contained in Paragraph 120 and the accompanying footnotes purport to summarize written documents, those documents speak for themselves, and no response is required.  To the extent the allegations seek to characterize those documents, such allegations are denied.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 120 and therefore denies them.

121.    Dobbs states that he engaged in opinion commentary during the shows and tweets at issue, which is his right under the U.S. Constitution and New York law.  Dobbs denies that he "repeatedly promoted and endorsed [] falsehood about Dominion and Smartmatic" or that he "promot[ed] and endorse[d] [] false statements regarding Plaintiff."  To the extent the allegations contained in Paragraph 121 and the accompanying footnote purport to summarize written documents and data, those documents and data speak for themselves, and no response is required. To the extent the allegations seek to characterize those documents and data, such allegations are denied.

122.     To the extent the allegations contained in Paragraph 122 and the accompanying footnotes purport to quote and/or summarize written documents, those documents speak for themselves, and no response is required.  To the extent the allegations seek to characterize those documents, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 122 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 122 and therefore denies them.

123.     To the extent the allegations contained in Paragraph 123 and the accompanying footnotes purport to quote and/or summarize written documents, those documents speak for themselves, and no response is required.  To the extent the allegations seek to characterize those documents, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 123 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 123 and therefore denies them.

124.     To the extent the allegations contained in Paragraph 124 and the accompanying footnote purport to quote and/or summarize written documents, those documents speak for themselves, and no response is required.  To the extent the allegations seek to characterize those documents, such allegations are denied.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 124 and therefore denies them.

125.     Dobbs admits that he remained under contract with Fox News after Smartmatic filed its lawsuit.  Dobbs denies the remaining allegations contained in Paragraph 125 and the accompanying footnote as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 125 and therefore denies them.

126.     Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 126 and therefore denies them.

127.    Dobbs repeats and incorporates by reference his responses to Paragraphs 1-126 as if stated fully herein

128.    To the extent the allegations contained in Paragraph 128 and the accompanying footnote purport to quote and/or summarize video-recorded programs, documents, social media posts, or written text, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied. Dobbs denies the remaining allegations contained in Paragraph 128 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 128 and therefore denies them.

129.    Dobbs denies that he made any false or defamatory statements.  To the extent the allegations contained in Paragraph 129 purport to quote and/or summarize video-recorded programs, documents, social media posts, or written text, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 129 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 129 and therefore denies them.

130.    Dobbs denies that he made any false statements.  To the extent the allegations contained in Paragraph 130 purport to quote and/or summarize video-recorded programs, documents, social media posts, or written text, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written

texts, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 130 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 130 and therefore denies them.

131.    The allegations contained in Paragraph 131 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 131 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 131 and therefore denies them.

132.    The allegations contained in Paragraph 132 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 132 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 132 and therefore denies them.  To the extent the allegations contained in Paragraph 132 and the accompanying footnotes purport to summarize video-recorded programs, articles, and social media posts, or written text, those video-recorded programs, articles, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, articles, social media posts, or written texts, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 132 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 132 and therefore denies them.

133.    The allegations contained in Paragraph 133 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 133 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 133 and therefore denies them.

134.    The allegations contained in Paragraph 134 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 134 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 134 and therefore denies them.

135.    The allegations contained in Paragraph 135 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 135 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 135 and therefore denies them.

136.    The allegations contained in Paragraph 136 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 136 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 136 and therefore denies them.

137.    The allegations contained in Paragraph 137 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 137 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 137 and therefore denies them.

138.    The allegations contained in Paragraph 138 are argument and legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 138 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 138 and therefore denies them.

139.    Dobbs repeats and incorporates by reference his responses to Paragraphs 1 – 138 as if stated fully herein.

140.     The allegations contained in Paragraph 140 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 140 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 140 and therefore denies them.  Dobbs admits that Sidney Powell appeared on the episode of *Lou Dobbs Tonight* that aired on December 10, 2020.  Dobbs states that he engaged in protected opinion commentary during the December 10, 2020 episode of *Lou Dobbs Tonight*, which is his right under the U.S. Constitution and New York law.

141.     Dobbs states that he engaged in protected opinion commentary during the December 10, 2020 episode of *Lou Dobbs Tonight*, which is his right under the U.S. Constitution and New York law.  To the extent the allegations contained in Paragraph 141 and the accompanying footnote purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.

142.     Dobbs denies that the December 10, 2020 episode of *Lou Dobbs Tonight* contained false or defamatory statements.  To the extent the allegations contained in Paragraph 142 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.

143.     Dobbs denies that the December 10, 2020 episode of *Lou Dobbs Tonight* contained false statements.  To the extent the allegations contained in Paragraph 143 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize this video-recorded program, such allegations

are denied.  Dobbs lacks knowledge and/or information as to the remaining allegations contained in Paragraph 143 and therefore denies them.

144.    The allegations contained in Paragraph 144 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 144 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 144 and therefore denies them.

145.    The allegations contained in Paragraph 145 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 145 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 145 and therefore denies them.

146.    The allegations contained in Paragraph 146 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 146 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 146 and therefore denies them.

147.    The allegations contained in Paragraph 147 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 147 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 147 and therefore denies them.

148.    The allegations contained in Paragraph 148 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 148 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 148 and therefore denies them.

149.    The allegations contained in Paragraph 149 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 149 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 149 and therefore denies them.

150.    The allegations contained in Paragraph 150 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 150 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 150 and therefore denies them.

151.    The allegations contained in Paragraph 151 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 151 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 151 and therefore denies them.

152.    Dobbs repeats and incorporates by reference his responses to Paragraphs 1-151 as if stated fully herein.

153.    The allegations contained in Paragraph 153 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 153 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 153 and therefore denies them.  To the extent these allegations seek to characterize those videotapes, articles, social media posts, or written texts, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 153 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 153 and therefore denies them.

154.     The allegations contained in Paragraph 154 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 154 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 154 and therefore denies them.  Dobbs denies that there were "false and defamatory statements in the Dobbs Broadcast set forth in paragraphs 141-142." To the extent the allegations contained in Paragraph 154 purport to summarize video-recorded programs, articles, social media posts, or written text, those video-recorded programs, articles, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, articles, social media posts, or written texts, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 154 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 154 and therefore denies them.

155.     Dobbs denies that the December 10, 2020 posts contained false statements.  To the extent the allegations contained in Paragraph 155 purport to summarize video-recorded programs, articles, and social media posts, or written text, those video-recorded programs, articles, social media posts and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, articles, social media posts, or written texts, such allegations are denied.  Dobbs lacks knowledge and/or information of those the remaining allegations and therefore denies them.

156.     The allegations contained in Paragraph 156 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 156 as they pertain to him, and otherwise lacks knowledge and/or information of the allegations contained in Paragraph 156 and therefore denies them.

157.    The allegations contained in Paragraph 157 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 157 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 157 and therefore denies them.

158.    The allegations contained in Paragraph 158 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 158 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 158 and therefore denies them.

159.    The allegations contained in Paragraph 159 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 159 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 159 and therefore denies them.

160.    The allegations contained in Paragraph 160 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 160 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 160 and therefore denies them.

161.    The allegations contained in Paragraph 161 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 161 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 161 and therefore denies them.

162.    The allegations contained in Paragraph 162 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained

in Paragraph 162 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 162 and therefore denies them.

163.    The allegations contained in Paragraph 163 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 163 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 163 and therefore denies them.

164.    Dobbs repeats and incorporates by reference his responses to Paragraphs 1-163 as if stated fully herein.

165.    The allegations contained in the first sentence of Paragraph 165 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 165 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 165 and therefore denies them.  To the extent the allegations contained in Paragraph 165 and the accompanying footnotes purport to summarize video-recorded programs, articles, social media posts, or written text, those video-recorded programs, articles, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, articles, social media posts, or written texts, such allegations are denied.

166.    Dobbs denies that there were "false and defamatory statements in the Dobbs Broadcast set forth in Paragraphs 141-142." The allegations contained in Paragraph 166 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 166 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 166 and therefore denies them.  To the extent the allegations contained in Paragraph 166 purport to quote

and/or summarize video-recorded programs, documents, social media posts, or written text, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required.   To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied.  Dobbs denies the remaining allegations contained in Paragraph 166 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 166 and therefore denies them.

167.    To the extent the allegations contained in Paragraph 167 purport to summarize and/or quote video-recorded programs, articles, and social media posts, or written text, those video-recorded programs, articles, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, articles, social media posts, or written texts, such allegations are denied.  Dobbs lacks knowledge and/or information of the remaining allegations contained in Paragraph 167 and therefore denies them.

168.    The allegations contained in Paragraph 168 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 168 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 168 and therefore denies them.

169.    The allegations contained in Paragraph 169 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 169 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 169 and therefore denies them.

170.     The allegations contained in Paragraph 170 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 170 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 170 and therefore denies them.

171.     The allegations contained in Paragraph 171 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 171 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 171 and therefore denies them.

172.     The allegations contained in Paragraph 172 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 172 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 172 and therefore denies them.

173.     The allegations contained in Paragraph 173 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 173 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 173 and therefore denies them.

174.     The allegations contained in Paragraph 174 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained in Paragraph 174 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 174 and therefore denies them.

175.     The allegations contained in Paragraph 175 contain legal conclusions to which no response is required.  To the extent a response is required, Dobbs denies the allegations contained

in Paragraph 175 as they pertain to him, and otherwise lacks knowledge and/or information of the remaining allegations contained in Paragraph 175 and therefore denies them.

## PRAYER FOR RELIEF

Dobbs denies that Plaintiff is entitled to any relief.

        a.  Dobbs denies that Plaintiff is entitled to general compensatory damages.

        b.  Dobbs denies that Plaintiff is entitled to punitive damages.

        c.  Dobbs denies that Plaintiff is entitled to pre-judgment or post-judgment interest.

        d.  Dobbs denies that Plaintiff is entitled to expenses and costs, including attorneys' fees.

        e.  Dobbs denies that Plaintiff is entitled to such other and further relief as the Court deems appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the foregoing responses, Dobbs generally denies liability for all claims alleged in the Complaint, denies each allegation that has not been expressly admitted, and asserts the following affirmative defenses to the claims alleged.  In doing so, Dobbs does not assume the burden of proof on these defenses where applicable law provides otherwise.  Dobbs reserves the right to assert additional affirmative defenses as discovery progresses.

## First Defense

Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory statements are true or substantially true.

### Second Defense

Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory statements concerned matters of substantial public interest and legitimate public concern and Dobbs did not act with actual malice.

### Third Defense

Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory statements are protected opinion.

### Fourth Defense

Plaintiff has failed to mitigate his damages.

### Fifth Defense

Plaintiff's claims are barred by New York Civil Rights Law Sections 74 and 76.

### Sixth Defense

Plaintiff's claims are barred to the extent that Plaintiff's own acts, rather than Dobbs's acts, caused and/or are responsible for Plaintiff's alleged injury.

### Seventh Defense

Plaintiff's claims are barred in whole or in part under both state law and the First Amendment to the United States Constitution because Dobbs is not liable for allegedly defamatory statements by third parties not employed by or affiliated with Dobbs.

## Eighth Defense

Plaintiff's claim for punitive damages is barred by the Due Process Clauses of the United States (Amendment V and Amendment XIV) and by the Due Process Clause of the New York Constitution (Article I, § 6).

## Ninth Defense And First Counterclaim Against Plaintiffs

1.     Defendant/Counterclaim Plaintiff Lou Dobbs repeats and realleges all of the defenses set forth above as if more fully set forth herein.

2.     Dobbs asserts this defense and counterclaim against Plaintiff/Counterclaim Defendant Majed Khalil under New York's "Anti-SLAPP" statute, Civil Rights Law §§ 70-a, 76-a.

3.     Khalil's claims have no basis in law or fact.

4.     When the President of the United States, his legal team, and his surrogates leveled allegations about the role of fraud in the 2020 Presidential election, Dobbs followed this Nation's strong traditions of press freedom by covering those claims.  An attempt by the sitting President to challenge the results of an election based on allegations of widespread voting fraud is undoubtedly newsworthy.  That is why media outlets the world over provided extensive coverage of and commentary on the President's allegations and the lawsuits they spawned.

5.     The U.S. Constitution and New York law protect this exercise of the constitutional right of the press to speak freely on issues of public interest.  Dobbs ensured that the public had access to newsmakers and unquestionably newsworthy information that would help foster "uninhibited, robust, and wide-open" debate on rapidly developing events of unparalleled importance.  *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964).  "The First Amendment … presupposes that right conclusions are more likely to be gathered out of a multitude

of tongues, than through any kind of authoritative selection.  To many this is, and always will be, folly; but we have staked upon it our all." *Id.* (citation omitted).

6.    This Court has already found that Khalil's lawsuit is covered by New York's Anti-SLAPP law, as "[t]he election of 2020 was clearly a matter of public interest." D.E. 62 at 23.  It is also covered because it involves "other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest." Civil Rights Law § 76-a(1)(a)(2).

7.    Where it applies, the Anti-SLAPP law provides protection both against the commencement of actions that fail to satisfy its requirements and against the continuation of actions that lack "a substantial basis in fact and law." *See* Civil Rights Law § 70-a(1)(a).

8.    For reasons articulated in the Fox Defendants' motion to dismiss, Khalil's liability claims against Dobbs lack a substantial basis in law, both because Dobbs' coverage was fully protected by the First Amendment and New York law, and because Khalil failed to allege actual malice.  Moreover, Khalil's claims lack a substantial basis in fact.

9.    Dobbs therefore counterclaims against Khalil for costs and attorneys' fees under New York's Anti-SLAPP statute, Civil Rights Law § 70-a.

**A.    Parties**

10.    Plaintiff and Counterclaim Defendant is Majed Khalil.  He claims that he is a "Venezuelan businessman" that has "at times" been referred to as "Khalil Majed Mazoud."

11.    Defendant and Counterclaim Plaintiff Lou Dobbs is a veteran, award-winning political commentator, best-selling author and formerly the host of *Lou Dobbs Tonight*.

**B.      Khalil's Notoriety and Connections to Venezuelan Officials**

12.      Press reports spanning two decades indicate that Khalil has "amassed an empire in Venezuela in the shadows of the Chávez and Maduro Regimes,"[3] which the United States and others have accused of rigging elections in Venezuela with the help of Smartmatic.[4]

13.      Khalil's ties to Venezuelan officials and his position of authority and influence in that country have been widely reported.  Press articles have referred to him as "el testaferro," or in other words, the "front man," for Jorge Jesús Rodríguez Gómez, a close ally of Hugo Chávez and Nicolás Maduro.[5]   In one high profile incident—the "Narcosobrinos Affair"—reports linked Khalil to the Maduro family directly, alleging that Nicolás Maduro's nephews used Khalil's airplane in attempt to smuggle 800 kilograms of cocaine into the United States to fund an election campaign for Maduro's wife.[6]

14.      Other reports tie Khalil to additional officials in Venezuela's government and military, like José Vicente Rangel, Tarek William Saab, Francisco Rangel Gómez, and Diosdado

---

[3]      Joseph M. Humire, *The Maduro-Hezbollah Nexus: How Iran-backed Networks Prop Up the Venezuelan Regime*, Atlantic Council (Oct. 7, 2020), https://archive.ph/V15G8.

[4]      *See* Bureau of Western Hemisphere Affairs, U.S. Dep't of State, *U.S. Relations with Venezuela* (Mar. 10, 2022), https://archive.ph/mSqGa (noting the U.S. "recognizes Interim President Juan Guaido" because of "the fraudulent December 2020 parliamentary elections organized by the illegitimate Nicolas Maduro regime"); Mary Anastasia O'Grady, *Venezuela's Guide to Election Theft*, Wall St. J. (Nov. 29, 2020), https://archive.ph/OsbMf ("The Chávez regime used an electronic voting system run by a company called Smartmatic.").

[5]      Lucas Goyret, *El Jefe de la Delegación de Maduro en México*, Infobae (Aug. 19, 2021), https://archive.ph/MvENg.

[6]      *La Casa Militar Venezolana Custodió el Viaje de la Droga de los Sobrinos de Nicolás Maduro*, Infobae (Nov. 19, 2015), https://archive.ph/XNGST (describing the Narcosobrinos Affair and Khalil's alleged involvement); *United States v. Campo Flores*, No. 1:15-cr-765, 2017 WL 1133430 (S.D.N.Y. Mar. 24, 2017), *aff'd* 945 F.3d 687 (2d Cir. 2019) (describing the conviction of both nephews).

Cabello.[7]  One Pulitzer prize-winning investigative journalist reported that, after a company owned by Khalil and his brother obtained a multi-million-dollar contract with the Venezuelan Ministry of Defense to export computers from Miami for "military intelligence" purposes, the U.S. government, which was "looking into the … company's activities," suspended his brother's U.S. visa.[8]

15.     Khalil has also been connected by press reports to, among other extra-curriculars, international drug trafficking and terrorism.[9]

**C.     The 2020 U.S. Presidential Election and Fox News' Coverage**

16.     During the 2020 election, the sitting President of the United States and his legal team began alleging in press conferences, public filings, and several other fora that the election had been rife with fraud.

17.     Some of the President's allegations involved the voting technology of Smartmatic and other companies.  Smartmatic is an election technology company that was started in Venezuela but has since provided technology for elections across the globe, from Argentina to Zambia.[10]

---

[7]     *Hermanos Khalil Majzoub: ¿Empresarios Surgidos a la Sombra del Chavismo?*, El Tiempo Latino (Oct. 30, 2020), https://archive.ph/dquNC.

[8]     Gerardo Reyes, *In Miami, Venezuela Means Big Money*, Miami Herald (Nov. 22, 2007), 2007 WLNR 23087783; *see also* Carlos Machado, *Narcoburguesía Chavista*, Tribuna de Periodistas (Jan. 25, 2008), https://archive.ph/zyRkO.

[9]     Joseph M. Humire, *The Maduro-Hezbollah Nexus: How Iran-backed Networks Prop Up the Venezuelan Regime*, Atlantic Council (Oct. 7, 2020), https://archive.ph/V15G8 (asserting that one of Khalil's "close relative[s]" is reportedly under U.S. sanctions for providing "material support to Hezbollah").

[10]    Smartmatic, *Our History*, https://bit.ly/3B0sHoa (last visited Sept. 23, 2022).

Over the years, Smartmatic's activities have triggered electoral controversies in Venezuela,[11] the Philippines,[12] and Kenya.[13]   Smartmatic has even prompted investigations by the federal government, both by the Committee on Foreign Investment in the United States (CFIUS)[14] and by the United States Department of Justice.[15]

18.     The President's claims of fraud and potential misuse of voting technology like Smartmatic's ultimately spawned several lawsuits, as well as investigations by numerous federal and state officials, including the Attorney General.

19.     Unsurprisingly, the controversy surrounding the election was covered by virtually every press outlet in the country and many throughout the world as well.  Fox News, like these other outlets, also covered these allegations.  Dobbs interviewed the President's lawyers so that the American people could hear exactly what the claims were and what evidence they had to support them, and he offered his own opinion about the controversy.

---

[11]   *See, e.g.*, *E-Vote Rigging in Venezuela?*, Wired (Aug. 23, 2004), https://archive.ph/AjMUB; *Venezuelan Election Turnout Figures Manipulated by One Million Votes: Election Company*, Reuters (Aug. 2, 2017), https://reut.rs/3xbDhHH.

[12]   *See, e.g.*, Dan Steinbock, *Smartmatic's Global Controversies: Follow the Money*, Manila Times (Jan. 31, 2022), https://archive.ph/AHR2q.

[13]   *See, e.g.*, Al Vitangcol, *Smartmatic Employees Accused of Hacking Kenya's Election*, Manila Times (Sept. 3, 2022), https://archive.ph/BlbAy.

[14]   *See* Tim Golden, *U.S. Investigates Voting Machines' Venezuela Ties*, N.Y. Times (Oct. 29, 2006), https://archive.ph/q8HGY; Bob Davis, *Smartmatic to Shed U.S. Unit, End Probe Into Venezuela Links*, Wall St. J. (Dec. 22, 2006), https://archive.ph/tc48K.

[15]   *See* Bob Davis & Glenn Simpson, *U.S. Authorities Probe How Smartmatic Won Venezuela Election Pact*, Wall St. J. (Dec. 1, 2006), https://archive.ph/pbsrI; *see also* Ben Smith & Shelby Talcott, *The US Is Investigating Smartmatic Over Allegations of Bribery in the Philippines*, Semafor (Sept. 25, 2022), https://archive.ph/giFag.

20.     In months of Fox News coverage of the 2020 election, Khalil's name surfaced for only a single day in connection with a single broadcast on December 10, 2020.  During that broadcast, Khalil's name was displayed as part of a graphic for less than two minutes and he was directly mentioned for only four seconds.

**D.     Khalil's Lawsuit and Damages Claim Threatens a Free Press**

21.     To ensure his lawsuit would have far-reaching chilling effects on America's free press, Khalil prayed for $250 million in punitive damages and undisclosed millions of dollars in compensatory damages too.

22.     Khalil's lawsuit strikes at the heart of the First Amendment, which fully protects the right of the press to cover and provide commentary on allegations of election fraud by a sitting President.  .  Beyond that, Khalil's extravagant damages demand—that his less-than-sterling reputation was somehow harmed such that he is entitled to not less than *a quarter billion dollars* in damages—is divorced from reality, rendering this action doubly foreclosed by New York's anti-SLAPP statute.

23.     Recognizing that the very "threat of being put to the defense of a lawsuit may be as chilling to the exercise of First Amendment freedoms as fear of the outcome of the lawsuit itself," *Karaduman v. Newsday, Inc.*, 51 NY2d 531, 545 (1980) (citation omitted), the General Assembly has enacted several protections against baseless efforts to stifle speech "in connection with an issue of public interest."  Civil Rights Law § 76-a(1)(a).

24.     A court must dismiss a complaint covered by the Anti-SLAPP law unless the plaintiff demonstrates that the action has a "substantial basis in law" or "is supported by a substantial argument for an extension, modification or reversal of existing law."   CPLR 3211(g)(1).

25.     Even if a defamation suit survives that threshold inquiry, however, the General Assembly provided the additional protection of entitling the defendant to recovery of fees and costs if a plaintiff "continued" a defamation claim "without a substantial basis in fact and law." Civil Rights Law § 70-a(1)(a).  Thus, to escape fee- and cost-shifting under the Anti-SLAPP statute, a defamation plaintiff not only must plead, but ultimately must prove, that its claims are actually grounded in both law and fact.

26.     As this Court has already concluded, Khalil's complaint challenges speech in a "public forum" "in connection with an issue of public interest."  Civil Rights Law § 76-a(1)(a). Khalil's complaint also challenges "other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest" under New York's Anti-SLAPP statute.  Civil Rights Law § 76-a(1)(a)(2).

## COUNT ONE—N.Y. CIVIL RIGHTS LAW

27.     Dobbs repeats and re-alleges Paragraphs 1-26 as if set forth fully within.

28.     Khalil sued Dobbs alleging claims of defamation and disparagement.  Plaintiff's lawsuit seeks undisclosed millions of dollars in compensatory damages, $250 million in punitive damages, plus attorneys' fees and costs.  The statements Khalil complains about involve a matter of profound public concern: allegations made by the sitting President of the United States of America and his legal team and surrogates in the wake of the 2020 presidential election.

29.     Dobbs brings this counterclaim pursuant to the New York Anti-SLAPP statute.

30.     The New York Anti-SLAPP statute imposes strict burdens on persons who sue members of the media for defamation.  Khalil's suit against Dobbs is an "action involving public petition and participation" under the New York Anti-SLAPP law, Civil Rights Law § 76-a, as the Court has already determined in this case.  In addition, Khalil's complaint challenges "other lawful

conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest" under New York's Anti-SLAPP law.  Civil Rights Law § 76-a(1)(a)(2).

31.     The New York Anti-SLAPP law provides that "costs and attorneys' fees shall be recovered upon a demonstration ... that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law."  Civil Rights Law § 70-a(1)(a).

32.     Khalil commenced and continued this action without a substantial basis in law, and he cannot support this action by substantial argument for the extension, modification, or reversal of existing law.

33.     The lawsuit lacks a substantial basis in law because it challenges speech that is fully protected by the First Amendment and New York law, because the complaint fails to allege (and Khalil will be unable to prove) actual malice., and because there is no legal basis on which to hold Dobbs liable for the speech at issue.

34.     Khalil's claims also lack a substantial basis in fact, as his damages demand has no basis in reality.

35.     Khalil's litigation tactics, including his facially implausible damages claims, seek to punish Dobbs for exercising its constitutional rights, to censor and chill Dobbs from such reporting in the future if and when that reporting includes coverage of allegations by public officials or attorneys concerning newsworthy events, and to intimidate Dobbs and anyone else who might consider exercising their constitutional rights to cover allegations by public figures.

36.     Dobbs is therefore entitled under New York Civil Rights Law § 70-a to recovery of its costs and attorneys' fees incurred in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Dobbs demands judgment as follows:

a)   An award of Dobbs' attorneys' fees and the costs and disbursements of this action; and

b)   Granting such other and further relief as the Court deems just and proper.

Dated: October 31, 2022

Respectfully Submitted,

*/s/ Robert W. Allen*

ROBERT W. ALLEN, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Ave.
New York, NY 10022
(212) 446-4800
bob.allen@kirkland.com

K. WINN ALLEN, P.C.
DEVIN S. ANDERSON
ERIN E. CADY
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 389-5000
winn.allen@kirkland.com
devin.anderson@kirkland.com
erin.cady@kirkland.com

MARK R. FILIP, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 826-2000
mark.filip@kirkland.com

PAUL D. CLEMENT
ERIN E. MURPHY
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com
erin.murphy@clementmurphy.com

*Counsel for Defendants Fox Corporation, Fox News Network LLC, and Lou Dobbs*

## CERTIFICATE OF SERVICE

The foregoing Memorandum in Support of Defendants' Motion to Dismiss was served electronically on all counsel of record in this matter via the Court's ECF system.


*/s/Robert W. Allen*
Robert W. Allen