**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAJED KHALIL,<br><br>                    Plaintiff,<br><br>    v.<br><br>FOX CORPORATION, *et al.*<br><br>                    Defendants. | **HON. LOUIS L. STANTON**<br><br>**CASE NO. 1:21-CV-10248-LLS** |

Defendant Fox Corporation, by and through its counsel of record, submits this Answer and responds to the corresponding numbered allegations contained in Plaintiff Majed Khalil's December 2, 2021 Complaint, ECF No. 1-1 ("Complaint") as follows.

**INTRODUCTION[1]**

1.      The allegations contained in Paragraph 1 and the accompanying footnote include argument and legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies those allegations.  To the extent the allegations contained in Paragraph 1 and the accompanying footnote purport to quote and/or summarize video-recorded programs, emails, documents, social media posts, or written texts, those videotapes, emails, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, emails, documents, social media posts, and/or written texts, such allegations are denied.  To the extent any further response is required, Fox Corporation denies the allegations contained in Paragraph 1, except Fox

---

[1]   The Complaint includes headings that are argument and for which no response is required. To the extent a response is required, Fox Corporation denies them.

Corporation states that Congress certified Joe Biden as the winner of the 2020 election for President of the United States.

2.      To the extent the allegations contained in Paragraph 2 and the accompanying footnote purport to quote and/or summarize video-recorded programs, emails, documents, social media posts, or written texts, those videotapes, emails, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, emails, documents, social media posts, and/or written texts, such allegations are denied.  Fox Corporation denies the remaining allegations contained in Paragraph 2 and the accompanying footnote.

3.      To the extent the allegations contained in Paragraph 3 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.  Fox Corporation denies the remaining allegations contained in Paragraph 3.

4.      Fox Corporation denies that it "endorsed, repeated, and broadcast a series of verifiably false claims" or "outlandish, defamatory, and far-fetched fictions."  To the extent the allegations contained in Paragraph 4 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.  To the extent a response is required, Fox Corporation denies the remaining allegations contained in Paragraph 4.

5.      Fox Corporation denies that it spread false propaganda, told a fictional story, and/or engaged in a disinformation campaign.  To the extent the allegations contained in Paragraph 5 purport to quote and/or summarize video-recorded programs, documents, social media posts, or written texts, those videotapes, documents, social media posts, and/or written texts speak for

themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied.  Fox Corporation denies the remaining allegations contained in Paragraph 5.

6.     To the extent the allegations contained in Paragraph 6 purport to quote and/or summarize video-recorded programs, documents, social media posts, or written text, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied.  Fox Corporation denies the remaining allegations contained in Paragraph 6.

7.     To the extent the allegations contained in Paragraph 7 purport to quote and/or summarize video-recorded programs, documents, social media posts, or written texts, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied.  Fox Corporation denies the remaining allegations contained in Paragraph 7.

8(a).   The allegations contained in Paragraph 8(a) are argument to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations in Paragraph 8(a). [2]

---

[2]   The Complaint contains two paragraphs marked with the number 8.  *See* ECF No. 1-1 at 5-6. So that the responses in this answer correspond to the allegations in the Complaint, Fox News has numbered this paragraph as 8(a), which corresponds to Khalil's Paragraph 8 on page 5 of the Complaint, and the following paragraph as 8(b), which corresponds to Khalil's Paragraph 8 on page 6 of the Complaint.

## PARTIES

8(b).  To the extent the allegations contained in Paragraph 8(b) purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 8(b) and therefore denies them.

9.      Fox Corporation admits the allegations in Paragraph 9.

10.     The allegations contained in Paragraph 10 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies those allegations.  To the extent the complaint refers to Fox Corporation and Fox News collectively, Fox Corporation is a separate entity from Fox News, and only responds with respect to Fox Corporation and not Fox News.  Fox Corporation is responding to allegations against "Fox" as against Fox News unless there is a clear reference indicating the allegation is pertinent to Fox Corporation. Fox Corporation admits that Fox News Network, LLC is a large company with an international reach.  Fox Corporation does not dispute for purposes of this litigation that Fox News Network, LLC's principal place of business is located in New York, New York, that it is incorporated in Delaware, and that Fox News Network LLC is wholly owned by Fox Corporation.  To the extent the allegations contained in Paragraph 10 purport to quote and/or summarize video-recorded programs, documents, social media posts, or written text, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied.  Fox Corporation denies the remaining allegations contained in Paragraph 10 and the accompanying footnotes.[3]

---

[3]   Despite Khalil's characterization of "Fox" as a collective of Fox Corporation and Fox News Network, LLC, Fox Corporation is a separate entity from Fox News.  This Answer only

11.     To the extent the allegations contained in Paragraph 11 purport to quote and/or summarize written documents, social media posts, and/or social media accounts, those written documents, social media posts, and/or social media accounts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those written documents, social media posts, and/or social media accounts, such allegations are denied.  To the extent the allegations contained in Paragraph 11 contain legal conclusions, no response is required.  To the extent a further response is required, Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 11 and the accompanying footnotes and therefore denies them.

12.     Fox Corporation admits the allegations contained in the first sentence of Paragraph 12.  Fox Corporation also admits that Sidney Powell appeared on certain Fox News programs in the immediate aftermath of the 2020 U.S. Presidential Election, including *Lou Dobbs Tonight*.  To the extent the allegations in Paragraph 12 and the accompanying footnotes relate to third parties' characterization of Sidney Powell, Fox Corporation lacks knowledge and/or information of these allegations and therefore denies them.  To the extent the allegations contained in Paragraph 12 purport to quote and/or summarize video-recorded programs and/or written documents, those videotapes and documents speak for themselves, and no response is required.  To the extent these allegations seek to characterize those video-recorded programs or documents, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations in Paragraph 12 and the accompanying footnotes and therefore denies them.

---

contains the responses of Fox Corporation and not Fox News.  Fox News is filing a separate Answer to Plaintiff's Complaint.

13.     The first sentence of Paragraph 13 is a summary for which no response is required. Fox Corporation denies the remaining allegations contained in Paragraph 13.

14.     The allegations contained in Paragraph 14 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation does not dispute that this Court has personal jurisdiction over Fox Corporation and Fox News Network LLC in this case. Fox Corporation denies that it broadcasted, cablecasted, or otherwise published defamatory and disparaging statements or a "disinformation campaign to solicit views and readers."   Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 14 and therefore denies them

15.     Fox Corporation denies that Dobbs made defamatory or disparaging statements. Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 15 and therefore denies them.

16.     Fox Corporation denies the allegations contained in Paragraph 16 as they relate to Fox Corporation.   Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 16 and therefore denies them.

17.     The allegations contained in Paragraph 17 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies those allegations.  By way of further response, for purposes of this matter, Fox Corporation does not dispute that venue is proper in this Court.  Fox Corporation denies the remaining allegations contained in Paragraph 17.

**FACTUAL ALLEGATIONS**

18.     Fox Corporation lacks knowledge and/or information of the allegations contained in Paragraph 18 and therefore denies them.

19.     Fox Corporation lacks knowledge and/or information of the allegations contained in Paragraph 19 and therefore denies them.

20.     Fox Corporation lacks knowledge and/or information of the allegations contained in Paragraph 20 and therefore denies them.

21.     Fox Corporation lacks knowledge and/or information of the allegations contained in Paragraph 21 and therefore denies them.

22.     Fox Corporation lacks knowledge and/or information of the allegations contained in Paragraph 22 and therefore denies them.

23.      To the extent the allegations contained in Paragraph 23 purport to quote and/or summarize reports, documents, poll results, or written text, those reports, documents, poll results, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those reports, documents, poll results, or written text, such allegations are denied.

24.     Fox Corporation admits that Fox News distributes certain content through digital media to include the Fox News Mobile App, Twitter, Facebook, and Instagram.  To the extent the allegations contained in Paragraph 24 purport to quote and/or summarize reports, documents, poll results, and/or written text, those reports, documents, poll results, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those reports, documents, poll results, or written texts, such allegations are denied.

25.     Fox Corporation admits that Lachlan Murdoch is the CEO of Fox Corporation and Rupert Murdoch is the Chairman of Fox Corporation.  Fox Corporation further states that both play a role with respect to Fox News that is appropriate to their offices.  To the extent the allegations contained in Paragraph 25 and the accompanying footnotes purport to quote and/or

summarize reports, documents, or written text, those reports, documents, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those reports, documents, and/or written texts, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 25 and therefore denies them.

26.     To the extent the allegations contained in Paragraph 26 purport to quote and/or summarize documents or written text, those documents and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents or written texts, such allegations are denied.  Fox Corporation denies any remaining allegations contained in Paragraph 26.

27.     To the extent the allegations in Paragraph 27 purport to summarize and/or quote written texts or articles, those written texts and/or articles speak for themselves, and no response is required.  To the extent these allegations seek to characterize those written texts or articles, such allegations are denied.  Fox Corporation denies the remaining allegations contained in Paragraph 28 and the accompanying footnotes.

28.     To the extent the allegations contained in Paragraph 28 and the accompanying footnotes purport to quote and/or summarize documents or written text, those documents and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents or written text, such allegations are denied.  Fox Corporation denies the remaining allegations contained in Paragraph 28 and the accompanying footnotes.

29.     To the extent the allegations contained in Paragraph 29 and the accompanying footnotes purport to quote and/or summarize a transcript or report, that transcript or report speaks for itself, and no response is required.  To the extent these allegations seek to characterize that

transcript or report, such allegations are denied. Fox Corporation denies the remaining allegations contained in Paragraph 29 and the accompanying footnotes.

30.   Fox Corporation denies the allegations in Paragraph 30.

31.   To the extent the allegations contained in Paragraph 31 purport to quote and/or summarize a video-recorded program and report, those videotapes and reports speak for themselves and no response is required. To the extent these allegations seek to characterize those video-recorded programs or reports, such allegations are denied. Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 31 and the accompanying footnotes and therefore denies them.

32.   To the extent the allegations contained in Paragraph 32 purport to quote and/or summarize video-recorded programs and reports, those videotapes and reports speak for themselves, and no response is required. To the extent these allegations seek to characterize those video-recorded programs and reports, such allegations are denied. Fox Corporation lacks knowledge and/or information as to the remaining allegations contained in Paragraph 32 and the accompanying footnotes and therefore denies them.

33.   To the extent the allegations contained in Paragraph 33 and the accompanying footnotes purport to quote and/or summarize a written document or video-recorded program, those written documents or videotapes speaks for themselves, and no response is required. To the extent these allegations seek to characterize those written documents or videotapes, such allegations are denied. Fox Corporation lacks knowledge and/or information as to the remaining allegations contained in Paragraph 33 and the accompanying footnotes and therefore denies them.

34.   Fox Corporation denies the allegations in Paragraph 34.

35.     Fox Corporation denies the allegations contained in the last two sentences of Paragraph 35.  To the extent the allegations contained in Paragraph 35 purport to quote and/or summarize documents or written text, those documents and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents or written texts, such allegations are denied.  Fox Corporation lacks knowledge and/or information as to the remaining allegations in Paragraph 35 and the accompanying footnotes and therefore denies them.

36.     To the extent the allegations contained in Paragraph 36 purport to quote and/or summarize documents, written text, or video-recorded programs, those documents, written texts, and/or video-recorded programs speak for themselves, and no response is required.

37.     To the extent the allegations contained in Paragraph 37 purport to quote and/or summarize video-recorded programs, the videotapes speak for themselves, and no response is required.  To the extent these allegations seek to characterize those video-recorded programs, such allegations are denied.  Fox Corporation lacks knowledge and/or information as to the remaining allegations in Paragraph 37 and the accompanying footnotes and therefore denies them.

38.     To the extent the allegations contained in Paragraph 38 purport to quote and/or summarize video-recorded programs, the videotapes speak for themselves, and no response is required.  To the extent these allegations seek to characterize those video-recorded programs, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 38 and therefore denies them.

39.     Fox Corporation denies the allegations in Paragraph 39.

40.     To the extent the allegations contained in Paragraph 40 purport to quote and/or summarize video-recorded programs, documents, social media posts, and/or written texts, those

videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, emails, documents, social media posts, and/or written texts, such allegations are denied.  To the extent the allegations contained in Paragraph 40 contain legal conclusions, no response is required.  To the extent a response is required, Fox Corporation lacks knowledge and/or information of the allegations contained in Paragraph 40 and therefore denies them.

41.     Fox Corporation states that the first sentence of Paragraph 41 contains argument and legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies those allegations.  To the extent the allegations contained in Paragraph 41 purport to summarize written documents or video-recorded programs, those documents and videotapes speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents and video-recorded programs, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 41 and the accompanying footnotes and therefore denies them.

42.     To the extent the allegations contained in Paragraph 42 and the accompanying footnote purport to summarize written documents or a website, the documents and website speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents and websites, such allegations are denied.  Fox Corporation denies the remaining allegations contained in Paragraph 42 and the accompanying footnotes.

43.     To the extent the allegations contained in Paragraph 43 and the accompanying footnotes purport to quote and/or summarize documents or written text, those documents and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those written documents or written texts, such allegations are denied.  Fox

Corporation lacks knowledge and/or information as to the remaining allegations in Paragraph 43 and therefore denies them.

44.     To the extent the allegations contained in Paragraph 44 purport to summarize video-recorded programs, those videotapes speak for themselves, and no response is required.  To the extent these allegations seek to characterize those video-recorded programs, such allegations are denied.  To the extent the allegations contained in Paragraph 44 contain legal conclusions, no response is required.  To the extent a response is required, Fox Corporation denies those allegations.  Fox Corporation lacks knowledge and/or information as to the remaining allegations contained in Paragraph 44 and the accompanying footnotes and therefore denies them.

45.     To the extent the allegations contained in Paragraph 45 and the accompanying footnote purport to summarize a written document, that document speaks for itself, and no response is required.  To the extent these allegations seek to characterize that document, such allegations are denied.  Fox Corporation denies the remaining allegations contained in Paragraph 45.

46.     To the extent the allegations contained in Paragraph 46 purport to summarize written documents and emails, those documents and emails speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents and emails, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 46 and accompanying footnotes and therefore denies them.

47.     To the extent the allegations contained in Paragraph 47 purport to summarize written documents and emails, those documents and emails speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents and emails, such

allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 47 and the accompanying footnotes and therefore denies them.

48.     To the extent the allegations contained in Paragraph 48 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.  Fox Corporation lacks knowledge and/or information as to the remaining allegations contained in Paragraph 48 and the accompanying footnotes and therefore denies them.

49.     To the extent the allegations contained in Paragraph 49 purport to summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize this video-recorded program, such allegations are denied. Fox Corporation lacks knowledge and/or information as to the remaining allegations contained in Paragraph 49 and the accompanying footnotes and therefore denies them.

50.     To the extent the allegations contained in Paragraph 50 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize the video-recorded program, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 50 and therefore denies them.

51.     To the extent the allegation contained in Paragraph 51 purports to quote and/or summarize a social media post, the social media post speaks for itself, and no response is required. To the extent these allegations seek to characterize the social media post, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the allegations contained in Paragraph 51 and therefore denies them.

52.     To the extent the allegations contained in Paragraph 52 and the accompanying footnotes purport to quote and/or summarize emails or written documents, those emails and/or documents speak for themselves, and no response is required.  To the extent these allegations seek to characterize those emails or written documents, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 52 and the accompanying footnotes and therefore denies them.

53.     To the extent the allegations contained in Paragraph 53 and the accompanying footnote purport to summarize written documents or video-recorded programs, those documents and videotapes speak for themselves, and no response is required.  To the extent these allegations seek to characterize these documents and videotapes, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the allegations in Paragraph 53 and the accompanying footnotes and therefore denies them.

54.     To the extent the allegations contained in Paragraph 54 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize the video-recorded program, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 54 and therefore denies them.

55.     To the extent the allegations contained in Paragraph 55 and the accompanying footnote purport to quote and/or summarize a social media post, the social media post speaks for itself, and no response is required.  To the extent the allegations seek to characterize the social media post, such allegations are denied.  Fox Corporation states that publication is a legal concept in a defamation case.  Therefore, to the extent the allegations contained in Paragraph 55 contain

legal conclusions, no response is required.  To the extent a further response is required, such allegations are denied.

56.     The allegations contained in Paragraph 56 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies those allegations.  To the extent the allegations contained in Paragraph 56 purport to summarize video-recorded programs, articles, social media posts, or written text, those video-recorded programs, articles, social media posts, and/or written texts speak for themselves, and no response is required. To the extent these allegations seek to characterize those videotapes, articles, social media posts, or written texts, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations in Paragraph 56 and therefore denies them.

57.     To the extent the allegations contained in Paragraph 57 purport to quote and/or summarize public records and video-recorded programs, the public records and videotapes speak for themselves, and no response is required.  To the extent the allegations seek to characterize those public records and videotapes, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 57 and the accompanying footnotes and therefore denies them.

58.     To the extent the allegations contained in Paragraph 58 purport to quote and/or summarize a written document, the written document speaks for itself and no response is required. To the extent these allegations seek to characterize that document, such allegations are denied.  To the extent a further response is required, Fox Corporation lacks knowledge and/or information of the allegations in Paragraph 58 and therefore denies them.

59.     To the extent the allegations contained in Paragraph 59 purport to quote and/or summarize emails, those emails speak for themselves, and no response is required.  To the extent

these allegations seek to characterize those emails, such allegations are denied. Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 59 and therefore denies them.

60.     To the extent the allegations contained in Paragraph 60 and the accompanying footnotes purport to summarize written documents and emails, those documents and emails speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents and emails, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations in Paragraph 60 and the accompanying footnotes and therefore denies them.

61.     Fox Corporation admits that Sidney Powell appeared on the episode of *Lou Dobbs Tonight* that aired on November 16, 2020.  To the extent the allegations contained in Paragraph 61 purport to quote and/or summarize video-recorded programs, documents, social media posts, or written text, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied.  To the extent the allegations contained in Paragraph 61 contain legal conclusions, no response is required.  To the extent a response is required, Fox Corporation denies those allegations.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 61 and the accompanying footnotes and therefore denies them.

62.     To the extent the allegations contained in Paragraph 62 purport to summarize written documents or emails, those documents and emails speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents and emails, such

allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 62 and the accompanying footnotes and therefore denies them.

63.    To the extent the allegations contained in Paragraph 63 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize that video-recorded program, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 63 and therefore denies them.

64.     To the extent the allegations contained in Paragraph 64 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize that video-recorded program, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 64 and therefore denies them.

65.    To the extent the allegations contained in Paragraph 65 purport to quote and/or summarize written documents, those documents speak for themselves, and no response is required. To the extent these allegations seek to characterize that document, such allegations are denied. Fox Corporation lacks knowledge/and or information of the remaining allegations in Paragraph 65 and the accompanying footnotes and therefore denies them.

66.    To the extent the allegations contained in Paragraph 66 purport to quote and/or summarize video-recorded programs and social media posts, the videotapes and social media posts speak for themselves, and no response is required.   To the extent these allegations seek to characterize those video-recorded programs or social media posts, such allegations are denied. Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 66 and the accompanying footnotes and therefore denies them.

67.     To the extent the allegations contained in Paragraph 67 purport to summarize and/or quote written documents, those documents speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents, such allegations are denied.  Fox Corporation states that retraction is a relevant legal concept in a defamation case.  Therefore, the allegations contained Paragraph 67 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 67 and the accompanying footnotes and therefore denies them.

68.     Fox Corporation states that a response to a request for a retraction is a relevant legal concept in a defamation case.  Therefore the allegations contained in Paragraph 68 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 68 and therefore denies them.

69.     To the extent the allegations contained in Paragraph 69 purport to summarize a written document, that document speaks for itself, and no response is required.  To the extent these allegations seek to characterize that document, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 69 and therefore denies them.

70.     Fox Corporation denies that it advanced an "attack on Dominion and Smartmatic." To the extent the allegations contained in Paragraph 70 purport to quote and/or summarize video-recorded programs, the videotapes speak for themselves, and no response is required.  To the extent these allegations seek to characterize those video-recorded programs, such allegations are denied.

Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 70 and the accompanying footnotes and therefore denies them.

71.     To the extent the allegations contained in Paragraph 71 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize those video-recorded programs, such allegations are denied. Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 71 and the accompanying footnotes and therefore denies them.

72.     To the extent the allegations contained in Paragraph 72 and the accompanying footnote purport to summarize a written document, article, or website, that document, article, or website speaks for itself, and no response is required. To the extent these allegations seek to characterize that document, article, or website such allegations are denied. Fox Corporation lacks knowledge and/or information of the allegations contained in Paragraph 72 and therefore denies them.

73.     To the extent the allegations contained in Paragraph 73 and the accompanying footnote purport to summarize a written document or statement, that document or statement speaks for itself, and no response is required. To the extent these allegations seek to characterize that document or statement, such allegations are denied.

74.     To the extent the allegations contained in Paragraph 74 purport to summarize written documents, statements, and emails, those documents, statements, and emails speak for themselves, and no response is required. To the extent these allegations seek to characterize those documents, statements, and emails, such allegations are denied. Fox Corporation lacks knowledge and/or information of the remaining allegations in Paragraph 74 and all accompanying footnotes and therefore denies them.

75.     To the extent the allegations contained in Paragraph 75 purport to quote and/or summarize video-recorded programs, documents, social media posts, or written texts, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 75 and the accompanying footnotes and therefore denies them.

76.     To the extent the allegations contained in Paragraph 76 purport to summarize written documents, statements, and emails, those documents, statements, and emails speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents, statements, and emails, such allegations are denied.  Fox Corporation lacks knowledge and/or information as to the remaining allegations in Paragraph 76 and the accompanying footnotes and therefore denies them.

77.     Fox Corporation denies the allegation of a disinformation campaign.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 77 and therefore denies them.

78.     To the extent the allegations contained in Paragraph 78 purport to quote and/or summarize video-recorded programs, articles, interviews, or written documents, those videotapes, articles, interviews, and/or written documents speak for themselves, and no response is required. To the extent these allegations seek to characterize those videotapes, articles, interviews, and/or written documents, such allegations are denied.  Fox Corporation lacks knowledge and/or information as to the remaining allegations contained in Paragraph 78 and therefore denies them.

79.     To the extent the allegations contained in Paragraph 79 purport to summarize written documents, statements, and emails, those documents, statements, and emails speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents, statements, and emails, such allegations are denied.  Fox Corporation lacks knowledge and/or information as to the remaining allegations in Paragraph 79 and the accompanying footnote and therefore denies them.

80.     To the extent the allegations contained in Paragraph 80 purport to quote and/or summarize a written document or video-recorded program, those documents or videotapes speak for themselves, and no response is required.  To the extent these allegations seek to characterize that document or video-recorded program, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 80 and therefore denies them.

81.     To the extent the allegations contained in Paragraph 81 purport to summarize video-recorded programs, articles, social media posts, or written texts, those video-recorded programs, articles, social media posts, and/or written texts speak for themselves, and no response is required. To the extent these allegations seek to characterize those videotapes, articles, social media posts, or written texts, such allegations are denied.  Fox Corporation lacks knowledge and or information of the remaining allegations in Paragraph 81 and the accompanying footnotes and therefore denies them.

82.     To the extent the allegations contained in Paragraph 82 purport to quote and/or summarize a written document or statement, the written document and statement speak for themselves, and no response is required.  To the extent these allegations seek to characterize the written document or statement, such allegations are denied.  Fox Corporation lacks knowledge

and/or information as to the remaining allegations in Paragraph 82 and the accompanying footnotes and therefore denies them.

83.     To the extent the allegations contained in Paragraph 83 purport to summarize written documents, statements, and emails, those documents, statements, and emails speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents, statements, and emails, such allegations are denied.  Fox Corporation lacks knowledge and/or information as to the remaining allegations in Paragraph 83 and therefore denies them.

84.     Fox Corporation denies the allegations in Paragraph 84.

85.     Fox Corporation denies the allegations contained in the first sentence of Paragraph 85.  To the extent the allegations contained in Paragraph 85 purport to quote and/or summarize video-recorded programs, those videotapes and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those video-recorded programs or written texts, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations in Paragraph 85 and the accompanying footnotes and therefore denies them.

86.     Fox Corporation admits that Sidney Powell appeared on *Lou Dobbs Tonight* on December 10, 2020.  To the extent the allegations contained in Paragraph 86 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize that video-recorded program, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 86 and therefore denies them.

87.     To the extent the allegations contained in Paragraph 87 purport to summarize a written document, that document speaks for itself, and no response is required.  To the extent these

allegations seek to characterize that document, such allegations are denied.  Fox Corporation also states that retraction is a relevant legal concept in a defamation case.  Therefore, the allegations contained in Paragraph 87 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies those allegations.  Fox Corporation denies the remaining allegations contained in Paragraph 87.

88.     To the extent the allegations contained in Paragraph 88 purport to quote and/or summarize video-recorded programs, documents, social media posts, or written text, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied.  Fox Corporation lacks knowledge and/or information as to the remaining allegations contained in Paragraph 88 and therefore denies them.

89.     To the extent the allegations contained in Paragraph 89 and the accompanying footnotes purport to quote and/or summarize documents, social media posts, or written text, those documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents, social media posts, and/or written texts, such allegations are denied.  Fox Corporation lacks knowledge and/or information as to the remaining allegations in Paragraph 89 and the accompanying footnotes and therefore denies them.

90.     To the extent the allegations contained in Paragraph 90 purport to quote and/or summarize documents, social media posts, or written texts, those documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents, social media posts, and/or written texts, such

allegations are denied.  Fox Corporation lacks knowledge and/or information as to the remaining allegations in Paragraph 90 and therefore denies them.

91.    To the extent the allegations contained in Paragraph 91 purport to quote and/or summarize documents, social media posts, or written text, those documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents, social media posts, and/or written texts, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 91 concerning Mr. Khalil and therefore denies them.

92.    The allegations in Paragraph 92 contain legal conclusions to which no response is required.  To the extent that a response is required, Fox Corporation denies the allegations.  To the extent the allegations contained in Paragraph 92 purport to quote and/or summarize documents, social media posts, or written texts, those documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those documents, social media posts, and/or written texts, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations in Paragraph 92 and the accompanying footnotes and therefore denies them.

93.    To the extent the allegations contained in Paragraph 93 purport to quote and/or summarize video-recorded programs, documents, social media posts, or written texts, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 93 and therefore denies them.

94.     To the extent the allegations contained in Paragraph 94 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 94 and therefore denies them.

95.     To the extent the allegations contained in Paragraph 95 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 95 and therefore denies them.

96.     To the extent the allegations contained in Paragraph 96 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.  Fox Corporation lacks knowledge and/or information as to the remaining allegations in Paragraph 96 and therefore denies them.

97.     To the extent the allegations contained in Paragraph 97 purport to quote and/or summarize video-recorded programs or written texts, those videotapes and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes or written texts, such allegations are denied.  Fox Corporation lacks knowledge and/or information as to the remaining allegations in Paragraph 97 and the accompanying footnotes and therefore denies them.

98.     To the extent the allegations contained in Paragraph 98 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.

To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.  Fox Corporation lacks knowledge and/or information as to the remaining allegations in Paragraph 98 and therefore denies them.

99.     To the extent the allegations contained in Paragraph 99 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 99 and therefore denies them.

100.     The allegations contained in Paragraph 100 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize this video-recorded program, such allegations are denied. Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 100 and therefore denies them.

101.     To the extent the allegations contained in Paragraph 101 and the accompanying footnote purport to quote and/or summarize a video-recorded program, those videotapes speak for themselves, and no response is required.  To the extent these allegations seek to characterize those video-recorded programs, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 101 and the accompanying footnotes and therefore denies them.

102.     To the extent the allegations contained in Paragraph 102 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize the video-recorded program, such allegations

are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations in Paragraph 102 and therefore denies them.

103.    To the extent the allegations contained in Paragraph 103 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent the allegations contained in Paragraph 103 seek to characterize this video-recorded program, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 103 and therefore denies them.

104.    To the extent the allegations contained in Paragraph 104 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.  Fox Corporation lacks knowledge and/or information as to the remaining allegations in Paragraph 104 and therefore denies them.

105.    To the extent the allegations contained in Paragraph 105 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.  Fox Corporation lacks knowledge and/or information as to the remaining allegations in Paragraph 105 and therefore denies them.

106.    The allegations contained in Paragraph 106 contain legal conclusions to which no answer is required.  To the extent a further response is required, Fox Corporation lacks knowledge and/or information of the remaining allegations in Paragraph 106 and therefore denies them.

107.    To the extent the allegations contained in Paragraph 107 purport to summarize video-recorded programs, articles, social media posts, or written text, those video-recorded programs, articles, social media posts, and/or written texts speak for themselves, and no response

is required.  To the extent these allegations seek to characterize those videotapes, articles, social media posts, or written texts, such allegations are denied.  Fox Corporation lacks knowledge and/or information as to the remaining allegations contained in Paragraph 107 and therefore denies them.

108.   The allegations contained in Paragraph 108 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 108.

109.   Fox Corporation states that it did not contact Plaintiff in advance of the December 10, 2020 episode of *Lou Dobbs Tonight*.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 109 and therefore denies them.

110.   Fox Corporation states that retraction is a relevant legal concept in a defamation case.  Therefore, the allegations contained in the first sentence of Paragraph 110 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies those allegations.  To the extent the allegations contained in Paragraph 110 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required.  To the extent these allegations seek to characterize this video-recorded program, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 110 and therefore denies them.

111.   Fox Corporation states that retraction is a relevant legal concept in a defamation case.  Therefore, the allegations contained in Paragraph 111 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies those allegations.  To the extent the allegations contained in Paragraph 111 purport to summarize a written document, that document speaks for itself, and no response is required.  To the extent these allegations seek to characterize those documents, such allegations are denied.  To the extent a

further response is required, Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 111 and the accompanying footnotes and therefore denies them.

112.    To the extent the allegations contained in Paragraph 112 purport to quote and/or summarize a video-recorded program and/or social media posts, those videotapes and/or social media posts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those video-recorded programs or social media posts, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 112 and the accompanying footnotes and therefore denies them.

113.    Fox Corporation lacks knowledge and/or information of the allegations in Paragraph 113 and therefore denies them.

114.    To the extent the allegations contained in Paragraph 114 purport to quote and/or summarize video-recorded programs, the videotapes speak for themselves, and no response is required.  To the extent these allegations seek to characterize these video-recorded programs, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the allegations contained in Paragraph 114 and the accompanying footnotes and therefore denies them.

115.    To the extent the allegations contained in Paragraph 115 purport to quote and/or summarize video-recorded programs or written documents, those videotapes and written documents speak for themselves, and no response is required.  To the extent these allegations seek to characterize these video-recorded programs or documents, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 115 and the accompanying footnotes and therefore denies them.

116.    To the extent the allegations contained in Paragraph 116 purport to quote and/or summarize social media posts, those social media posts speak for themselves, and no response is

required.   To the extent these allegations seek to characterize those social media posts, such allegations are denied.  Fox Corporation lacks knowledge and/or information as to the remaining allegations contained in Paragraph 116 and therefore denies them.

117.   Fox Corporation denies the allegations contained in Paragraph 117.

118.   Fox Corporation denies the allegations of a disinformation campaign.   Fox Corporation lacks knowledge and/or information as to the remaining allegations contained in Paragraph 118 and therefore denies them.

119.   Fox Corporation denies the allegations contained in Paragraph 119.

120.   To the extent the allegations contained in Paragraph 120 and the accompanying footnotes purport to quote and/or summarize written documents, those documents speak for themselves, and no response is required.  To the extent the allegations seek to characterize those documents, such allegations are denied.

121.   To the extent the allegations contained in Paragraph 121 purport to summarize video-recorded programs, written documents, or data, those videotapes, written documents, and data speak for themselves, and no response is required.  To the extent the allegations seek to characterize those videotapes, written documents, and data, such allegations are denied.  Fox Corporation lacks information and/or knowledge of the remaining allegations contained in Paragraph 121 and the accompanying footnotes and therefore denies them.

122.    To the extent the allegations contained in Paragraph 122 and the accompanying footnote purport to quote and/or summarize written documents, those documents speak for themselves, and no response is required.  To the extent the allegations seek to characterize those documents, such allegations are denied.

123.     To the extent the allegations contained in Paragraph 123 and the accompanying footnotes purport to quote and/or summarize written documents, those documents speak for themselves, and no response is required.  To the extent the allegations seek to characterize those documents, such allegations are denied.

124.     To the extent the allegations contained in Paragraph 124 purport to quote and/or summarize written documents, those documents speak for themselves, and no response is required. To the extent the allegations seek to characterize those documents, such allegations are denied. Fox Corporation denies the remaining allegations contained in Paragraph 124.

125.     To the extent the allegations contained in Paragraph 125 and the accompanying footnotes purport to quote and/or summarize documents or written text, those documents and/or written text speak for themselves, and no response is required. To the extent these allegations seek to characterize those written documents or written text, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 125 and therefore denies them.

126.     Fox Corporation denies the allegations contained in the first sentence of Paragraph 126.  Fox Corporation admits that Chris Stirewalt and Bill Sammon are no longer employed at any Fox Corporation subsidiary.

127.     Fox Corporation repeats and incorporates by reference its responses to Paragraphs 1-126 as if stated fully herein.

128.     To the extent the allegations contained in Paragraph 128 purport to quote and/or summarize video-recorded programs, documents, social media posts, or written text, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes,

documents, social media posts, and/or written texts, such allegations are denied. Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 128 and the accompanying footnotes and therefore denies them.

129.   Fox Corporation denies that it made any false or defamatory statements. To the extent the allegations contained in Paragraph 129 purport to quote and/or summarize video-recorded programs, documents, social media posts, or written text, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required. To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied. Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 129 and the accompanying footnotes and therefore denies them.

130.   Fox Corporation denies that it made any false statements. To the extent the allegations contained in Paragraph 130 purport to quote and/or summarize video-recorded programs, documents, social media posts, or written text, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required. To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied. Fox Corporation lacks knowledge and/or information as to the remaining allegations contained in Paragraph 130 and therefore denies them.

131.   The allegations contained in Paragraph 131 contain legal conclusions to which no response is required. To the extent a response is required, Fox Corporation denies the allegations.

132.   To the extent the allegations contained in Paragraph 132 contain legal conclusions, no response is required. To the extent a response is required, Fox Corporation denies those allegations. To the extent the allegations contained in Paragraph 132 purport to summarize video-

recorded programs, articles, social media posts, or written texts, those video-recorded programs, articles, social media posts, and/or written texts speak for themselves, and no response is required. To the extent these allegations seek to characterize those videotapes, articles, social media posts, or written texts, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 132 and the accompanying footnotes and therefore denies them.

133.    The allegations contained in Paragraph 133 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 133.

134.    The allegations contained in Paragraph 134 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 134.

135.    The allegations contained in Paragraph 135 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 135.

136.    The allegations contained in Paragraph 136 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 136.

137.    The allegations contained in Paragraph 137 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 137.

138.    To the extent the allegations contained in Paragraph 138 and the accompanying footnotes purport to summarize video-recorded programs or written text, those video-recorded

programs and/or written texts speak for themselves, and no response is required. To the extent these allegations seek to characterize those videotapes, articles, social media posts, or written texts, such allegations are denied. To the extent the allegations contained in Paragraph 138 are argument and legal conclusions, no response is required. To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 138.

139. Fox Corporation repeats and incorporates by reference its responses to Paragraphs 1-138 as if stated fully herein.

140. The allegations contained in the last sentence of Paragraph 140 contain legal conclusions to which no response is required. To the extent a response is required, Fox Corporation lacks knowledge and/or information of the allegations contained in Paragraph 140 and therefore denies them.

141. To the extent the allegations contained in Paragraph 141 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize this video-recorded program, such allegations are denied. Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 141 and therefore denies them.

142. Fox Corporation denies that the December 10, 2020 episode of *Lou Dobbs Tonight* contained false or defamatory statements. To the extent the allegations contained in Paragraph 142 purport to quote and/or summarize a video-recorded program, the videotape speaks for itself, and no response is required. To the extent these allegations seek to characterize this video-recorded program, such allegations are denied. To the extent the allegations contained in Paragraph 142 contain legal conclusions, no response is required. To the extent a response is required, Fox Corporation denies the remaining allegations contained in Paragraph 142.

143.    Fox Corporation denies that the December 10, 2020 episode of *Lou Dobbs Tonight* contained false statements.  To the extent the allegations contained in Paragraph 143 purport to quote and/or summarize a video-recorded program or written document, those videotapes and/or written documents speak for themselves, and no response is required.  To the extent these allegations seek to characterize those video-recorded program, written documents, or social media posts, such allegations are denied.  Fox Corporation lacks knowledge and/or information as to the remaining allegations contained in Paragraph 143 and therefore denies them.

144.    The allegations contained in Paragraph 144 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 144.

145.    The allegations contained in Paragraph 145 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 145.

146.    The allegations contained in Paragraph 146 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 146.

147.    The allegations contained in Paragraph 147 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 147.

148.    The allegations contained in Paragraph 148 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 148.

149.    The allegations contained in Paragraph 149 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 149.

150.    The allegations contained in Paragraph 150 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 150.

151.    The allegations contained in Paragraph 151 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 151.

152.    Fox Corporation repeats and incorporates by reference its responses to Paragraphs 1-151 as if stated fully herein.

153.    The allegations in Paragraph 153 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies those allegations.  To the extent the allegations contained in Paragraph 153 purport to summarize video-recorded programs, articles, social media posts, or written texts, those video-recorded programs, articles, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, articles, social media posts, or written texts, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 153 and the accompanying footnotes and therefore denies them.

154.    To the extent the allegations contained in Paragraph 154 purport to summarize video-recorded programs, articles, social media posts, or written text, those video-recorded programs, articles, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, articles, social

media posts, or written texts, such allegations are denied.  To the extent the allegations contained in Paragraph 154 contain legal conclusions, no response is required.  To the extent further response is required, Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 154 and the accompanying footnotes and therefore denies them.

155.    Fox Corporation denies that the December 10, 2020 posts contained false statements.  To the extent the allegations contained in Paragraph 155 purport to summarize video-recorded programs, articles, social media posts, or written text, those video-recorded programs, articles, social media posts, and/or written texts speak for themselves, and no response is required. To the extent these allegations seek to characterize those videotapes, articles, social media posts, or written texts, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 155 and therefore denies them.

156.    The allegations contained in Paragraph 156 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 156.

157.    The allegations contained in Paragraph 157 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 157.

158.    The allegations contained in Paragraph 158 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 158.

159.    The allegations contained in Paragraph 159 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 159.

160.    The allegations contained in Paragraph 160 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 160.

161.    The allegations contained in Paragraph 161 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 161.

162.    The allegations contained in Paragraph 162 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 162.

163.    The allegations contained in Paragraph 163 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 163.

164.    Fox Corporation repeats and incorporates by reference its responses to Paragraphs 1-163 as if stated fully herein.

165.    Paragraph 165 contains legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies those allegations.  To the extent the allegations contained in Paragraph 165 purport to summarize video-recorded programs, articles, social media posts, or written texts, those video-recorded programs, articles, social media posts, and/or written texts speak for themselves, and no response is required.  To the extent these allegations seek to characterize those videotapes, articles, social media posts, or written texts, such allegations are denied.  Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 165 and the accompanying footnotes and therefore denies them.

166.     Fox Corporation denies that there were "false and defamatory statements in the Dobbs Broadcast set forth in Paragraphs 141-142." The allegations contained in Paragraph 166 contain legal conclusions to which no response is required. To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 166. To the extent the allegations contained in Paragraph 166 purport to quote and/or summarize video-recorded programs, documents, social media posts, or written text, those videotapes, documents, social media posts, and/or written texts speak for themselves, and no response is required. To the extent these allegations seek to characterize those videotapes, documents, social media posts, and/or written texts, such allegations are denied. Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 166 and therefore denies them.

167.     To the extent the allegations contained in Paragraph 167 purport to summarize and/or quote video-recorded programs, articles, social media posts, or written texts, those video-recorded programs, articles, social media posts, and/or written texts speak for themselves, and no response is required. To the extent these allegations seek to characterize those videotapes, articles, social media posts, or written texts, such allegations are denied. Fox Corporation lacks knowledge and/or information of the remaining allegations contained in Paragraph 167 and therefore denies them.

168.     The allegations contained in Paragraph 168 contain legal conclusions to which no response is required. To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 168.

169.     The allegations contained in Paragraph 169 contain legal conclusions to which no response is required. To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 169.

170.     The allegations contained in Paragraph 170 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 170.

171.     The allegations contained in Paragraph 170 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 170.

172.     The allegations contained in Paragraph 172 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 172.

173.     The allegations contained in Paragraph 173 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 173.

174.     The allegations contained in Paragraph 174 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 174.

175.     The allegations contained in Paragraph 175 contain legal conclusions to which no response is required.  To the extent a response is required, Fox Corporation denies the allegations contained in Paragraph 175.

**PRAYER FOR RELIEF**

Fox Corporation denies that Plaintiff is entitled to any relief.

    a.   Fox Corporation denies that Plaintiff is entitled to general compensatory damages.

    b.   Fox Corporation denies that Plaintiff is entitled to punitive damages.

    c.   Fox Corporation denies that Plaintiff is entitled to pre-judgment or post-judgment interest.

    d.   Fox Corporation denies that Plaintiff is entitled to expenses and costs, including attorneys' fees.

    e.   Fox Corporation denies that Plaintiff is entitled to such other and further relief as the Court deems appropriate.

### AFFIRMATIVE AND OTHER DEFENSES

In addition to the foregoing responses, Fox Corporation generally denies liability for all claims alleged in the Complaint, denies each allegation that has not been expressly admitted, and asserts the following affirmative defenses to the claims alleged.  In doing so, Fox Corporation does not assume the burden of proof on these defenses where applicable law provides otherwise.  Fox Corporation reserves the right to assert additional affirmative defenses as discovery progresses.

### <u>First Defense</u>

Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory statements are true or substantially true.

### <u>Second Defense</u>

Plaintiff's claims are barred, in whole or in part, because Majed Khalil is a public figure and Fox Corporation did not act with actual malice.

### <u>Third Defense</u>

Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory statements are protected opinion.

### <u>Fourth Defense</u>

Plaintiff has failed to mitigate his damages.

### Fifth Defense

Plaintiff's claims are barred by New York Civil Rights Law Sections 74 and 76.

### Sixth Defense

Plaintiff's claims are barred to the extent that Plaintiff's own acts, rather than Fox Corporation's acts, caused and/or are responsible for Plaintiff's alleged injury.

### Seventh Defense

Plaintiff's claims are barred in whole or in part under both state law and the First Amendment to the United States Constitution because Fox Corporation is not liable for allegedly defamatory statements by third parties not employed by or affiliated with Fox Corporation.

### Eighth Defense

Plaintiff's claim for punitive damages is barred by the Due Process Clauses of the United States (Amendment V and Amendment XIV) and by the Due Process Clause of the New York Constitution (Article I, § 6).

### Ninth Defense And First Counterclaim Against Plaintiffs

1.      Defendant/Counterclaim Plaintiff Fox Corporation repeats and realleges all of the defenses set forth above as if more fully set forth herein.

2.      Fox Corporation asserts this defense and counterclaim against Plaintiff/Counterclaim Defendant Majed Khalil under New York's "Anti-SLAPP" statute, Civil Rights Law §§ 70-a, 76-a.

3.      Khalil's claims have no basis in law or fact.

4.      When the President of the United States, his legal team, and his surrogates leveled allegations about the role of fraud in the 2020 Presidential election, Fox Corporation's subsidiary Fox News followed this Nation's strong traditions of press freedom by covering those claims.  An

attempt by the sitting President to challenge the results of an election based on allegations of widespread voting fraud is undoubtedly newsworthy.  That is why media outlets the world over provided extensive coverage of and commentary on the President's allegations and the lawsuits they spawned.

5.      The U.S. Constitution and New York law protect this exercise of the constitutional right of the press to speak freely on issues of public interest.  Fox News ensured that the public had access to newsmakers and unquestionably newsworthy information that would help foster "uninhibited, robust, and wide-open" debate on rapidly developing events of unparalleled importance.  *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964).  "The First Amendment … presupposes that right conclusions are more likely to be gathered out of a multitude of tongues, than through any kind of authoritative selection.  To many this is, and always will be, folly; but we have staked upon it our all." *Id.* (citation omitted).

6.      This Court has already found that Khalil's lawsuit is covered by New York's Anti-SLAPP law, as "[t]he election of 2020 was clearly a matter of public interest."  D.E. 62 at 23.  It is also covered because it involves "other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest."  Civil Rights Law § 76-a(1)(a)(2).

7.      Where it applies, the Anti-SLAPP law provides protection both against the commencement of actions that fail to satisfy its requirements and against the continuation of actions that lack "a substantial basis in fact and law." *See* Civil Rights Law § 70-a(1)(a).

8.      For reasons articulated in the Fox Defendants' motion to dismiss, Khalil's liability claims against Fox Corporation lack a substantial basis in law, both because Fox Corporation's

coverage was fully protected by the First Amendment and New York law, and because Khalil failed to allege actual malice.  Moreover, Khalil's claims lack a substantial basis in fact.

9.      Fox Corporation therefore counterclaims against Khalil for costs and attorneys' fees under New York's Anti-SLAPP statute, Civil Rights Law § 70-a.

**A.      Parties**

10.     Plaintiff and Counterclaim Defendant is Majed Khalil.  He claims that he is a "Venezuelan businessman" that has "at times" been referred to as "Khalil Majed Mazoud."

11.     Defendant and Counterclaim Plaintiff Fox Corporation is a Delaware-incorporated news, sports, and entertainment company traded on the Nasdaq Global Select Market.  Its principal place of business is in New York, New York.

**B.      Khalil's Notoriety and Connections to Venezuelan Officials**

12.     Press reports spanning two decades indicate that Khalil has "amassed an empire in Venezuela in the shadows of the Chávez and Maduro Regimes,"[4] which the United States and others have accused of rigging elections in Venezuela with the help of Smartmatic.[5]

13.     Khalil's ties to Venezuelan officials and his position of authority and influence in that country have been widely reported.  Press articles have referred to him as "el testaferro," or in other words, the "front man," for Jorge Jesús Rodríguez Gómez, a close ally of Hugo Chávez and

---

[4]     Joseph M. Humire, *The Maduro-Hezbollah Nexus: How Iran-backed Networks Prop Up the Venezuelan Regime*, Atlantic Council (Oct. 7, 2020), https://archive.ph/V15G8.

[5]     *See* Bureau of Western Hemisphere Affairs, U.S. Dep't of State, *U.S. Relations with Venezuela* (Mar. 10, 2022), https://archive.ph/mSqGa (noting the U.S. "recognizes Interim President Juan Guaido" because of "the fraudulent December 2020 parliamentary elections organized by the illegitimate Nicolas Maduro regime"); Mary Anastasia O'Grady, *Venezuela's Guide to Election Theft*, Wall St. J. (Nov. 29, 2020), https://archive.ph/OsbMf ("The Chávez regime used an electronic voting system run by a company called Smartmatic.").

Nicolás Maduro.[6]   In one high profile incident—the "Narcosobrinos Affair"—reports linked Khalil to the Maduro family directly, alleging that Nicolás Maduro's nephews used Khalil's airplane in attempt to smuggle 800 kilograms of cocaine into the United States to fund an election campaign for Maduro's wife.[7]

14.     Other reports tie Khalil to additional officials in Venezuela's government and military, like José Vicente Rangel, Tarek William Saab, Francisco Rangel Gómez, and Diosdado Cabello.[8] One Pulitzer prize-winning investigative journalist reported that, after a company owned by Khalil and his brother obtained a multi-million-dollar contract with the Venezuelan Ministry of Defense to export computers from Miami for "military intelligence" purposes, the U.S. government, which was "looking into the … company's activities," suspended his brother's U.S. visa.[9]

15.     Khalil has also been connected by press reports to, among other extra-curriculars, international drug trafficking and terrorism.[10]

---

[6]     Lucas Goyret, *El Jefe de la Delegación de Maduro en México*, Infobae (Aug. 19, 2021), https://archive.ph/MvENg.

[7]     *La Casa Militar Venezolana Custodió el Viaje de la Droga de los Sobrinos de Nicolás Maduro*, Infobae (Nov. 19, 2015), https://archive.ph/XNGST (describing the Narcosobrinos Affair and Khalil's alleged involvement); *United States v. Campo Flores*, No. 1:15-cr-765, 2017 WL 1133430 (S.D.N.Y. Mar. 24, 2017), *aff'd* 945 F.3d 687 (2d Cir. 2019) (describing the conviction of both nephews).

[8]     *Hermanos Khalil Majzoub: ¿Empresarios Surgidos a la Sombra del Chavismo?*, El Tiempo Latino (Oct. 30, 2020), https://archive.ph/dquNC.

[9]     Gerardo Reyes, *In Miami, Venezuela Means Big Money*, Miami Herald (Nov. 22, 2007), 2007 WLNR 23087783; *see also* Carlos Machado, *Narcoburguesía Chavista*, Tribuna de Periodistas (Jan. 25, 2008), https://archive.ph/zyRkO.

[10]    Joseph M. Humire, *The Maduro-Hezbollah Nexus: How Iran-backed Networks Prop Up the Venezuelan Regime*, Atlantic Council (Oct. 7, 2020), https://archive.ph/V15G8 (asserting that

### C.      The 2020 U.S. Presidential Election and Fox News' Coverage

16.      During the 2020 election, the sitting President of the United States and his legal team began alleging in press conferences, public filings, and several other fora that the election had been rife with fraud.

17.      Some of the President's allegations involved the voting technology of Smartmatic and other companies.  Smartmatic is an election technology company that was started in Venezuela but has since provided technology for elections across the globe, from Argentina to Zambia.[11] Over the years, Smartmatic's activities have triggered electoral controversies in Venezuela,[12] the Philippines,[13] and Kenya.[14]   Smartmatic has even prompted investigations by the federal government, both by the Committee on Foreign Investment in the United States (CFIUS)[15] and by the United States Department of Justice.[16]

---

one of Khalil's "close relative[s]" is reportedly under U.S. sanctions for providing "material support to Hezbollah").

[11]   Smartmatic, *Our History*, https://bit.ly/3B0sHoa (last visited Sept. 23, 2022).

[12]   *See, e.g.*, *E-Vote Rigging in Venezuela?*, Wired (Aug. 23, 2004), https://archive.ph/AjMUB; *Venezuelan Election Turnout Figures Manipulated by One Million Votes: Election Company*, Reuters (Aug. 2, 2017), https://reut.rs/3xbDhHH.

[13]   *See, e.g.*, Dan Steinbock, *Smartmatic's Global Controversies: Follow the Money*, Manila Times (Jan. 31, 2022), https://archive.ph/AHR2q.

[14]   *See, e.g.*, Al Vitangcol, *Smartmatic Employees Accused of Hacking Kenya's Election*, Manila Times (Sept. 3, 2022), https://archive.ph/BlbAy.

[15]   *See* Tim Golden, *U.S. Investigates Voting Machines' Venezuela Ties*, N.Y. Times (Oct. 29, 2006), https://archive.ph/q8HGY; Bob Davis, *Smartmatic to Shed U.S. Unit, End Probe Into Venezuela Links*, Wall St. J. (Dec. 22, 2006), https://archive.ph/tc48K.

[16]   *See* Bob Davis & Glenn Simpson, *U.S. Authorities Probe How Smartmatic Won Venezuela Election Pact*, Wall St. J. (Dec. 1, 2006), https://archive.ph/pbsrI; *see also* Ben Smith & Shelby Talcott, *The US Is Investigating Smartmatic Over Allegations of Bribery in the Philippines*, Semafor (Sept. 25, 2022), https://archive.ph/giFag.

18.     The President's claims of fraud and potential misuse of voting technology like Smartmatic's ultimately spawned several lawsuits, as well as investigations by numerous federal and state officials, including the Attorney General.

19.     Unsurprisingly, the controversy surrounding the election was covered by virtually every press outlet in the country and many throughout the world as well.  Fox News, like these other outlets, also covered these allegations.  Some hosts interviewed the President's lawyers and the President himself so that the American people could hear exactly what the claims were and what evidence they had to support them.  Some hosts interviewed experts to get their perspective on whether the claims were likely to succeed.  Some hosts offered their own opinions about the controversy, whether it be to express skepticism of the President's claims based on the evidence they had seen, to express concern that such serious allegations merited serious investigation, or to express hope that the President would be able to prove his claims.

20.     In months of Fox News coverage of the 2020 election, Khalil's name surfaced for only a single day in connection with a single broadcast on December 10, 2020.  During that broadcast, Khalil's name was displayed as part of a graphic for less than two minutes and he was directly mentioned for only four seconds.

**D.     Khalil's Lawsuit and Damages Claim Threatens a Free Press**

21.     To ensure his lawsuit would have far-reaching chilling effects on America's free press, Khalil prayed for $250 million in punitive damages and undisclosed millions of dollars in compensatory damages too.

22.     Khalil's lawsuit strikes at the heart of the First Amendment, which fully protects the right of the press to cover and provide commentary on allegations of election fraud by a sitting President.  And Khalil's effort to hold Fox Corporation—the parent company of Fox News—

responsible for the (alleged) speech of Fox News employees flies in the face of decades of cases rejecting efforts to hold a parent liable for the speech of a subsidiary.  Finally, Khalil's extravagant damages demand—that his less-than-sterling reputation was somehow harmed such that he is entitled to not less than *a quarter billion dollars* in damages—is divorced from reality, rendering this action doubly foreclosed by New York's anti-SLAPP statute.

23.     Recognizing that the very "threat of being put to the defense of a lawsuit may be as chilling to the exercise of First Amendment freedoms as fear of the outcome of the lawsuit itself," *Karaduman v. Newsday, Inc.*, 51 NY2d 531, 545 (1980) (citation omitted), the General Assembly has enacted several protections against baseless efforts to stifle speech "in connection with an issue of public interest."  Civil Rights Law § 76-a(1)(a).

24.     A court must dismiss a complaint covered by the Anti-SLAPP law unless the plaintiff demonstrates that the action has a "substantial basis in law" or "is supported by a substantial argument for an extension, modification or reversal of existing law."   CPLR 3211(g)(1).

25.     Even if a defamation suit survives that threshold inquiry, however, the General Assembly provided the additional protection of entitling the defendant to recovery of fees and costs if a plaintiff "continued" a defamation claim "without a substantial basis in fact and law." Civil Rights Law § 70-a(1)(a).  Thus, to escape fee- and cost-shifting under the Anti-SLAPP statute, a defamation plaintiff not only must plead, but ultimately must prove, that its claims are actually grounded in both law and fact.

26.     As this Court has already concluded, Khalil's complaint challenges speech in a "public forum" "in connection with an issue of public interest."  Civil Rights Law § 76-a(1)(a). Khalil's complaint also challenges "other lawful conduct in furtherance of the exercise of the

constitutional right of free speech in connection with an issue of public interest" under New York's Anti-SLAPP statute. Civil Rights Law § 76-a(1)(a)(2).

**COUNT ONE—N.Y. CIVIL RIGHTS LAW**

27.     Fox Corporation repeats and re-alleges Paragraphs 1-26 as if set forth fully within.

28.     Khalil sued Fox Corporation alleging claims of defamation and disparagement. Plaintiff's lawsuit seeks undisclosed millions of dollars in compensatory damages, $250 million in punitive damages, plus attorneys' fees and costs. The statements Khalil complains about involve a matter of profound public concern: allegations made by the sitting President of the United States of America and his legal team and surrogates in the wake of the 2020 presidential election.

29.     Fox Corporation brings this counterclaim pursuant to the New York Anti-SLAPP statute.

30.     The New York Anti-SLAPP statute imposes strict burdens on persons who sue members of the media for defamation. Khalil's suit against Fox Corporation is an "action involving public petition and participation" under the New York Anti-SLAPP law, Civil Rights Law § 76-a, as the Court has already determined in this case. In addition, Khalil's complaint challenges "other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest" under New York's Anti-SLAPP law. Civil Rights Law § 76-a(1)(a)(2).

31.     The New York Anti-SLAPP law provides that "costs and attorneys' fees shall be recovered upon a demonstration ... that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." Civil Rights Law § 70-a(1)(a).

32.     Khalil commenced and continued this action without a substantial basis in law, and he cannot support this action by substantial argument for the extension, modification, or reversal of existing law.

33.     The lawsuit lacks a substantial basis in law because it challenges speech that is fully protected by the First Amendment and New York law, because the complaint fails to allege (and Khalil will be unable to prove) actual malice, and because there is no legal basis on which to hold Fox Corporation liable for the speech at issue.

34.     Khalil's claims also lack a substantial basis in fact, as he failed to plead any facts showing Fox Corporation bears responsibility for the speech at issue or acted with actual malice, and his damages demand has no basis in reality.

35.     Khalil's litigation tactics, including his facially implausible damages claims, seek to punish Fox Corporation for exercising its constitutional rights, to censor and chill Fox Corporation from such reporting in the future if and when that reporting includes coverage of allegations by public officials or attorneys concerning newsworthy events, and to intimidate Fox Corporation and anyone else who might consider exercising their constitutional rights to cover allegations by public figures.

36.     Fox Corporation is therefore entitled under New York Civil Rights Law § 70-a to recovery of its costs and attorneys' fees incurred in this action.

## PRAYER FOR RELIEF

WHEREFORE, Fox Corporation demands judgment as follows:

a)      An award of Fox Corporation's attorneys' fees and the costs and disbursements of this action; and

b)      Granting such other and further relief as the Court deems just and proper.

Dated: October 31, 2022                    Respectfully Submitted,

                                           /s/ Robert W. Allen
                                           ROBERT W. ALLEN, P.C.
                                           KIRKLAND & ELLIS LLP
                                           601 Lexington Ave.
                                           New York, NY 10022
                                           (212) 446-4800
                                           bob.allen@kirkland.com

                                           K. WINN ALLEN, P.C.
                                           DEVIN S. ANDERSON
                                           ERIN E. CADY
                                           KIRKLAND & ELLIS LLP
                                           1301 Pennsylvania Ave., N.W.
                                           Washington, D.C. 20004
                                           (202) 389-5000
                                           winn.allen@kirkland.com
                                           devin.anderson@kirkland.com
                                           erin.cady@kirkland.com

                                           MARK R. FILIP, P.C.
                                           KIRKLAND & ELLIS LLP
                                           300 North LaSalle
                                           Chicago, IL 60654
                                           (312) 826-2000
                                           mark.filip@kirkland.com

                                           PAUL D. CLEMENT
                                           ERIN E. MURPHY
                                           CLEMENT & MURPHY, PLLC
                                           706 Duke Street
                                           Alexandria, VA 22314
                                           (202) 742-8900
                                           paul.clement@clementmurphy.com
                                           erin.murphy@clementmurphy.com

*Counsel for Defendants Fox Corporation, Fox News Network LLC, and Lou Dobbs*

**CERTIFICATE OF SERVICE**

The foregoing Memorandum in Support of Defendants' Motion to Dismiss was served electronically on all counsel of record in this matter via the Court's ECF system.


_/s/Robert W. Allen_
Robert W. Allen