UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAJED KHALIL,<br><br>                    Plaintiff,<br><br>          v.<br><br>FOX CORPORATION, *et al.*<br><br>                    Defendants. | HON. LOUIS L. STANTON<br><br>Case No. 1:21-cv-10248-LLS<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFF MAJED KHALIL'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS COUNTERCLAIM OF DEFENDANTS FOX CORPORATION,
FOX NEWS NETWORK LLC, AND LOU DOBBS**

BROWN RUDNICK LLP

Sigmund S. Wissner-Gross, Esq.
Chelsea Mullarney, Esq.
Jessica N. Meyers, Esq.
7 Times Square
New York, New York 10036
Tel: (212) 209-4800
swissner-gross@brownrudnick.com
cmullarney@brownrudnick.com
jmeyers@brownrudnick.com

Benjamin G. Chew (*pro hac vice*)
601 Thirteenth Street NW
Washington, D.C. 20005
Tel: (202) 536-1785
bchew@brownrudnick.com

Camille Vasquez (*pro hac vice* pending)
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Tel: (949) 752-7100
cvasquez@brownrudnick.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMNARY STATEMENT ........................................................................................................ 1

BACKGROUND ............................................................................................................................... 1

ARGUMENT .................................................................................................................................... 4

    A.    Legal Standard .................................................................................................................... 5

    B.    Defendants' Counterclaim Fails Because § 70-a Conflicts With Rules 12 and 56 ............ 7

    C.    Defendants' Counterclaim Fails Because the Relief Sought Conflicts with Rule 11 ......... 9

CONCLUSION ................................................................................................................................ 11

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbas v. Foreign Pol'y Grp., LLC*,
    783 F.3d 1328 (D.C. Cir. 2015)...............................................................................................5

*Brady v. NYP Holdings, Inc.*,
    No. 21-cv-3482 (LJL), 2022 WL 992631 (S.D.N.Y. Mar. 31, 2022).................................6, 10

*Carbone v. Cable News Network, Inc.*,
    910 F.3d 1345 (11th Cir. 2018) ................................................................................................6

*Carroll v. Trump*,
    590 F. Supp. 3d 575 (S.D.N.Y. 2022).........................................................................7, 8, 9, 11

*Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*,
    551 F. Supp. 3d 320 (S.D.N.Y. 2021)................................................................................7, 10

*Friedman v. Bloomberg, L.P.*,
    No. 3:15-CV-443 (AWT), 2022 WL 1004578 (D. Conn. Apr. 4, 2022)..................................7

*Ginx, Inc. v. Soho Alliance*,
    720 F. Supp. 2d 342 (S.D.N.Y. 2010).....................................................................................10

*Goldman v. Reddington*,
    No. 18 Civ. 3662 (RPK) (ARL), 2021 WL 4099462 (E.D.N.Y. Sept. 9, 2021).......................8

*Harris v. Am. Acct. Ass'n*,
    No. 20 Civ. 1057, 2021 WL 5505515 (N.D.N.Y. Nov. 24, 2021)............................................8

*Kesner v. Buhl*,
    590 F. Supp. 3d 680 (S.D.N.Y. 2022)............................................................................. passim

*Klocke v. Watson*,
    936 F.3d 240 (5th Cir. 2019) ....................................................................................................6

*La Liberte v. Reid*,
    966 F.3d 79 (2d Cir. 2020).........................................................................................6, 7, 8, 10

*Los Lobos Renewable Power, LLC v. Americulture, Inc.*,
    885 F.3d 659 (10th Cir. 2018) ................................................................................................10

*Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*,
    551 F. Supp. 3d 408 (S.D.N.Y. 2021).........................................................................7, 8, 9, 11

*Palin v. New York Times Co.*,
  482 F. Supp. 3d 208 (S.D.N.Y.), *modified*, 510 F. Supp. 3d 21 (S.D.N.Y. 2020) ........................................................................................................................... 7

*Peter v. Nantkwest, Inc.*,
  140 S.Ct. 365 (2019) .................................................................................................... 5

*Smartmatic USA Corp., et al. v. Fox Corp., et al.*,
  Index No. 151136/2021 (Sup. Ct. N.Y. Cnty.) ............................................................ 2

*Sweigert v. Goodman*,
  No. 18 Civ. 8653 (VEC) (SDA), 2021 WL 1578097 (S.D.N.Y. Apr. 22, 2021) ...... 10

*US Dominion, Inc., et al. v. Fox News Network, LLC*,
  C.A. No. N21C-03-257 EMD (Del. Super. Ct.) .......................................................... 2

*US Dominion, Inc., et al. v. Sidney Powell, et al.*,
  No. 1:21-cv-000040-CJN (D.D.C.) .............................................................................. 2

**Statutes**

N.Y. Civ. Rights Law § 70-a ......................................................................................... *passim*

N.Y. Civ. Rights Law § 70-a(1)(a) ............................................................................................. 5

N.Y. Civ. Rights Law § 76-a ..................................................................................................... 2, 9

Rules Enabling Act ........................................................................................................... 5, 6, 10

**Other Authorities**

CPLR 3212(h) .......................................................................................................................... 8

Fed. R. Civ. P. 11 ................................................................................................................. 6, 10

Fed. R. Civ. P. 12 ............................................................................................................ *passim*

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 9

Fed. R. Civ. P. 16 ................................................................................................................... 10

Fed. R. Civ. P. 56 ............................................................................................................ *passim*

Plaintiff and Counterclaim-Defendant Majed Khalil ("Plaintiff") submits this Memorandum of Law in support of his motion to dismiss the Counterclaim ("Counterclaim" or "CC") of Fox Corporation ("Fox Corp."), Fox News Network LLC ("Fox News" and, with Fox Corp., "Fox"), Lou Dobbs ("Dobbs" and, with Fox, the "Defendants" and each a "Defendant") [ECF Nos. 65-67].

## PRELIMNARY STATEMENT

The Court should reject Defendants' Counterclaim, which improperly seeks to shift attorneys' fees and costs to the Plaintiff under procedural provisions of New York's anti-SLAPP statute. Indeed, the courts in this Circuit have consistently held that the procedural provisions of New York's anti-SLAPP statute run afoul of the Federal Rules of Civil Procedure and are, thus, not applicable in federal courts sitting in diversity, as the Court does here.  Perhaps cognizant of the wealth of Second Circuit authority holding that defamation defendants cannot assert a counterclaim to shift fees under New York's anti-SLAPP statute in federal court and that their Counterclaim is thus untenable, Defendants instead use their Counterclaim as a contrived vehicle to advance legal arguments already rejected by this Court when it denied Defendants' motion to dismiss and to inject false and irrelevant allegations against the Plaintiff into the action, thereby continuing to defame him under the guise of New York law.  Defendants' Counterclaim is, quite simply, factually spurious and legally infirm.  Accordingly, the Court should dismiss the Counterclaim, as a matter of law, with prejudice and without leave to replead.

## BACKGROUND

Plaintiff commenced this action against Defendants by filing his Complaint [ECF No. 1-1] (the "Complaint" or "Compl.") in New York Supreme Court on December 1, 2021.  At that time, three Smartmatic entities also had a defamation case pending against the Defendants (and other individuals) in New York Supreme Court, New York County, which included substantially similar

allegations against the Defendants, including with respect to the December 10, 2020 Lou Dobbs broadcast and related social media postings about the Plaintiff which are the subject of this action (the "Challenged Statements").[1]  Before Plaintiff could serve Defendants with the Complaint, Fox removed this action to the Southern District of New York on December 2, 2021. *See* ECF No. 1.

Defendants thereafter moved to dismiss the Complaint [ECF Nos. 25-27] (the "Motion to Dismiss") on multiple grounds.  *See* ECF No. 26 at 30-36.  The Court denied Defendants' Motion to Dismiss in its entirety by an Opinion and Order dated September 26, 2022 [ECF No. 62] (the "Order").  Specifically, the Court held that Plaintiff had adequately alleged that the Challenged Statements were false statements of fact, rather than "inactionable opinions," and that the Challenged Statements were not protected by the First Amendment or the fair or neutral report privileges. *See* Order at 10-20.[2]  The Court also held that Section 76-a of New York Civil Rights Law (part of New York's anti-SLAPP statute), which applies the "actual malice" standard to any defamation claim based on statements "in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition," applies to Plaintiff's defamation

---

[1] *Smartmatic USA Corp., et al. v. Fox Corp., et al.*, Index No. 151136/2021 (Sup. Ct. N.Y. Cnty.) (the "Smartmatic NY Action").  The Smartmatic NY Action was commenced on February 4, 2021 [NYSCEF Doc. No. 1]. As noted in Plaintiff's opposition to Defendants' Motion to Dismiss, the Challenged Statements were referenced throughout the complaint in the Smartmatic NY Action and in the New York State Court's opinion and order denying defendants' motions to dismiss the Smartmatic NY Action.  *See* ECF No. 42 at 1 n.1.

[2] As the Court is aware, every other court that has addressed defamation claims arising from the Defendants' (and others') statements charging Smartmatic, Dominion and the Plaintiff with participating in a cyberattack to rig the 2020 U.S. Presidential election has similarly rejected arguments that such claims are subject to dismissal on these bases.  *See* ECF No. 42 at 1-3, nn.1-4.  The Smartmatic NY Action and Dominion's defamation suits pending in Delaware and Washington DC are all proceeding to discovery, with Dominion's suit in Delaware scheduled to proceed to trial in April 2023.  *See* Preliminary Conference Order, filed Sept. 9, 2022, Smartmatic NY Action [NYSCEF Doc. No. 1080]; Case Management Order, *US Dominion, Inc., et al. v. Fox News Network, LLC*, C.A. No. N21C-03-257 EMD (Del. Super. Ct. May 3, 2022); Amended Scheduling Order, *US Dominion, Inc., et al. v. Sidney Powell, et al.*, No. 1:21-cv-000040-CJN (D.D.C. Dec. 2, 2022) [ECF No. 72].

2

claims, but that Plaintiff had adequately alleged that Defendants made the Challenged Statements with actual malice. *Id.* at 22-25.[3] In ruling on the Motions to Dismiss, the Court was not asked to, and did not, address the entirely separate legal question presented by Defendants' Counterclaim: whether a different provision of New York's anti-SLAPP statute – New York Civil Rights law § 70-a ("§ 70-a") – can be invoked in federal court.

On October 31, 2022, each Defendant filed an Answer, which each included a near-identical Counterclaim styled as the "Ninth Defense and First Counterclaim Against Plaintiffs."[4] *See* ECF Nos. 65-67.  Defendants each allege in their respective Counterclaim, contrary to the Court's Order denying their Motion to Dismiss, that Plaintiff's claims "lack a substantial basis in law, both because [Defendants'] coverage was fully protected by the First Amendment and New York law, and because [Plaintiff] failed to allege actual malice" and, also, "lack substantial basis in fact."  CC at ¶ 8; *see also id.* at ¶¶ 32-34.  Notwithstanding the Court's Order denying Defendants' Motion to Dismiss and the weight of Second Circuit authority precluding fee shifting under New York's anti-SLAPP statute in federal court, Defendants claim they are entitled to "costs and attorneys' fees under New York's Anti-SLAPP statute, Civil Rights Law § 70-a." *Id.* at ¶¶ 9, 31, 36.[5]

---

[3] The Court rejected Defendants' argument that Plaintiff was a "public figure." *See* Order at 20-22.

[4] Defendants appear to have erroneously stated the Counterclaim was against "Plaintiffs," as there is only one Plaintiff. Furthermore, to the extent Defendants intend the Counterclaim to also operate as a "Defense," Plaintiff maintains that no such defense exists and, in any event, any such defense would be rendered moot by an order dismissing the Counterclaim, as requested herein.  Plaintiff reserves all rights with respect to the purported "Ninth Defense."

[5] The Counterclaim's *ad damnum* clause seeks only "[a]n award of . . . attorneys' fees and costs and disbursements of this action" and "such other and further relief as the Court deems just and proper."

The Counterclaim also regurgitates the same irrelevant and false charges Defendants made against Plaintiff in their Motion to Dismiss regarding his purported "notoriety and connection to Venezuelan officials." *Compare* CC at ¶¶ 12-15 *with* ECF No. 26 at 10-11.  Defendants allege, based on many of the same discredited hearsay "reports" referenced by Defendants in their Motion to Dismiss,  that Plaintiff was somehow linked to the "Narcosobrinos Affair" and other unsavory "extra-curriculars" such a "international drug trafficking and terrorism;" but, none of these false and salacious charges is the subject of Plaintiff's defamation claims against Defendants or, for that matter, related in any way to the Challenged Statements, which falsely claim that Plaintiff participated in a cyberattack to rig the 2020 U.S. Presidential election. *Compare* CC at ¶¶ 12-15 *with* Compl. ¶¶ 129, 142, 154, 166.[6]  In fact, in the Counterclaim, Defendants do not even dispute that the Challenged Statements regarding Plaintiff's alleged involvement in a cyberattack on the 2020 U.S. Presidential election are patently false. These allegations of the Counterclaim are, thus, not only false (and, if not in a pleading, defamatory), but also irrelevant to any defense or relief Defendants purport to have with respect to Plaintiff's defamation claims.

## **ARGUMENT**

The Court should dismiss Defendants' Counterclaim because § 70-a of New York's anti-SLAPP statute conflicts with the Federal Rules of Civil Procedure and is, thus, not applicable in this Court, which sits in diversity over the parties' claims.  Indeed, it was the Defendants who rushed to remove this action from New York state court, where § 70-a would have almost certainly been applicable if the case was not removed to this Court.  Defendants must live with the legal consequences of their own strategic decision.  By removing this action to this Court, Defendants

---

[6] Plaintiff already responded to these false charges in his opposition to Defendants' Motion to Dismiss (ECF No. 42 at 62 n.70) and, given the irrelevancy of these charges to the legal sufficiency of the Counterclaim, will not further indulge them here.

4

chose a forum where the Federal Rules of Civil Procedure apply instead of the procedural provisions of New York's anti-SLAPP statute. Very simply, the burden and fee shifting[7] provisions of Section 70-a of New York's anti-SLAPP statute do not apply in federal court, and as a result, the Counterclaim must be dismissed with prejudice and without leave to replead.

### A. Legal Standard

Relevant here, § 70-a(1)(a) provides that:

A defendant in an action involving public petition and participation . . . may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees from any person who commended or continued such action provided that:

(a) Costs and attorney's fees shall be recovered upon a demonstration, including an adjudication pursuant to subdivision (g) of rule thirty-two hundred eleven or subdivision (h) of rule thirty-two hundred twelve of the [New York] civil practice laws and rules, that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law; . . .

Under the *Erie* doctrine, before applying a state or local anti-SLAPP statute, a federal court sitting in diversity must first determine whether "a Federal Rule of Civil Procedure answers the same question as a state or local anti-SLAPP statute." *See Kesner v. Buhl*, 590 F. Supp. 3d 680, 700 (S.D.N.Y. 2022) (internal quotations and alterations omitted). If the statutes answer the same question, the Federal Rule governs any procedural issues (unless it violates the Rules Enabling Act) and the federal court is prohibited from applying the anti-SLAPP statute in a manner that affords relief beyond or inconsistent with that afforded by the Federal Rules of Civil Procedure. *Id.* (citing *Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015)) ("[T]he

---

[7] It is well-settled that under the American rule that each litigant pays his or her own attorneys' fees, win or lose, unless certain limited exceptions apply that are not present here. *Peter v. Nantkwest, Inc.*, 140 S.Ct. 365, 370 (2019).

federal court cannot apply the anti-SLAPP statute if that statute makes it easier for a defendant to obtain dismissal of a case before trial 'than the more plaintiff-friendly' Federal Rules of Civil Procedure 12 and 56."). It is well-settled that Rules 11, 12 and 56 of the Federal Rules of Civil Procedure comply with the Rules Enabling Act.  *See, e.g.*, *La Liberte v. Reid*, 966 F.3d 79, 88 (2d Cir. 2020) ("*Reid*") ("Like the Eleventh Circuit, '[w]e have little difficulty concluding' that Rules 12 and 56 'comply with the Rules Enabling Act.'") (quoting *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1357 (11th Cir. 2018)); *Brady v. NYP Holdings, Inc.*, No. 21-cv-3482 (LJL), 2022 WL 992631, at *11 (S.D.N.Y. Mar. 31, 2022) ("Defendants do not and cannot argue that Rule 11 violates the Rules Enabling Act.").

It is also well-settled that the procedural aspects many anti-SLAPP statutes, including the New York anti-SLAPP fee shifting provisions at issue here, directly conflict with the Federal Rules of Civil Procedure and, therefore, do not apply in diversity cases.  *See, e.g.*, *Reid*, 966 F.3d at 85 (holding that the provision of California's anti-SLAPP statute which provides for a special motion to strike conflicted with Rule 12 and 56 of the Federal Rules of Civil Procedure and, thus did not apply in federal court); *Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019) (holding that, because the Texas anti-SLAPP statute's "burden shifting framework imposes additional requirements beyond those found in Rules 12 and 56 and answers the same question as those rules, the state law cannot apply in federal court"); *Carbone*, 910 F.3d at 1352  ("Rules 8, 12, and 56 create an affirmative entitlement to avoid pretrial dismissal that would be nullified by the Georgia anti-SLAPP statute if it were applied in federal court."); *Kesner*, 590 F. Supp. 3d at 701 (dismissing counterclaim under § 70-a because "granting relief under § 70-a would require the Court to apply a state procedural standard that conflicts with the Federal Rules of Civil Procedure").

6

### B. Defendants' Counterclaim Fails Because § 70-a Conflicts With Rules 12 and 56

In the case of New York's anti-SLAPP statute, virtually every court that has addressed the issue directly (including three in this District) has held that § 70-a conflicts with the Federal Rules of Civil Procedure 12 and 56 and, thus, cannot apply in federal courts sitting in diversity. *See Carroll v. Trump*, 590 F. Supp. 3d 575, 582-85 (S.D.N.Y. 2022) (denying defendant leave to amend answer to assert counterclaim under New York's anti-SLAPP statute because § 70-a conflicts with Rules 12 and 56 of the Federal Rules of Civil Procedure); *Kesner*, 590 F. Supp. 3d at 701 (dismissing counterclaim brough under § 70-a of New York's anti-SLAPP statute, because the provision conflicts with the standards of Rules 12 and 56 of the Federal Rules of Civil Procedure); *Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 431-32 (S.D.N.Y. 2021) (holding that § 70-a of New York's anti-SLAPP statute is inapplicable in federal court because the law's "substantial basis" standard conflicts with Federal Rules of Civil Procedure 12 and 56); *see also Friedman v. Bloomberg, L.P.,* No. 3:15-CV-443 (AWT), 2022 WL 1004578, at *1 (D. Conn. Apr. 4, 2022) (denying defendant's motion to amend answer and counterclaim, finding "amendment would be futile because New York's anti-SLAPP statute conflicts with the Federal Rules of Civil Procedure").[8]

Judge Caproni's analysis in *National Academy of Television Arts and Sciences*, which applies the Second Circuit's analysis of California's anti-SLAPP statute in *Reid*, is particularly

---

[8] Two courts in this District reserved when presented with the issue of § 70-a's applicability in federal court, with one expressing skepticism that § 70-a applied. *See Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*, 551 F. Supp. 3d 320, 332-33 (S.D.N.Y. 2021) (noting that, in light of the Second Circuit's decision in *Reid*, defendant "may have to address some interesting issues of law before it can collect an anti-SLAPP fee award"); *Palin v. New York Times Co.*, 482 F. Supp. 3d 208 (S.D.N.Y.), *modified*, 510 F. Supp. 3d 21, 25 n.2 (S.D.N.Y. 2020) (noting that defendants did not contend that § 70-a would apply in federal court). The few courts outside this District – in the Northern and Eastern Districts of New York, respectively – that have applied § 70-a in diversity actions, did not consider whether this provision conflicted with the Federal Rules,

instructive and has been adopted favorably by multiple Courts in this District. *Nat'l Acad. Of Television Arts & Scis.*, 551 F. Supp. 3d at 431-32 ("Applying the Second Circuit's reasoning in *Reid*, the Court concludes that the 'substantial basis' standard articulated in New York's anti-SLAPP law similarly conflicts with the standards under Federal Rules of Civil Procedure 12 and 56."); *see Carroll*, 590 F. Supp. 3d at 582-85 (agreeing with analysis in *National Academy of Television Arts & Sciences* that the "substantial basis" standard in § 70-a conflicts with the standards under Federal Rules of Civil Procedure 12 and 56 and finding it "dispositive as to Section 70-a"); *Kesner*, 590 F. Supp. 3d at 701 ("This Court finds Judge Caproni's analysis as to why the § 70-a standard cannot be applied in diversity actions to be well-reasoned and clearly correct, and adopts it here."). In concluding that the "substantial basis" standard articulated in New York's anti-SLAPP statute conflicts with Federal Rules of Civil Procedure 12, Judge Caproni explained:

> [U]nder New York's [anti-SLAPP statute], a motion to dismiss must be granted unless, at the pleading stage, the plaintiff can 'demonstrate[] that the cause of action has a substantial basis in law or is supported by a substantial argument for an extension, modification or reversal of existing law.' CPLR 3211(g).  Under Federal Rule of Civil Procedure 12, however, a plaintiff at the pleadings stage need only allege 'enough facts to state a claim to relief that is plausible on its face.' . . . Put differently, New York's anti-SLAPP law imposes a different, and higher, burden on the plaintiff at the pleading stage than the Federal Rules of Civil Procedure.

*Nat'l Acad. of Television Arts & Scis.*, 551 F. Supp. 3d at 432; *see also Kesner*, 590 F. Supp. 3d at 700 (quoting this analysis).  In *Carroll*, Judge Kaplan explained why this same analysis is "fatal" to the applicability of CPLR 3212(h) through § 70-a:

> [CPLR 3212(h)] provides that a motion under the anti-SLAPP law, as amended, for summary judgment of dismissal in a covered action "shall be granted unless the party

---

or considered the issue only in the context of granting leave to amend pleadings. *See Harris v. Am. Acct. Ass'n*, No. 20 Civ. 1057 (MAD/ATB), 2021 WL 5505515, at *13-14 (N.D.N.Y. Nov. 24, 2021) (applying § 70-a where "Plaintiff d[id] not dispute the applicability"); *Goldman v. Reddington*, No. 18 Civ. 3662 (RPK) (ARL), 2021 WL 4099462, at *4-5 (E.D.N.Y. Sept. 9, 2021) (finding no error where magistrate judge permitted defendant to amend pleadings to include an anti-SLAPP counterclaim).  Such decisions are, thus, plainly distinguishable from the posture and issues presented here.

responding to the motion demonstrates that the action . . . has a substantial basis in fact and law or is supported by a substantial argument for extension, modification or reversal of existing law." It therefore makes summary judgment more readily available in covered actions than would Federal Rule 56, which permits summary judgment of dismissal only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

*Carroll*, 590 F. Supp. 3d at 585. The law in this District is clear: Section 70-a of New York's anti-SLAPP statute is in direct conflict with Federal Rules of Civil Procedure 12 and 56 and, thus, cannot be invoked, by counterclaim or otherwise, to end run these well-established standards.

Here, the Court has already evaluated the legal sufficiency of Plaintiff's defamation claims under the Federal Rules of Civil Procedure and found the Plaintiff adequately stated claims for defamation against Defendants pursuant to the applicable standards of Rule 12(b)(6). Defendants cannot, by their Counterclaim, invoke the heightened procedural standards of New York's anti-SLAPP statute and CPLR to get a second bite at the apple. Pursuant to the well-established law in this District and this Circuit, Defendants' Counterclaim must be dismissed because "granting relief under § 70-a would require the Court to apply a state procedural standard that conflicts with the Federal Rules of Civil Procedure." *Kesner*, 590 F. Supp. 3d at 701 (granting motion to dismiss counterclaim asserted pursuant to § 70-a); *Nat'l Academy of Television Arts & Scis.*, 551 F. Supp. 3d at 432 (same).[9]

### C. Defendants' Counterclaim Fails Because the Relief Sought Conflicts with Rule 11

The Counterclaim is also subject to dismissal because the *only* relief sought by Defendants – an award of costs and attorney's fees pursuant to § 70-a – directly conflicts with Rule 11 of the

---

[9] To be clear, a holding that the *procedural* provisions of New York's anti-SLAPP statute set forth in § 70-a does not apply in federal is entirely consistent with Second Circuit authority, including this Court's Order, holding that the *substantive* aspects of New York's anti-SLAPP statute set forth in § 76-a (*i.e.*, the actual malice standard) are applicable in federal court. *See Kesner*, 590 F. Supp. 3d at 701 ("For the avoidance of doubt, this ruling does not call into question decisions substantively construing the substantive standards of [New York's anti-SLAPP statute], e.g., its

9

Federal Rules of Civil Procedure.  Section 70-a addresses the precise question as Rule 11 of the Federal Rules of Civil Procedure – namely, sanctions for court filings.  *See Brady*, 2022 WL 992631, at *11; *see also Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 673 n.8 (10th Cir. 2018) (noting that "whether New Mexico's anti-SLAPP statute can logically operate alongside the Federal Rules of Civil Procedure without conflict is very much debatable" as Rules 11, 12, 16, and 56 "seem to cover all the bases").  This provision of New York's anti-SLAPP statute, however, "provides for sanctions in a broader range of cases than Rule 11" and employs different "procedural mechanisms" than Rule 11.  *See Brady*, 2022 WL 992631, at *11.  As Defendants cannot, in good faith, argue that Rule 11 violates the Rules Enabling Act, Rule 11, not § 70-a, would govern any application by Defendants for sanctions before this Court.  *See id.* (denying motion for sanctions pursuant to § 70-a, finding this provision of New York's anti-SLAPP statute does not apply in federal court); *see also Ctr. for Med. Progress*, 551 F. Supp. 3d at 333 (expressing skepticism that, after *Reid*, an anti-SLAPP fee award could be granted in federal court under § 70-a); *Ginx, Inc. v. Soho Alliance*, 720 F. Supp. 2d 342, (S.D.N.Y. 2010) (denying motion for sanctions pursuant to § 70-a brought in federal court).  Defendants' Counterclaim is, thus, subject to dismissal for this additional reason that the statutory basis for the relief sought therein is not applicable in this Court.

\* \* \*

Defendants' Counterclaim is incurably infirm – it is based upon state procedural law that cannot be invoked in a federal court sitting in diversity, as this Court does.  It was Defendants'

---

'actual malice' standard."); *see also Reid*, 966 F.3d at 86 n.3 (distinguishing between applicability in federal court of substantive and procedural elements of state anti-SLAPP laws); *Sweigert v. Goodman*, No. 18 Civ. 8653 (VEC) (SDA), 2021 WL 1578097, at *2 (S.D.N.Y. Apr. 22, 2021) (same).

strategic choice to remove this action, which asserted solely state law claims, to federal court. Defendants must live with the legal consequences of this strategic decision, including that no claim under § 70-a of New York's anti-SLAPP statute can be sustained in this Court. Any attempts to replead the Counterclaim would be futile; the Counterclaim should, accordingly, be dismissed with prejudice and without leave to replead. *See Carroll*, 590 F. Supp. 3d at 589 (denying leave to amend answer to assert counterclaim under New York's anti-SLAPP statute because such amendment would be futile); *Nat'l Academy of Television Arts & Scis.*, 551 F. Supp. 3d at 433 n.20 (granting motion to dismiss counterclaim brought pursuant to § 70-a without leave to amend "because amendment would be futile").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court dismiss the Defendants' Counterclaim, with prejudice and without leave to replead.

Dated: December 9, 2022

        **BROWN RUDNICK LLP**

        */s/ Sigmund S. Wissner-Gross*
        Sigmund S. Wissner-Gross, Esq.
        Chelsea Mullarney, Esq.
        Jessica N. Meyers, Esq.
        7 Times Square
        New York, New York 10036
        Tel: (212) 209-4800
        swissner-gross@brownrudnick.com
        cmullarney@brownrudnick.com
        jmeyers@brownrudnick.com

        Benjamin G. Chew, Esq. (*pro hac vice*)
        601 Thirteenth Street NW
        Washington, D.C. 20005
        Tel. (202) 536-1785
        bchew@brownrudnick.com

        Camille Vasquez (*pro hac vice* pending)

2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Tel. (949) 752-7100
cvasquez@brownrudnick.com

*Attorneys for Plaintiff*