ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/16/22

| | |
|---|---|
| MAJED KHALIL, | |
| Plaintiff, | HON. LOUIS L. STANTON |
| v. | CASE NO. 1:21-CV-10248-LLS |
| FOX CORPORATION, *et al.*, | STIPULATED PROTECTIVE ORDER |
| Defendants. | |

This matter having come before the Court by stipulation (the "Stipulation") of Plaintiff Majed Khalil, and Defendants Fox Corporation, Fox News Network, and Lou Dobbs (collectively, the "Parties" and each a "Party") for the entry of a protective order limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information produced by any Party and their respective counsel or by any non-party in the course of discovery in connection with the above-captioned action (the "Action") to the extent set forth below; and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents, testimony, and information that the Parties and, as appropriate, non-parties, agree merit confidential treatment (hereinafter "Materials").

2. As used herein:

(a) "Confidential Information" shall mean Materials, including information contained therein that the Designating Party reasonably and in good faith believes contains or constitutes trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment

of the Designating Party be detrimental to the conduct of the Designating Party's business or the business of any of the Designating Party's customers or clients.

(b) "Highly Confidential - Attorneys' Eyes-Only Information" shall mean Materials that the Designating Party reasonably and in good faith believes contains or constitutes "Confidential Information" that is of such a private, sensitive, competitive or proprietary nature that present disclosure to persons other than those identified in paragraph 6 below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Designating Party. A designation of Materials as Highly Confidential - Attorneys' Eyes-Only Information constitutes a representation that such Materials have been reviewed by an attorney for the Producing Party and that there is a valid basis for such a designation.

(c) "Protected Material" shall mean and include information contained in Materials, including, without limitation, documents, portions of documents, answers to interrogatories, responses to requests for admissions, discovery responses and disclosures provided pursuant to the Federal Rules of Civil Procedure, trial testimony, deposition testimony, transcripts of testimony, motions, affidavits, declarations, briefs, and data summaries, and compilations derived therefrom that is designated as either Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

(d) "Producing Party" shall mean a Party or any non-party that produces Materials in connection with this Action.

(e) "Designating Party" shall mean a Party or any non-party designating Protected Material.

(f) "Receiving Party" shall mean a Party or any non-party receiving Materials in connection with this Action, including Protected Materials.

2

Case 1:21-cv-10248-LLS   Document 79   Filed 12/15/22   Page 3 of 15

3.  Any Party or, as appropriate, non-party, may designate Materials disclosed in connection with this Action as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

(a) When designating documents, the Designating Party shall include the appropriate confidentiality marking on each page that contains Confidential or Highly Confidential – Attorneys' Eyes Only Information. If a document is produced in native format or it is otherwise not feasible to mark each page of the document, the Designating Party may notify counsel for the Receiving Party of the applicable confidentiality designation in a separate writing which identifies the document by production number or by including the applicable confidentiality designation in the document's file name.

(b) When designating a deposition or proceeding or portion thereof, the Designating Party shall make such designation on the record whenever possible, but may designate portions of a deposition or proceeding after transcription of the deposition or proceeding. The Designating Party will have thirty (30) days after receipt of the final transcript to inform the Receiving Parties of the portions of the transcript designated as Confidential or Highly Confidential – Attorneys' Eyes Only. Originals and copies of designated transcripts shall thereafter bear the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only, as appropriate.

(c) In the event a Designating Party elects to produce Materials for inspection, no markings need be made by the Designating Party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be treated as Confidential Information pursuant to the terms of this Stipulation. Thereafter, upon selection of specified Materials for copying by the inspecting Party, the Designating Party must, within a reasonable time prior to producing those Materials to the inspecting Party, mark the copies of those

Materials that contain Confidential Information or Highly Confidential – Attorneys' Eyes Only Information with the appropriate confidentiality marking.

(d) The Designating Party must take care to limit any confidentiality designations to specific parts of the Materials that qualify as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. To the extent it is practical to do so, the Designating Party must designate for protection only those parts that qualify so that other parts of the Materials for which protection is not warranted are not swept within the ambit of this Stipulation.

4. The Receiving Party may, at any time, notify the Designating Party that the Receiving Party does not concur in the designation of specific Materials as Confidential Information or Highly Confidential - Attorneys' Eyes-Only Information. If the Producing Party does not agree to declassify such Materials within fourteen (14) days of the written request, the Receiving Party may move before the Court for an order declassifying those Materials. If no such motion is filed, such Materials shall continue to be treated as Protected Material. If such motion is filed, the Materials shall be treated as Protected Material unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Designating Party bears the burden of establishing the propriety of its designation of Materials as Protected Material.

5. Except with the prior written consent of the Designating Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

 (a) personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

4

(b) counsel for the Parties to this Action and their associated attorneys (including in-house and outside counsel), paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this Action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses, investigators, consultants, or professional vendors ("Litigation Professionals") retained by the Parties or their counsel to furnish technical or expert services in connection with this Action or to give testimony with respect to the subject matter of this action at the trial of this Action or other proceeding therein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 hereof;

(d) the Court and court personnel;

(e) Any mediation or settlement officer, and their supporting personnel;

(f) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(g) trial and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraphs 10 and 11, respectively, hereof;

(h) jury consultants and mock jurors, if any, and

(i) any other person agreed to by the Producing Party.

6. Except with the prior written consent of the Producing Party or by Order of the Court, Highly-Confidential – Attorneys' Eyes Only Information shall not be furnished, shown, or disclosed to any person or entity except those identified in paragraph 5(b)-5(i).

5

7. Protected Material shall be utilized by the Receiving Party and its counsel only for purposes of litigating this Action and for no other purposes.

8. Before any disclosure of Protected Material is made to a Litigation Professional pursuant to paragraph 5(c), counsel for the Receiving Party making such disclosure shall provide to the Litigation Professional a copy of this Stipulation and obtain the Litigation Professional's written agreement, in the form of Exhibit A attached hereto (the "Certificate"), to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the Certificate shall maintain a copy of the Certificate and promptly supply the Certificate upon the request of any Party or Designating Party.

9. Unless otherwise designated during the deposition, all depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the Parties. A Party or non-party that believes the deposition contains Protected Material shall be responsible for notifying the Receiving Parties of any such designation within the aforementioned thirty (30) day period.

10. Should the need arise for any Receiving Party to disclose Protected Material during any hearing or trial before the Court, including through argument or the presentation of evidence, such Receiving Party shall work in good faith with the Designating Party, to take the steps necessary to preserve the confidentiality of such Protected Material. For the avoidance of doubt, no Protected Material may be disclosed publicly during a hearing or trial before this Court unless the disclosure is made pursuant to and consistent with a Court order or the Designating Party has consented to the disclosure. However, if necessary for argument or the presentation of evidence, Protected Material may be disclosed to the Court during such a trial or hearing without a prior Court order or consent of the Designating Party.

6

11. During a deposition or court testimony in this Action, counsel for any Party may disclose Protected Material to: the author, recipient, or custodian of the Protected Material or any other person who had authorized access to the Protected Material in the course of his or her employment duties; and to any witness and his or her counsel to whom disclosure is reasonably necessary, provided that the witness executes the Certificate referenced in paragraph 8 of this Stipulation prior to being shown the Protected Material. Counsel for the Party obtaining the Certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Designating Party. In the event that, upon being presented with a copy of the Stipulation and Certificate, a witness refuses to execute the agreement to be bound by this Stipulation, the Court shall, upon application, enter an order directing the witness's compliance with the Stipulation.

12. A Party may designate as Protected Material subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as Protected Material at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the Designating Party. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as Protected Material at any time up to thirty (30) days after the transcript is received by counsel for the Designating Party. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Material shall be treated as Confidential Information.

13. Filing of Protected Material:

(a) A Party or, as appropriate, non-party, who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which

7

have previously been designated as comprising or containing Protected Material or (ii) any pleading, brief or memorandum which reproduces, paraphrases or discloses Protected Material shall initially file the document, pleading, brief, or memorandum on the ECF system with the Protected Material redacted or with a "Request to Seal" designation on ECF, until the Court renders a decision on any motion to seal (the "Redacted Filing"). It is the responsibility of the Designating Party seeking to seal the Redacted Filing to make a timely motion to seal in accordance with the procedures that govern the filing of sealed documents on the ECF system.

(b)  In the event that a Party's or non-party's filing includes Protected Material produced by a Designating Party that is a non-party, the filing Party shall so notify that Designating Party within twenty four (24) hours after the Redacted Filing by providing the Designating Party with a copy of the Redacted Filing as well as a version of the filing with the relevant Designating Party's Protected Material unredacted.

(c)  If the motion to seal is granted, the moving Party or non-party shall ensure that all documents (or, if directed by the court, portions of documents) that are the subject of the order to seal are filed in accordance with the procedures that govern the filing of sealed documents on the ECF system. If the motion to seal is denied, then the Party or non-party making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version, or have the "Request to Seal" designation removed.

(d)  Any Party filing a Redacted Filing in accordance with the procedure set forth in this paragraph 13 shall, contemporaneously with or prior to making the Redacted Filing, provide the other Parties and the Court with a complete and unredacted version of the filing.

(e) All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any Protected Material shall identify such Protected Material with specificity, meaning that documents are identified by production number and testimony is identified by the transcript page and line numbers.

14. Any person receiving Protected Material shall not reveal to or discuss such information with any person not entitled to receive such information under the terms of this Stipulation and shall use reasonable measures to store and maintain the Protected Material so as to prevent unauthorized disclosure.

15. Any Material that may contain Protected Material that has been inadvertently produced without the appropriate designation, may be so designated by the Party or non-party seeking confidential treatment of the Material by written notice to the counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

16. Extracts and summaries of Protected Material shall also be treated with the same level of confidentiality as the Protected Material from which it was derived.

17. Except as provided in this paragraph, following a Producing Party's production or disclosure of Protected Material, the inadvertent failure to designate particular Materials as Protected Material at the time of production or disclosure shall not operate to waive the Producing Party's right to later designate such Materials as "Confidential" or "Highly Confidential - Attorney's Eyes Only Information," provided that, at the time of making the later designation, the Producing Party provides the Receiving Party with a replacement copy of the Protected Materials that are properly marked as Confidential Information or Highly Confidential - Attorney's Eyes-Only Information in accordance with paragraph 3 of this Stipulation. No Receiving Party shall be deemed to have violated this Stipulation if, prior to notification of any later designation, such

9

Materials had been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, the relevant Materials shall be treated as Protected Material in accordance with this Stipulation; provided, however, that if the Materials that were inadvertently not designated are, at the time of the later designation, filed with a court on the public record, the Producing Party that failed to make the designation shall move for appropriate relief. If an inadvertently omitted confidentiality designation is first claimed on the record during the course of a deposition, hearing, or other court proceeding, the subject Materials may be used throughout the deposition, hearing, or proceeding but should be treated as though the claimed designation had been made at the time of disclosure.

18. This Stipulation is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any provisions thereof by a properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

19. This Stipulation shall continue to be binding after the conclusion of this litigation except that: there shall be no restriction on documents that are used as exhibits in Court, unless such exhibits were filed under seal; and a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the parties, continue to be binding after the conclusion of this Action.

20. Nothing herein shall be deemed to waive any privilege, attorney work-product protection, or immunity recognized by law or constitute an admission as to the admissibility into evidence of any facts or documents revealed in the course of disclosure.

    (a) If, in connection with this Action, information subject to a claim of privilege, attorney work-product protection, or immunity is disclosed ("Disclosed

Privileged Information"), pursuant to Federal Rule of Evidence 502(d), the disclosure of the Disclosed Privileged Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or attorney work-product protection, in this Action or any other federal or state proceeding, that a Producing Party would otherwise be entitled to assert with respect to the Disclosed Privileged Information and its subject matter.

(b) If Disclosed Privileged Information is disclosed, a Producing Party may assert, in writing, the privilege, attorney work-product protection, or immunity with respect to the Disclosed Privileged Information. The Receiving Party shall, within seven (7) days of receipt of that writing, sequester, protect against being further disclosed, and then return or destroy all copies of the Disclosed Privileged Information and provide to the Producing Party claiming the privilege, attorney work-product protection, or immunity a certification of counsel that all such Disclosed Privileged Information has been sequestered and returned or destroyed.

(c) Within ten (10) days of having received the certification that such Disclosed Privileged Information has been sequestered, protected against any further disclosure, and then returned or destroyed, the Producing Party claiming privilege, attorney work-product protection, or immunity shall produce a privilege log with respect to the Disclosed Privileged information in accordance with Local Civil Rule 26.2.

(d) The Receiving Party may move the Court for an order compelling production of the Disclosed Privileged Information (a "Privilege Motion"). The Privilege Motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

(e) The Party claiming a privilege, attorney work-product protection, or immunity retains the burden of establishing the privileged or protected nature of any

Disclosed Privileged Information. Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the Disclosed Privileged Information. Documents that are produced that contain Disclosed Privileged Information shall be immediately returned if the documents appear privileged on their face. All copies of the Disclosed Privileged Information shall be returned or destroyed by the Receiving Party.

21. Within sixty (60) days after the final termination of this Action by settlement or exhaustion of all appeals, all Protected Material produced and all reproductions thereof shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Receiving Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

22. If a Receiving Party is called upon to produce Protected Material in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Protected Material is sought shall (a) give written notice by email to the counsel for the Designating Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Designating Party ten (10) business days to object

to the production of such Protected Material if the Designating Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

23. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to this Stipulation to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

24. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

Dated: December 15, 2022

By: /s/ Robert W. Allen
ROBERT W. ALLEN, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Ave.
New York, NY 10022
(212) 446-4800
bob.allen@kirkland.com

K. WINN ALLEN, P.C.
DEVIN S. ANDERSON
ERIN E. CADY
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 389-5000
winn.allen@kirkland.com
devin.anderson@kirkland.com
erin.cady@kirkland.com

MARK R. FILIP, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 826-2000
mark.filip@kirkland.com

PAUL D. CLEMENT
ERIN E. MURPHY
CLEMENT & MURPHY, PLLC

By: /s/ Sigmund S. Wissner-Gross
SIGMUND S. WISSNER-GROSS
CHELSEA MULLARNEY
JESSICA N. MEYERS
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
(212) 209-4800
swissnergross@brownrudnick.com
cmullarney@brownrudnick.com
jmeyers@brownrudnick.com

BENJAMIN G. CHEW (*pro hac vice*)
BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, D.C. 20005
(202) 536-1785
bchew@brownrudnick.com

CAMILLE VASQUEZ (*pro hac vice* pending)
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
(949) 752-7100
cvasquez@brownrudnick.com

*Counsel for Plaintiff Majed Khalil*

13

706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com
erin.murphy@clementmurphy.com

*Counsel for Defendants Fox Corporation, Fox News Network LLC, and Lou Dobbs*

**SO ORDERED:**

*/s/ Louis L. Stanton*
U.S.D.J.

Dated: Dec. 16, 2022

14

# EXHIBIT "A"

| | |
|---|---|
| MAJED KHALIL,<br><br>       Plaintiffs,<br><br>   v.<br><br>FOX CORPORATION, *et al.*,<br><br>       Defendants. | HON. LOUIS L. STANTON<br><br>CASE NO. 1:21-CV-10248-LLS |

I, _____, state that:

1. My address is _____.

2. My present occupation or job description is _____.

3. I have received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled action on _____.

4. I have carefully read and understand the provisions of the Stipulation.

5. I will comply with all of the provisions of the Stipulation.

6. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Protected Material that is disclosed to me.

7. I will return all Protected Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Protected Material.

8. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____

Signature: _____