```
MCG1KHAC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MAJED KHALIL,

                Plaintiff,

        v.                              21 Civ. 10248 (LLS)

FOX CORPORATION, et al.,

                Defendants.             Conference
------------------------------x
                                        New York, N.Y.
                                        December 16, 2022
                                        12:13 p.m.

Before:

                  HON. LOUIS L. STANTON,

                                        District Judge

                       APPEARANCES

BROWN RUDNICK LLP
     Attorneys for Plaintiff
BY:  SIGMUND S. WISSNER-GROSS, ESQ.
     JESSICA MEYERS, ESQ.

KIRKLAND & ELLIS LLP
     Attorneys for Defendants
BY:  K. WINN ALLEN, ESQ.
     ERIN E. CADY, ESQ.
     DEVIN ANDERSON, ESQ.
     ROBERT W. ALLEN, ESQ.
```

MCG1KHAC

1                    (Case called)
2              THE COURT:  Please be seated.
3              Who goes first?
4              MR. WISSNER-GROSS:  Good day, your Honor.  Mr. Sigmund
5     Wissner-Gross with my colleague Jessica Meyers, from Brown
6     Rudnick.  And your Honor, if it would be easier, I'm happy to
7     go to the podium to answer any questions.
8              THE COURT:  I think maybe that works a little
9     better --
10             MR. WISSNER-GROSS:  Thank you very much.
11             THE COURT:  -- mainly because you have to bend over so
12    far to get to the mic here.
13             MR. WISSNER-GROSS:  Is this a bit better, your Honor?
14             THE COURT:  Yes.
15             MR. WISSNER-GROSS:  First, we represent the plaintiff.
16             THE COURT:  That will work better.
17             MR. WISSNER-GROSS:  But I did want to say, it's good
18    to see you again.  The last time I was before you, I was a bit
19    younger.  I guess we all were.  It was 30 years ago, your
20    Honor.  I had the pleasure of having one of my first commercial
21    cases before you, at the other building.  So it's good to be
22    back to see you again.
23             THE COURT:  What was the case?
24             MR. WISSNER-GROSS:  You know, I was thinking about it.
25    It was my former firm.  It was a smaller commercial case.  But

1     you had us argue -- it was a motion, and you had us sit on
2     either side of you in chambers, listening to each side.  I
3     think I got the better of the argument on that day.  But it was
4     a very good experience, and I think fondly of it, your Honor.
5          Anyway, we're here today representing the plaintiffs.
6     I don't know how you'd like to proceed, your Honor -- this is
7     an initial status conference -- whether you'd like the
8     introduction of opposing counsel first.
9          THE COURT:  I think the way to proceed is for each of
10    you in sequence to tell me whatever you want me to know in
11    addition to your submissions so far with respect to the
12    scheduling order.  That's really what we're here for.  But if
13    you have anything else on your agenda that you'd like to do,
14    this is the time to be doing it.
15         MR. WISSNER-GROSS:  Very good, your Honor.
16         We have been able to successfully work out a schedule
17    with defendants' counsel, and we've submitted a proposed
18    stipulated scheduling order that's agreeable to both sides.  I
19    don't think there is any issue in that regard, your Honor.
20         In addition, we have been able to negotiate
21    successfully a proposed protective order that will govern in
22    this case, and I believe that's been submitted to the docket as
23    well.  So I think we're in good shape in terms of moving
24    forward with the case.  I think --
25         THE COURT:  I just signed it.

MR. WISSNER-GROSS:  Very good.  Thank you, your Honor.

From the plaintiff's perspective, I think there's probably only one issue to put on your radar screen, and that is that I'm fully anticipating that there is going to be a material difference of viewpoint on the scope of some discovery issues, such as document discovery.  As your Honor may recall from the papers we submitted, this is one of several related cases involving the 2020 election, and in particular there are three related cases -- two other related cases involving Fox, a set of cases in Delaware Superior Court, one of which is scheduled to go to trial I believe in April; and a related case before Justice Cohen by Smartmatic in New York Supreme Court.  Our understanding from the dockets in those cases, and in particular in Delaware, is that there has been a substantial amount of document production and deposition discovery taken in the Delaware case in particular that is in all likelihood duplicative of many of the issues we're very interested in.  So it's not an issue to adjudicate today, but we are very interested in trying to get access to that discovery, which we think will minimize substantially the amount of discovery that the plaintiff will need to take.  We haven't yet served the discovery requests, but our sense is that there may be a difference of opinion with defendants as to how broad our access to that discovery should be.  So I'm anticipating that Magistrate Wang, who I believe is assigned the case -- that

1    it's probably going to be fertile ground for us to get before
2    the magistrate.  To me, that's the only issue I see of any
3    significance today is to alert your Honor that I anticipate
4    that in the early stages of discovery, that will be the most
5    significant issue.  And I'm assuming, unless your Honor
6    suggests otherwise, since she has been assigned as a magistrate
7    judge to the case, that we should be taking discovery disputes
8    of that nature to her.
9              Other than that, your Honor, unless you have any
10   questions, I think I'll rest on our submission.
11             (Discussion off the record)
12             THE COURT:  And you're in favor of submitting the
13   discovery issues to the magistrate judge.
14             MR. WISSNER-GROSS:  Yes, your Honor, we'd be fine with
15   that.
16             THE COURT:  I will be that magistrate judge.  I
17   understand about discovery.  And if I think there are questions
18   that should be referred to the magistrate for any valid reason,
19   I'll let you know.
20             MR. WISSNER-GROSS:  Very good, your Honor.  With that,
21   that's --
22             THE COURT:  I learn a lot about the case dealing with
23   discovery matters.
24             MR. WISSNER-GROSS:  Your Honor, unless you have any
25   other questions, there's nothing further, at least from the

1  plaintiff's perspective.  We obviously reserve if there are any
2  issues raised by defendants' counsel that warrant a response.
3            THE COURT:  Okay.  Thank you.
4            Mr. Allen?
5            MR. WINN ALLEN:  Thank you.  Good afternoon, your
6  Honor.  Winn Allen from Kirkland & Ellis on behalf of the
7  defendants.  It's a pleasure to be before you this afternoon.
8  I did want to let you know that I'm joined at counsel table by
9  Erin Cady, Devin Anderson, and Bob Allen, also from Kirkland &
10 Ellis, all of whom are working on this case with me, and I
11 expect who, at the appropriate times and from time to time,
12 will be presenting argument to your Honor on various issues.
13           As plaintiff's counsel noted, we have reached
14 agreement on a case schedule; we've reached agreement on an ESI
15 order and a protective order; we've been able to work
16 cooperatively with plaintiff's counsel today, and I'm hopeful
17 that will continue.
18           THE COURT:  I've signed both of those letter
19 agreements, and I will, as soon as you're through, be going
20 over your proposed scheduling order with you.  I have some
21 minor points.
22           MR. WINN ALLEN:  Absolutely.  We're happy to discuss
23 those.
24           But other than that, your Honor, I don't have anything
25 specific to raise with your Honor.  If your Honor has questions

on the case schedule, my colleague, Ms. Cady, is prepared to address those.

THE COURT:  Then let's turn to the proposed scheduling order.  I must say, first, I regard it as a very good, well-thought-out and wholly professional stipulation and congratulate you on the amount of thought and clarity and reasonableness that's gone into its preparation.

My points I think come down to two.  The first is a cluster on page 3 of dates for something marked Summary Judgment.  And they have the effect of inserting a series of I guess two months in one case, one-month periods in the schedule to allow for the making and decision of a motion for summary judgment.  And I'm deleting those because, wide present practice to the contrary notwithstanding, a motion for summary judgment is not a normal and functional part of every litigation.  On the contrary, it's regarded as an exceptional remedy to be invoked only in cases in which there is no genuine dispute about any material fact, and that may be the case here and may well not be the case here, and we won't know about that until later, when the discovery period has been completed.  So I don't make provision for it in my scheduling orders because I regard it not as routine but as a displacement of the normal procedure, which is taking a case to trial, and that that is where its issues are disposed of.  Then if it turns out that there is a real ground for making a summary judgment motion,

MCG1KHAC

then we arrest the procedure of the normal schedule and deal with the summary judgment order, but not as a matter of routine.  So I take out those three entries on page 3, and that has the function, I think, of speeding up the items which follow it -- the proposed findings, the materials required by my pretrial procedures, and those dates then change from August 9, '24, to April 9, '24; from September 13, '24, to May 13, '24; from October 14, '24, to June 14, '24; and from 11/15 to July 15.  It simply moves them forward and gives a schedule for the preparation and trial of the case without regard to whether it is diverted by a summary judgment motion.  It doesn't mean we can't do it if it's proper, but it means we don't assume that that is going to be the proper way as compared to trial.  And I'm perfectly willing to hear your objections to that, but I doubt that I'll agree with them.

     MR. WISSNER-GROSS:  Your Honor, from the plaintiff's perspective, we have no objection.  That's fine.

     MS. CADY:  Good afternoon, your Honor.  Erin Cady from Kirkland & Ellis on behalf of the Fox defendants.

     We understand and respect your Honor's decision on this point.  We just ask that we can reserve our ability to bring this up again to you at the appropriate time and raise the issue of summary judgment briefing once discovery is closed.

     THE COURT:  You don't have to reserve the right.  It's

1    granted to you by the Federal Rules of Civil Procedure.
2         MS. CADY:  Even better.  Thank you, your Honor.
3         THE COURT:  I don't actually have the authority to
4    deprive you of the ability to make the motion, but certainly,
5    if it arises at a proper time, whenever it arises is a proper
6    time for you to bring it to my attention.
7         MS. CADY:  Understood, your Honor.  Thank you.
8         THE COURT:  I think a natural time will be when
9    factual discovery is completed, but it may also be when you are
10   thinking of drafting the joint pretrial order, which has a
11   provision for agreed facts and then the asserted facts by each
12   side and the responses by the other side, and in considering
13   that, you may well think that it's worth conceding a fact in
14   order to avoid a summary judgment motion, or preserving a
15   dispute on the facts in order to get a trial.  That is a
16   legitimate strategic consideration at that point.
17        MS. CADY:  Understood, your Honor.  Thank you.
18        THE COURT:  In any event, I'll take these dates out
19   and insert the new dates, and we'll cross the summary judgment
20   bridge when and if we get to it.
21        MS. CADY:  Sounds good.  Thank you.
22        THE COURT:  My other point was -- and this is one I
23   want to confess I have some doubt about.  My impulse was to
24   strike the language on page 4 in the bullet under Section 2
25   that says, "including, without limitation, Rupert Murdoch and

1   Laughlin Murdoch."  That would leave that phrase simply "one or
2   more Fox Corporation officers, executives, or employees
3   identified through discovery," which to my mind adequately
4   covers the field.  This additional language is I think inserted
5   to highlight the reservation of the concerned issue about those
6   two witnesses and may be done for public relations purposes.  I
7   have no idea.  But in a way it seems to me odd in a scheduling
8   order to make separate mention of individual witnesses not
9   required to be mentioned at this point.
10           MS. CADY:  Your Honor, the language that you're
11  referring to on page 4 in Section 2 was in the section reserved
12  for plaintiffs, so I'm happy to let my friends on the other
13  side address that.  But certainly from the defense perspective,
14  your Honor, we're in agreement with you and we're happy to have
15  that language that you read stricken.
16           THE COURT:  Okay.  Mr. Wissner?
17           MR. WISSNER-GROSS:  Your Honor, we're fine to have the
18  limitation and for that bullet such that it ends at the
19  language "identified through discovery."  I would just note
20  that this also may fall into the same category as what I
21  referred to earlier.  These individuals may have been deposed
22  already.  I don't know for a fact, but they may have been
23  deposed in the Delaware case, and if we're able -- again, it's
24  not an issue for today.  If we're able to get transcripts of
25  depositions, it may circumvent what we're looking for and

1  identify the witnesses that we need more easily.  But just as
2  my friends on the defense side, as long as we're, obviously,
3  able to reserve all rights and see how discovery unfolds, your
4  Honor's suggestion is very practical and we have no objection
5  to it.
6        THE COURT:  Your mention of the other two cases is
7  timely, and I think it invites my making clear my view that
8  this case shall be tried on its own merits and prepared on its
9  own merits, and the references to the other very similar
10 litigations pending before other judges in other courts should
11 be kept to only a useful minimum.  Of course if a witness has
12 testified at length about a matter in a deposition in a case so
13 similar, common sense would say, don't put him or her through
14 it twice, use the testimony already given, and that can be
15 freely done in preparation, and at trial.  And just the
16 argument of economy would allow that.  That kind of thing I
17 regard as barely worth notice.  Beyond that, the ruling of a
18 court in so similar a case may be informative and instructive
19 and persuasive, but it is to be viewed simply as that.  And the
20 ruling on the matter that arises in this case will be made by
21 me.  So that's my policy towards the use of the material in the
22 other cases.  It has no binding effect.  It may be useful and
23 in that case should be used, or may be persuasive and in that
24 case a similar result should follow here.
25        MR. WISSNER-GROSS:  Thank you, your Honor.  That's

MCG1KHAC

1  very helpful.
2          Unless you have any further questions of me, I'll cede
3  the podium back to the other side.  If your Honor has any
4  further questions on scheduling issues.
5          THE COURT:  You've got the podium for whatever you
6  want to do with it.
7          MR. WINN ALLEN:  Your Honor, we have nothing further.
8          THE COURT:  Have a good Christmas, New Year's, and
9  I'll sign this with these changes.  It's a nice piece of work.
10 Well done.
11         ALL COUNSEL:  Thank you, your Honor.
12                              o0o