UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAJED KHALIL,

          Plaintiff,

    v.

FOX CORPORATION, *et al.*

          Defendants.

HON. LOUIS L. STANTON

Case No. 1:21-cv-10248-LLS

**PLAINTIFF MAJED KHALIL'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM OF DEFENDANTS FOX CORPORATION, FOX NEWS NETWORK LLC, AND LOU DOBBS**

BROWN RUDNICK LLP

Sigmund S. Wissner-Gross, Esq.
Chelsea Mullarney, Esq.
Jessica N. Meyers, Esq.
7 Times Square
New York, New York 10036
Tel: (212) 209-4800
swissner-gross@brownrudnick.com
cmullarney@brownrudnick.com
jmeyers@brownrudnick.com

Benjamin G. Chew (*pro hac vice*)
601 Thirteenth Street NW
Washington, D.C. 20005
Tel: (202) 536-1785
bchew@brownrudnick.com

Camille Vasquez (*pro hac vice*)
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Tel: (949) 752-7100
cvasquez@brownrudnick.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

REPLY .................................................................................................................................. 1

I.       Prevailing Authority in this District Requires Dismissal of the Counterclaim .................... 2

II.      The Authorities Cited by Defendants Do Not Direct a Different Result ............................ 4

         A.      The Authorities Applying New York's Anti-SLAPP Statute Cited by Defendants
                 are Inapposite ........................................................................................................ 4

         B.      Authorities Applying Statutes Other Than New York's Anti-SLAPP Statute are
                 Irrelevant ............................................................................................................... 5

CONCLUSION .................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbas v. Foreign Policy Grp., Inc.*,
   783 F.3d 1328 (D.C. Cir. 2015)................................................................................................8

*Adelson v. Harris*,
   774 F.3d 803 (2d Cir. 2014)................................................................................................6, 7

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,
   421 U.S. 240 (1974)..............................................................................................................5, 6

*Brady v. NYP Holdings, Inc.*,
   No. 21-cv-3482, 2022 WL 992631 (S.D.N.Y. Mar. 31, 2022)....................................................7

*Carbone v. Cable News Networks, Inc.*,
   910 F.3d 1345 (11th Cir. 2018) .............................................................................................8

*Carroll v. Trump*,
   590 F. Supp. 3d 575 (S.D.N.Y. 2022)..................................................................................2, 3

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991)................................................................................................................5, 6

*Cohen v. Beneficial Indus. Loan Corp.*,
   337 U.S. 541 (1941)...............................................................................................................6

*CoreCivic Inc. v. Cadide Grp. LLC*,
   No. C-20-03792, 2021 WL 1267259 (N.D. Cal. Apr. 6, 2021)................................................8

*Cotton v. Slone*,
   4 F.3d 176 (2d Cir. 1993) .......................................................................................................6

*Egiazaryan v. Zalmayev*,
   No. 11 Civ. 2670, 2013 WL 6486258 (S.D.N.Y. Dec. 11, 2013)...............................................5

*Godin v. Schencks*,
   629 F.3d 79 (1st Cir. 2010).....................................................................................................8

*Goldman v. Reddington*,
   No. 18-cv-3662, 2021 WL 4099462 (E.D.N.Y. Sept. 9, 2021) .................................................4

*Harris v. American Account. Assoc.*,
   No. 5:20-CV-01057, 2021 WL 5505515 (N.D.N.Y. Nov. 24, 2021)....................................4, 5

*Kesner v. Buhl*,
    590 F. Supp. 3d 680 (S.D.N.Y. 2022)...................................................................2, 3, 4, 8

*Klocke v. Watson*,
    936 F.3d 240 (5th Cir. 2019) ...............................................................................8

*La Liberte v. Reid*,
    966 F.3d 79 (2d Cir. 2020)...................................................................................8

*Nat'l Academy of Television Arts & Sciences Inc. v. Multimedia Sys. Design*,
    551 F. Supp. 3d 408 (S.D.N.Y. 2021)...................................................................2, 3

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
    190 F.3d 963 (9th Cir. 1999) ...............................................................................8

*Woods Servs., Inc v. Disability Advocates, Inc.*,
    342 F. Supp. 3d 592 (E.D. Pa. 2018) ...................................................................5

**Statutes**

N.Y. Civ. Rights Law § 70-a ............................................................................ *passim*

N.Y. Civ. Rights Law § 76-a .....................................................................................4

Nev. Rev. Stat. § 41.670 ...........................................................................................7

**Other Authorities**

CPLR § 3211(g)....................................................................................................2, 3

CPLR § 3212(h).........................................................................................................2

Fed. R. Civ. P. 11......................................................................................................7

Fed. R. Civ. P. 12......................................................................................................2

Fed. R. Civ. P. 56......................................................................................................2

## REPLY

In their *Response Memorandum in Opposition to Plaintiff's Motion to Dismiss Fox Defendants' Counterclaim* [ECF No. 87] (the "Opposition" or "Opp."), Defendants[1] fail to meaningfully engage with the substantive issues raised by Plaintiff's Motion.

First, Defendants' Opposition rehashes the same irrelevant contentions that appear in the Counterclaim: Defendants *again* argue that the Challenged Statements are protected by the First Amendment (Opp. at 1, 4-5), despite this Court's ruling to the contrary (Order at 10-20); and Defendants *again* regurgitate false and salacious charges against the Plaintiff that are entirely unrelated to the Challenged Statements that are the subject of Plaintiff's defamation claims against Defendants (Opp. at 5; *see* MOL at 4). Neither of these issues have any bearing whatsoever on the narrow legal question raised by Plaintiff's Motion, namely, whether Defendants can maintain their Counterclaim under § 70-a of New York's anti-SLAPP statute in this Court.

Second, Defendants provide a lengthy recitation of the evolution of New York's anti-SLAPP statute (Opp. at 2-4) and then, curiously, rely primarily on case law that does not even address New York's anti-SLAPP statute in its current form (*see id.* at 8-15). Tellingly, Defendants *do not meaningfully address any of the authority emanating from this District* holding that § 70-a of New York's anti-SLAPP statute is not applicable in a federal court sitting in diversity or offer any controlling authority to the contrary. *See id.* at 15. That's because *every court in this District* that has addressed the precise question raised by Plaintiff's Motion has correctly held that a

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in *Plaintiff Majed Khalil's Memorandum of Law in Support of Motion to Dismiss Counterclaim of Defendants Fox Corporation, Fox News Network LLC, and Lou Dobbs* [ECF No. 76] ("MOL"). Plaintiff's motion to dismiss the Counterclaim [ECF No. 75-76] shall be referred to herein as the "Motion."

counterclaim for attorney's fees under § 70-a cannot be maintained in a federal court sitting in diversity because § 70-a conflicts with the Federal Rules of Civil Procedure. *See* MOL at 7-10.

Plaintiff's Motion raises a simple legal issue which is already well-settled in this District: Defendants cannot maintain a Counterclaim under § 70-a in this Court. Defendants can provide no rebuttal, only misdirection. Accordingly, the Court should dismiss Defendants' Counterclaim with prejudice and without leave to replead.

## I.        Prevailing Authority in this District Requires Dismissal of the Counterclaim

As set forth in Plaintiff's Motion, virtually every court in this District and Circuit that has addressed the issue squarely has held that § 70-a conflicts with the Federal Rules of Civil Procedure and, thus, *cannot* apply in federal courts sitting in diversity. *See* MOL at 7 (collecting cases). Defendants attempt to distinguish these well-reasoned decisions by incorrectly asserting that they stand only for the proposition that the special procedures of CPLR §§ 3211(g) and 3212(h) "do not trump Rules 12 and 56," and they are not attempting to invoke CPLR §§ 3211(g) or 3212(h). Opp. at 15. Defendants then conclusively assert – without *any* supporting authority – that, to the extent these authorities do stand for the proposition that a counterclaim brought pursuant to § 70-a cannot be maintained in federal court, "their analysis makes no sense." *Id.* at 15, n.6. To the contrary, it is Defendants' argument that "makes no sense."

The authorities Plaintiff cites in support of his Motion do not merely hold that Rules 12 and 56 govern over CPLR §§ 3211(g) and 3212(h). They hold that the *"substantial basis" standard* embedded in § 70-a conflicts with the Federal Rules of Civil Procedure and, thus, cannot apply in federal court. *See Kesner v. Buhl*, 590 F. Supp. 3d 680, 700-01 (S.D.N.Y. 2022) (holding that § 70-a cannot apply in federal court because the "substantial basis" standard embedded in the provision is more demanding than the standard set forth in Rules 12 and 56); *Carroll v. Trump*, 590 F. Supp. 3d 575, 585 (S.D.N.Y. 2022) (same); *Nat'l Academy of Television Arts & Sciences*

*Inc. v. Multimedia Sys. Design*, 551 F. Supp. 3d 408, 431 (S.D.N.Y. 2021) (same). In each of these cases, the court held that a counterclaim brought under § 70-a, like Defendants' Counterclaim, could not be sustained in federal court because of this direct conflict. *See Kesner*, 590 F. Supp. 3d at 701 (dismissing counterclaim based on § 70-a); *Carroll*, 590 F. Supp. 3d at 582-85 (denying defendant leave to amend answer to assert a counterclaim under § 70-a); *Nat'l Academy*, 551 F. Supp. 3d at 432 (dismissing counterclaim based on § 70-a).

In *Kesner*, the court dismissed defendant's counterclaim under § 70-a after considering and rejecting precisely the same argument Defendants make here. In *Kesner*, the defendant argued that § 70-a can be squared with the Federal Rules of Civil Procedure because it only "includes" CPLR § 3211(g), which the court need not apply. *Kesner*, 590 F. Supp. 3d at 701. The court found this argument "unpersuasive." Specifically, the court held:

> Even assuming that § 70-a gave a federal court the latitude whether to apply New State procedural laws such as CPLR § 3211(g), the statute itself *would still embed a less plaintiff-friendly standard* than Rule 12(b)(6) (and Rule 56). Its requirement that a claim lacking "a substantial basis in fact and law" be dismissed is distinct from – and more demanding than – the Rule 12(b)(6) standard, which requires a plaintiff only to "state a claim to relief that is plausible on its face."

*Id.* (emphasis added). The court in *Kesner*, thus, dismissed the counterclaim asserted under § 70-a because "granting relief under § 70-a would require the Court to apply a state procedural standard that conflicts with the Federal Rules of Civil Procedure." *Id.*

Here, Defendants concede that this Court would have to apply the "substantial basis" standard in order to grant relief on their Counterclaim. Defendants argue that, to sustain their Counterclaim, "[t]he Court would simply have asked whether the Fox Defendants plausibly alleged that Khalil 'commenced or continued' his suit *'without a substantial basis in fact and law.'"* Opp. at 12 (emphasis added). Therein lies the problem. Satisfaction of the "substantial basis" standard, which has been held to conflict with the Federal Rules of Civil Procedure by

multiple courts in this District, is a prerequisite to any relief available pursuant to § 70-a. *See Kesner*, 590 F. Supp. 3d at 701. Relief under § 70-a is, accordingly, unavailable in this Court.

## II. The Authorities Cited by Defendants Do Not Suggest a Different Result

### A. *The Authorities Applying New York's Anti-SLAPP Statute Cited by Defendants are Inapposite*

Defendants claim the analysis in *Goldman v. Reddington* supports their argument that the Counterclaim does not run afoul of the Federal Rules (Opp. at 9-10, 12), but that is not what *Goldman* actually holds. The issue before the court in *Goldman* was whether the defendant could *amend her pleadings* to assert a counterclaim and affirmative defense under §§ 70-a and 76-a.[2] *See Goldman v. Reddington*, No. 18-cv-3662, 2021 WL 4099462, at *1 (E.D.N.Y. Sept. 9, 2021). The court, accordingly, did not evaluate, as the Court must here, whether a counterclaim under § 70-a is a claim upon which relief can be granted by a federal court sitting in diversity. In fact, the court in *Goldman* expressly declined to address whether § 70-a conflict with the Federal Rules of Civil Procedure. *See id.* at *5 (finding no error in "declining to decide at the motion-to-amend stage whether New York's special summary-judgment procedures for anti-SLAPP claims conflict with Rule 56"). Simply put, the issue raised by Plaintiff's Motion was not squarely before the court in *Goldman* and so, the court did not address it. The holding in *Goldman* is, thus, not apposite to the issue before this Court.

The same is true of the other authorities applying New York's anti-SLAPP statute cited by Defendants. *See* Opp. at 9, 12-13. In *Harris*, the plaintiff did not dispute the applicability of §§ 70-a and 76-a, so the court was not invited to, and did *not*, analyze whether § 70-a conflicts with

---

[2]   Plaintiff does not dispute that the substantive aspects of New York's anti-SLAPP statute set forth in § 76-a (the actual malice standard) can be invoked in federal court and, thus, serve as a basis for an affirmative defense. *See* MOL at 9 n.9.

the Federal Rules of Civil Procedure. *Harris v. American Account. Assoc.*, No. 5:20-CV-01057, 2021 WL 5505515, at *13-15 (N.D.N.Y. Nov. 24, 2021). *Woods* and *Egiazaryan* both concerned the applicability of the pre-2020 version of New York's anti-SLAPP statute and, in both cases, the issue of whether the prior version of New York's anti-SLAPP statute conflicted with the Federal Rules does not appear to have been raised or addressed by the court. *See Woods Servs., Inc v. Disability Advocates, Inc.*, 342 F. Supp. 3d 592, 608-10 (E.D. Pa. 2018); *Egiazaryan v. Zalmayev*, No. 11 Civ. 2670, 2013 WL 6486258, at *8-15 (S.D.N.Y. Dec. 11, 2013).

### B.     Authorities Applying Statutes Other Than New York's Anti-SLAPP Statute are Irrelevant

Because Defendants cannot identify any authority directly holding that a counterclaim under § 70-a can be maintained in federal court, they resort to authorities analyzing other statutes. *See generally* Opp. at 8-14. These authorities, however, have no bearing on the discrete legal issue raised by Plaintiff's Motion: whether Defendants' Counterclaim seeking relief under § 70-a can survive in this Court.

In a desperate attempt to cobble together a contrived argument to save their Counterclaim from certain dismissal, Defendants cite various federal authorities assessing whether certain fee-shifting principles apply in federal courts sitting in diversity. *See* Opp. at 8-10, 13. As a preliminary and obvious matter, *none* of these authorities concerns the application of § 70-a of New York's anti-SLAPP statute, so these authorities are irrelevant to the issue raised by Plaintiff's Motion, namely whether *§ 70-a* can apply in this Court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (assessing whether a federal court sitting in diversity can use its inherent power to assess attorney fees as a sanction for bad faith conduct where applicable state law does not recognize a bad-faith exception to the American rule against fee shifting); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1974) (considering whether a "private attorney general"

exception to the general rule barring recovery of attorney fees applied); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1941) (addressing New Jersey statute providing a minority shareholder bringing a derivative suit post security for expenses incurred by the corporation "in whose right such action is brought"); *Cotton v. Slone*, 4 F.3d 176 (2d Cir. 1993) (applying a Connecticut statute providing for the award of attorney's fees to a prevailing plaintiff in a securities action). Moreover, *none* of these authorities involves an award of attorneys' fees to a prevailing defendant pursuant to a state statute (which is, essentially, the relief Defendants seek by their Counterclaim). *See Chambers*, 501 U.S. at 51-54 (holding that federal courts sitting in diversity can use their *inherent power* to assess attorneys' fees as a sanction for bad-faith conduct where the applicable state law does not recognize a bad-faith exception to the general rule against fee shifting); *Alyeska*, 421 U.S. at 270-71 (declining to recognize an exception to the "American Rule" against fee-shifting);[3] *Cohen*, 337 U.S. at 555 (holding that a federal court sitting in diversity may require a minority shareholder initiating a derivative action *to post security* for the corporation's expenses pursuant to a state statute); *Cotton*, 4 F.3d at 180-81 (remanding case to district court to assess fees prevailing securities plaintiff is entitled to pursuant to Connecticut statute). In short, the language Defendants cherry-picked from these authorities do not create a viable Counterclaim under § 70-a.

Defendants then resort to a Second Circuit case applying *Nevada's* anti-SLAPP statute. Defendants contend that the Second Circuit's application of a provision of *Nevada's* anti-SLAPP statute in *Adelson v. Harris*, 774 F.3d 803 (2d Cir. 2014) is "far more relevant" than the decisions from *this District* applying *§ 70-a of New York's anti-SLAPP statute. See* Opp. at 9-13, n.3.

---

[3]   The language Defendants rely upon from *Alyeska* is mere *dicta*, resigned to a footnote. *See* Opp. at 9, 13 (citing *Alyeska*, 421 U.S. at 259 n.31).

Defendants even go so far as to assert that, in *Adelson*, the "Second Circuit has squarely held that federal courts *must* apply similar provisions of Nevada's anti-SLAPP statute." Opp. at 13-14 (emphasis added) (citing *Adelson*, 774 F.3d at 809). As a threshold matter, the Second Circuit did *not* hold that its decision on the applicability of Nevada's anti-SLAPP statute "must" be applied to "similar" anti-SLAPP statute provisions. *See Adelson*, 774 F.3d at 809 (addressing "the question of whether *Nevada's* anti-SLAPP provisions apply in federal proceedings" (emphasis added)). The Second Circuit's holding in *Adelson* is limited to the applicability of Nevada's anti-SLAPP statute, and Nevada's alone.[4]

Moreover, Defendants' curious contention that *Adelson* should control here is based on the flawed premise that Nevada's anti-SLAPP statue is so "similar" to New York's that authority applying the former can be transposed to the latter. But, New York's and Nevada's anti-SLAPP statutes are *not* so similar. While both New York's and Nevada's anti-SLAPP statutes provide for a separate cause of action, Nevada's anti-SLAPP statute does not prescribe a particular standard for maintaining such an action. *See* Nev. Rev. Stat. § 41.670. Thus, this provision of Nevada's anti-SLAPP statute can coexist with the Federal Rules of Civil Procedure. By contrast, the

---

4  Defendants' only response to *Brady*, cited in Plaintiff's Motion (MOL at 10) is to assert that *Brady* somehow "contravenes *Adelson*" and "did not even involve an anti-SLAPP counterclaim." Opp. at 14 n.5 (citing *Brady v. NYP Holdings, Inc.*, No. 21-cv-3482, 2022 WL 992631 (S.D.N.Y. Mar. 31, 2022)). Again, the analysis of *Nevada's* anti-SLAPP statute in *Adelson* is not relevant, let alone controlling, with respect to *New York's* anti-SLAPP statute, addressed in *Brady*, so *Brady* cannot "contravene[] *Adelson*." While it is true that *Brady* did not involve an "anti-SLAPP counterclaim," *Brady* did involve a prevailing defamation defendant seeking an award of attorney's fees pursuant to § 70-a of New York's anti-SLAPP statute. *See Brady*, 2022 WL 992631, at *11. The holding in *Brady* – that defendant was not entitled to an award of attorney's fees because § 70-a is in conflict with Rule 11 and, thus, does not apply in federal court – is consistent with the authorities from this District holding that § 70-a conflicts with the Federal Rules (*see* Section I, *supra*), and far more relevant to the issue before this Court than *Adelson*'s holding with respect to Nevada's anti-SLAPP statute.

"substantial basis" standard, which is in direct conflict with the Federal Rules, is embedded within

§ 70-a of New York's anti-SLAPP statute. *See* N.Y. Civ. Rights Law § 70-a(1)(a) (premising

recovery on a demonstration that action "was commenced or continued *without a substantial basis*

*in fact and law* and could not be supported by a substantial argument for the extension,

modification, or reversal of existing law" (emphasis added)). Accordingly, unlike the supposedly

"similar" provision of Nevada's anti-SLAPP statute, "granting relief under § 70-a would require

the Court to apply a state procedural standard that conflicts with the Federal Rules of Civil

Procedure." *See Kesner*, 590 F. Supp. 3d at 701.

Defendants' reliance on authorities interpreting *other state's unique anti-SLAPP statutes*

is, likewise, pure misdirection and of no moment. *See* Opp. at 11 n.3 (citing *Godin v. Schencks*,

629 F.3d 79 (1st Cir. 2010) (applying Maine law); *United States ex rel. Newsham v. Lockheed*

*Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999) (applying California law)), 14 (citing

*CoreCivic Inc. v. Cadide Grp. LLC*, No. C-20-03792, 2021 WL 1267259, at *6 (N.D. Cal. Apr. 6,

2021) (applying California's anti-SLAPP statute)).[5] Defendants claim that these authorities "have

---

[5]   Indeed, Defendants concede as much elsewhere in their Opposition, arguing that the Circuit Court decisions applying the anti-SLAPP statutes of California, Texas, Georgia, and D.C. are "largely irrelevant" to the inquiry before this Court. *See* Opp. at 10-11. To be clear, Plaintiff maintains that the reasoning in *La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020), *Klocke v. Watson*, 936 F.3d 240 (5th Cir. 2019), *Carbone v. Cable News Networks, Inc.*, 910 F.3d 1345 (11th Cir. 2018), and *Abbas v. Foreign Policy Grp., Inc.*, 783 F.3d 1328 (D.C. Cir. 2015) (cited in MOL at 5-6) *is relevant* to the inquiry before this Court because the Circuit Courts found that the anti-SLAPP statutes at issue in those cases imposed requirements or hurdles for a plaintiff to maintain a defamation claim beyond those provided in the Federal Rules – which is what the courts in this District have found with respect to the "substantial basis" standard in § 70-a. Indeed, the Second Circuit's analysis in *Reid* is cited favorably by the Courts in this District that have held that the "substantial basis" standard in § 70-a conflicts with the Federal Rules. *See* MOL at 7-8. The relevance of the authorities identified by Defendants, on the other hand, is unclear, as Defendants fail to explain what provisions of the Maine and California anti-SLAPP statutes were at issue, how (if at all) such provisions are similar to § 70-a, or the reasoning or basis for the courts' holdings. *See* Opp. at 11 n.3, 14.

8

parted ways with those decisions" that have found a conflict between state anti-SLAPP statutes and the Federal Rules. Opp. at 11 n.3. But, it is not a "parting of ways" to find that a provision of one anti-SLAPP statute conflicts with the Federal Rules, while a different provision of a different anti-SLAPP statue does not. Plaintiff "nowhere acknowledges" the authorities identified by Defendants (*id.*) because authorities applying Maine and California law have no apparent relevance to the inquiry before this Court (*see* n.5, *supra*) – namely, whether *§ 70-a of New York's anti-SLAPP statute* conflicts with the Federal Rules of Civil Procedure. As set forth in Section I, *supra*, every court that has squarely addressed the question before this Court on Plaintiff's Motion has held that § 70-a conflicts with the Federal Rules of Civil Procedure and, thus, cannot apply in a federal court sitting in diversity.

## CONCLUSION

For the reasons set forth herein and in Plaintiff's Motion, Plaintiff respectfully requests that the Court grant Plaintiff's Motion and dismiss the Counterclaim with prejudice and without leave to replead.

Dated: February 3, 2023

**BROWN RUDNICK LLP**

*/s/ Sigmund S. Wissner-Gross*
Sigmund S. Wissner-Gross, Esq.
Chelsea Mullarney, Esq.
Jessica N. Meyers, Esq.
7 Times Square
New York, New York 10036
Tel: (212) 209-4800
swissner-gross@brownrudnick.com
cmullarney@brownrudnick.com
jmeyers@brownrudnick.com

Benjamin G. Chew, Esq. (*pro hac vice*)

9

601 Thirteenth Street NW
Washington, D.C. 20005
Tel. (202) 536-1785
bchew@brownrudnick.com

Camille Vasquez (*pro hac vice*)
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Tel. (949) 752-7100
cvasquez@brownrudnick.com

*Attorneys for Plaintiff*